UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil No.: 1:18-cv-932

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> COVIL CORPORATION; SENTRY CASUALTY COMPANY; UNITED STATES FIDELITY AND GUARANTY COMPANY; TIG INSURANCE COMPANY, as successor in interest to Fairmont Specialty Insurance Company, f/k/a Ranger Insurance Company; HARTFORD ACCIDENT AND INDEMNITY COMPANY; ANN FINCH, as Executrix of the Estate of Franklin Delenor Finch, DARRELL A. CONNOR, as Executrix of the Estate of Charles Franklin Connor; ROBERT A. MULLINAX, as Executor of the Estate of Jack Junior Waugh; ROBERT JOSEPH ELLIS; and SHARON WHITEHEAD, as Executrix of the Estate of James T. Whitehead; <br><br> Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF** |

Plaintiff, Zurich American Insurance Company, as successor by merger to Maryland Casualty Company and Northern Insurance Company of New York, by counsel, for its Complaint for Declaratory Judgment and other relief against Defendants Covil Corporation, Sentry Casualty Company, United States Fidelity and Guaranty Company, TIG Insurance Company, Hartford Accident and Indemnity Company, Ann Finch, as Executrix of the Estate of Franklin Delenor Finch, Darrell A. Connor, as Executrix of the Estate of Charles Franklin Connor, Robert A. Mullinax, as Executor of the Estate of Jack Junior Waugh, Robert Joseph Ellis, and Sharon Whitehead, as Executrix of the Estate of James T. Whitehead.

# THE PARTIES

1. Zurich American Insurance Company ("Zurich") is a corporation organized under the laws of the State of New York with its principal place of business located in the State of Illinois. Zurich is the successor by merger to Maryland Casualty Company and Northern Insurance Company of New York.

2. Upon information and belief, Covil Corporation ("Covil") was at all times material hereto a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in the State of South Carolina.

3. Upon information and belief, Sentry Casualty Company ("Sentry") is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business in the State of Wisconsin.

4. Upon information and belief, United States Fidelity and Guaranty Company ("USF&G") is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in the State of Connecticut.

5. Upon information and belief, TIG Insurance Company ("TIG") is the successor in interest to Fairmont Specialty Insurance Company, formerly known as Ranger Insurance Company. TIG is a corporation organized and existing under the laws of the State of California with a principal place of business in the State of New Hampshire.

6. Upon information and belief, Hartford Accident and Indemnity Company ("Hartford") is a corporation organized and existing under the laws of the State of Connecticut with a principal place of business in the State of Connecticut.

7. Upon information and belief, Ann Finch, the Executrix of the Estate of Franklin Delenor Finch, is a citizen and resident of the State of North Carolina.

8. Upon information and belief, Darrell A. Connor, the Executrix of the Estate of Charles Franklin Connor, is a citizen and resident of the State of North Carolina.

9. Upon information and belief, Robert A. Mullinax, the Executor of the Estate of Jack Junior Waugh, is a citizen and resident of the State of North Carolina.

10. Upon information and belief, Robert Joseph Ellis is a citizen and resident of the State of North Carolina.

11. Upon information and belief, Sharon Whitehead, the Executrix of the Estate of James T. Whitehead, is a citizen and resident of the State of North Carolina.

## JURISDICTION AND VENUE

12. This is a declaratory judgment action with jurisdiction based upon 28 U.S.C. § 2201 and diversity of citizenship under 28 U.S.C. § 1332, where the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs and is between citizens of different states.

13. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) by virtue of the fact that a substantial part of the events giving rise to the claims took place in this District.

## THE ALLEGED INSURANCE POLICIES

14. This declaratory judgment action pertains to an actual controversy over potential insurance coverage under a series of commercial general liability insurance policies (policy nos. 41-190897 and 41-206393) allegedly issued by Zurich, or its predecessors, to Covil for the policy periods of March 31, 1970 to March 31, 1973 and March 31, 1973 to March 31, 1976 (collectively, the "Alleged Zurich Primary Policies").

15. A copy of all policy materials known to Zurich relating to policy no. 41-190897 are attached as Exhibit A.

3

Case 1:18-cv-00932-CCE-LPA   Document 1   Filed 11/06/18   Page 3 of 12

16. Zurich, after performing an exhaustive search of policy documents relating to the Alleged Zurich Primary Policies, was able to identify only the policy materials attached hereto as Exhibit A.

17. Supplemental policy exemplars which Zurich is informed and believes are consistent with the coverage afforded under policy no. 41-190897 are also included in Exhibit A.

18. Though no policy documentation is available with regard to policy no. 41-206393, and without waiving any obligation of Covil to prove the existence, terms, and conditions of said policy, Zurich is informed and believes that, said policy would have contained the same terms and conditions applicable to policy no. 41-190897, with the exception of certain increased limits of liability under policy no. 41-206393.

19. Additionally, this declaratory judgment action pertains to an actual controversy over potential insurance under a series of alleged umbrella policies (policy nos. 48-001080, 48-010333, and 48-019572) allegedly issued by Zurich to Covil for the policy periods of March 31, 1970 to March 31, 1971, March 31, 1971 to March 31, 1972, March 31, 1972 to March 31, 1973, and March 31, 1973 to March 31, 1974 (collectively, the "Alleged Zurich Umbrella Policies").

20. A copy of all policy materials known and available to Zurich relating to policy no. 48-010333 are attached as Exhibit B.

21. Zurich, after performing an exhaustive search of policy documents relating to the Alleged Zurich Umbrella Policies, was able to identify only the policy materials attached hereto as Exhibit B.

22. By commencing this action, Zurich does not waive any requirement that Covil prove the existence, terms, and conditions of the Alleged Zurich Primary Policies and/or the Alleged Zurich Umbrella Policies.

4

23. Upon information and belief, Sentry issued a policy or policies of primary commercial general liability insurance to Covil effective from at least March 31, 1964 to March 31, 1970.

24. Upon information and belief, USF&G issued a policy of primary commercial general liability insurance to Covil effective from at least March 31, 1976 to March 31, 1978.

25. Upon information and belief, Ranger Insurance Company, of which TIG is the current successor-in-interest, issued a policy of excess liability insurance to Covil effective at least from March 31, 1976 to February 15, 1977.

26. Upon information and belief, Hartford issued policies of commercial general liability insurance to Covil effective from at least March 31, 1978.

## THE UNDERLYING ACTIONS

27. Covil was named as a defendant in a lawsuit filed in the United States District Court for the Middle District of North Carolina, entitled "*ANN FINCH, Individually, and as Executrix of the Estate of Franklin Delenor Finch, Plaintiff, vs. BASF CATALYSTS LLC, individually and as successor-in-interest to EASTERN MAGNESIA TALC CO. and ENGELHARD, PITA REALTY LTD; COVIL CORPORATION; FOSTER WHEELER ENERGY CORPORATION; MCNEIL (OHIO) CORPORATION, INC.; MCNEIL & NRM, INC.; PFIZER, INC.; CBS CORPORATION f/k/a Viacom Inc. (sued as successor-by-merger to CBS Corporation f/k/a Westinghouse Electric Corporation) and also as successor-in-interest to BF Sturtevant; FMC CORPORATION, Individually and as successor in interest to Stearns Brakes; RED SEAL ELECTRIC COMPANY; and REXNORD INDUSTRIES, LLC MCNEIL (OHIO) CORPORATION, INC.; MCNEIL & NRM, INC.; PFIZER, INC.; CBS CORPORATION f/k/a Viacom Inc. (sued as successor-by-merger to CBS Corporation f/k/a Westinghouse Electric Corporation) and also as successor-in-interest to BF Sturtevant; FMC CORPORATION,*

*Individually and as successor in interest to Stearns Brakes; RED SEAL ELECTRIC COMPANY; and REXNORD INDUSTRIES, LLC", file number 1:16-cv-01077 (the "Finch Suit").*

28. On October 19, 2018, a judgment in the amount of $32.7 million, plus $5,633,358.89 in pre-judgment interest, was entered against Covil in the *Finch* Suit. This judgment in the *Finch* Suit remains subject to post-judgment motions and is not yet final as the date of commencement of this action.

29. Covil also has been named as a defendant in other underlying lawsuits pending in the U.S. District Court for the Middle and Western Districts of North Carolina. Copies of the case captions for each of said underlying lawsuits are attached as Exhibit C.

30. In addition, Covil has been named as a defendant in other underlying lawsuits pending in courts in states other than North Carolina.

31. The aforementioned underlying lawsuits pending in the U.S. District Court for the Middle District of North Carolina, the U.S. District Court for the Western District of North Carolina, and in other courts outside of North Carolina are hereinafter collectively referred to as the "Underlying Actions".

32. Zurich asks the Court to judicially declare the limits of its insurance coverage in connection with the *Finch* Suit and the other Underlying Actions under the Alleged Zurich Primary Policies and, more specifically, that its limits of liability under the policies are $300,000 for policy no. 41-190897 and $500,000 for policy no. 41-206393.

33. Zurich asks the Court further to judicially declare that, upon payment of the aforementioned policy limits, Zurich is relieved of any further obligation to defend or indemnify Covil under the Alleged Zurich Primary Policies in the *Finch* Suit and the other Underlying Actions against Covil.

34. Zurich asks the Court to apportion those amounts owed by Zurich under the Alleged Zurich Primary Policies, *pro rata,* based on its comparative time on the risk.

35. Zurich asks the Court to determine whether payments must be issued under the Alleged Zurich Umbrella Policies and, specifically, to declare that coverage available under said policies is only available after complete exhaustion of all underlying policies affording coverage to Covil in the *Finch* Suit and the other Underlying Actions against Covil.

36. Zurich further asks the Court to determine whether the non-cumulation provision of the Alleged Zurich Umbrella Policies applies to limit the maximum recovery under all Alleged Zurich Umbrella Policies to a single indemnity limit.

## COUNT I

37. On October 19, 2018, judgment was entered against Covil in the *Finch* Suit in the amount of $32.7 million plus $5,633,358.89 in pre-judgment interest. That judgment remains subject to post-judgment motions and is not yet final.

38. The *Finch* Suit alleged wrongful death relating to plaintiff Franklin Delenor Finch's exposure to asbestos due to a Covil product first beginning on December 15, 1975, during the Alleged Zurich Primary Policy with a policy period effective between March 31, 1973 to March 31, 1976, and continuing thereafter beyond any period of coverage afforded by Zurich.

39. Plaintiffs contended and the jury found that Covil was responsible for plaintiff Franklin Delenor Finch's exposure to asbestos and a subsequent diagnosis of mesothelioma.

40. With regard to the aforementioned non-final judgment in the *Finch* Suit, Zurich seeks a declaration from the Court as to the amount of required indemnity payments under policy nos. 41-206393 and policy no. 41-190897 and, specifically, that Zurich is obligated only to pay its *pro rata* share of said judgment based on its corresponding time on the risk up to its $250,000 limit of liability under only policy no. 41-206393.

41. Pursuant to form MLB-21, "Amendment of Limits of Liability Coverage C – Bodily Injury and Property Damage liability," the bodily injury limits of liability under policy no. 41-206393 are as follows from March 31, 1973 to March 31, 1974: (a) $100,000 each person; (b) $500,000 each occurrence; (c) $500,000 aggregate. Per person limits were increased for a period from March 31, 1974 to March 31, 1976 to $250,000, the other limits remained the same for the policy.

42. To the extent the aforementioned judgment in *Finch* stands, Zurich is prepared to pay the full $250,000 limits, consistent with its obligations under policy no. 41-206393 referenced above.

43. Other Underlying Actions potentially implicate the aforementioned Alleged Zurich Primary Policies Pursuant to form MLB-21, "Amendment of Limits of Liability Coverage C – Bodily Injury and Property Damage liability," the bodily injury limits of liability under policy No. 41-190897 are as follows: (a) $100,000 each person; (b) $300,000 each occurrence; (c) $300,000 aggregate.

44. Pursuant to Section 2. of Form MLB-21, coverage for bodily injury is limited as follows:

> The limit of bodily injury liability stated in the amended Declarations as applicable to "each person" is the limit of the company's liability for all damages because of bodily injury sustained by one person as the result of any one occurrence but subject to the above provisions respecting "each person", the total liability of the Company for all damages because of bodily injury sustained by two or more persons as the result of any one occurrence shall not exceed the limit of bodily injury liability stated in the amended Declarations as applicable to "each occurrence". For all damages because of (1) all bodily injury included within the completed operations hazard and (2) all bodily injury included within the products hazard shall not exceed the limits of bodily injury stated in the amended Declarations as "aggregate".

* * * * *

> Bodily Injury and Property Damage Liability – for the purpose of determining the limit of the Company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

45. The judgment in the *Finch* Suit constitutes damages because of bodily injury. Accordingly, based on a plain reading of Form MLB-21, the conduct complained of qualifies as that to one person and any award resulting from the same is thus limited to $250,000 under alleged policy no. 41-206393.

46. Based on a plain reading of Form MLB-21, the judgment in the *Finch* Suit – though not yet final – exceeds the per person limit of coverage of $250,000 under alleged policy no. 41-206393.

47. Upon payment of $250,000 toward the judgment in the *Finch* Suit, once final, Zurich will have exhausted its applicable limit for that case under alleged policy no. 41-206393.

48. Upon payment of $250,000 toward the judgment in the *Finch* Suit, once final, Zurich will have fulfilled its contractual obligations to Covil under policy no. 41-206393, and Zurich should, therefore, be relieved of any further duty to defend or indemnify Covil under said policy in connection with the *Finch* Suit.

49. However, the other Underlying Actions pending against Covil potentially implicate alleged policy no. 41-206393, which is subject to an aggregate limit of $500,000. Zurich seeks declaratory relief as to the proper distribution of its remaining indemnity limits of alleged policy no. 41-206393 in light of the other pending Underlying Actions.

## COUNT II

50. With regard to the Underlying Actions, Zurich, Sentry, and USF&G have provided for the defense of Covil in equal shares based on their equal obligations to Covil as their insured.

9

51. With regard to the aforementioned non-final judgment in the *Finch* Suit, Zurich seeks a declaration from the Court as to the amount of required indemnity payments under policy nos. 41-206393 and policy no. 41-190897 and, specifically, that Zurich is obligated only to pay its *pro rata* share of said judgment based on its corresponding time on the risk up to its $250,000 limit of liability under policy no. 41-206393 only.

## COUNT III

52. Zurich, after performing an exhaustive search of policy documents relating to Covil, was able to identify only the policy materials attached hereto as Exhibit B as they relate to the Alleged Zurich Umbrella policies.

53. Exhibit B is the only evidence available of umbrella coverage Zurich provided to Covil.

54. Zurich seeks a declaration from the Court that any money to be paid under policy nos. 41-001080, 48-010333 and/or 48-0019572 first requires complete exhaustion of all available underlying insurance.

55. Zurich seeks a declaration that the non-cumulation provisions in the Alleged Zurich Umbrella Policies applies to limit recovery under those policies to a single indemnity limit of liability.

56. Zurich seeks further, a declaration that any indemnity payments owing under policy no. 41-001080, 48-010333 and/or 48-0019572 is to be shared *pro rata* with any other valid and collectible umbrella coverage based on the comparative time of each policy on the risk.

57. As noted above, Zurich does not waive any requirement that Covil prove the existence, terms, and conditions of the aforementioned policies. To the extent additional information is or becomes available which reduces the policy period or scope of any of the aforementioned policies, Zurich respectfully reserves the right to rely upon the same.

## RELIEF REQUESTED

WHEREFORE, Zurich requests that this Court declare the rights and obligations of these parties as follows:

1. To the extent that there is coverage under the Alleged Zurich Primary Policies, the per-occurrence and aggregate limits of liability for amounts to be paid on behalf of Covil to plaintiffs in the *Finch* Suit and the Underlying Actions are $300,000 under policy no. 41-190987 and $500,000 under policy no. 41-206393.

2. To the extent that there is coverage under Alleged Zurich Primary Policies, the only policy limit under policy no. 41-206393 applicable to an amount to be paid on behalf of Covil to the plaintiff in the *Finch* Suit is the per-person limit of $250,000.

3. That, upon payment of the aggregate policy limits set forth in paragraph 1 of this Prayer for Relief, the Court enter an Order, relieving Zurich of any further duty to defend or indemnify Covil under the Alleged Zurich Primary Policies in the *Finch* Suit and in the Underlying Actions.

4. That the Court declare and apportion those amounts owed by Zurich, USF&G, and Covil toward the verdict in the *Finch* Suit *pro rata* based upon each carrier's corresponding time on the risk and, with respect to Covil's share, for those periods where no insurance is available.

5. That the Court declare and apportion those amounts owed by Zurich, Sentry, USF&G, and Covil toward the remaining Underlying Actions *pro rata* based on each carrier's corresponding time on the risk and, with respect to Covil's share, for those periods where no insurance is available.

6. That the Court enter an Order, declaring that any umbrella coverage under the Alleged Zurich Umbrella Policies, if there is such coverage, first requires complete exhaustion of all available underlying insurance coverage.

7. That the Court enter an Order, declaring that the non-cumulation provisions in the Alleged Zurich Umbrella Policies apply to limit recovery to a single indemnity policy limit.

8. That the Court enter an Order, declaring that any amounts payable under the Alleged Zurich Umbrella Policies, if there is such coverage, be paid *pro rata* with any and all other available umbrella coverages pursuant to each insurance carrier's respective time on the risk and, with respect to Covil's share, for those periods where no insurance is available.

9. For such other and further relief as the Court deems just and proper.

This the 6th day of November, 2018.

**TEAGUE, CAMPBELL, DENNIS & GORHAM, L.L.P.**

BY: /s/ William A. Bulfer
William A. Bulfer
N.C. Bar No. 31424
Brian M. Love
N.C. No. 41397
22 South Pack Square, Suite 800
Asheville, NC 28801
Telephone: (828) 254-4515
Facsimile: (828) 254-4516
E-mail: wbulfer@teaguecampbell.com
E-mail: blove@teaguecampbell.com
***Attorneys for Plaintiff***