

X | Attic | | | SEE BELOW | 36 | SEE BELOW | 02 | | X | | 10%

THIS POLICY IS ISSUED BY THE COMPANY INDICATED BY [X] BELOW

SPECIAL ACCOUNT

This Declarations Page, with "POLICY PROVISIONS" PART I form and Endorsements (if any) issued to form a part thereof, completes the below numbered

GENERAL MULTI-PERIL POLICY

[ ] (02) MARYLAND CASUALTY COMPANY Baltimore, Maryland 21203 A Stock Company

[ ] (08) ASSURANCE CO. OF AMERICA New York, New York 10038 A Stock Company

JB-00342
ABJU-8

FP 42270

Renewal of (21) ________ New (11) [X]

THE MARYLAND AMERICAN GENERAL GROUP

41-190897

Item 1. Named Insured and P.O. Address (No., Street, Town, County, State, Zip Code)

Covil Insulation Company, Inc.
P.O. Box 1804
Greenville, S.C.

4-2-70 D.

Item 2. Policy Period: Noon Standard Time at location of described property

3-31-70 INCEPTION — 3-31-73 EXPIRATION

AGENT: Sam J. Crain Company
08 00453746 — Charlotte
PRODUCER'S CODE — BRANCH OFFICE

Item 3. The Named Insured is: [ ] Individual [ ] Partnership [X] Corporation [ ] Joint Venture

Item 4. Location of premises: (ENTER "SAME" IF SAME LOCATION AS ABOVE) — Occupancy of premises:

1. See MLB-22
2.
3.

REINSURED — REINSURED

Item 5. Insurance is provided with respect to those premises described above and with respect to those coverages and kinds of property for which a specific limit of liability is shown, subject to all of the terms of this policy including forms and endorsements made a part hereof.

| LIMIT OF LIABILITY | | | | | Coinsurance Applicable | COVERAGE | SECTION |
|---|---|---|---|---|---|---|---|
| $ Per MLB-22 | $ | FEB 1985 $ | $ | | 80% | A. Building(s) | I PROPERTY COVERAGE |
| $ Per MLB-22 | $ | $ | $ | | 80% | B. Personal Property | |
| $ | | | | | | Addl. Cov. (Specify) | |
| $ | | | | | | Addl. Cov's | |
| $ Per MLB-21 | each occurrence $ | | aggregate | | | C. Bodily Injury and Property Damage Liability | II LIABILITY COVERAGE |
| $ 1,000 | each person | $ 10,000. | each accident | | | D. Premises Medical Payments | |
| $ | | | | | | Addl. Cov's (Specify) | |

[ ] SECTION III - CRIME COVERAGE
[ ] SECTION IV - BOILER AND MACHINERY COVERAGE

Limits as stated in the endorsement made part of this policy if indicated by [X]

| INSTALLMENT | | CARD COLS. | NO. OF DEFERRED INSTALLMENTS |
|---|---|---|---|
| ~~41,~~ 6,408 | TOTAL FULL TERM PREMIUM | 49-56 | |
| ~~13,~~ 2,136 | FIRST INSTALLMENT | 57-63 | |
| ~~13,~~ 2,136 | SUBSEQUENT ANNUAL INSTALLMENT | 64-70 | |

Forms and Endorsements made part of this Policy at time of issue (INSERT NOS. AND EDITION DATES): See Form 42025

Item 6. Applicable to Section I, Division 1 Only: Loss deductible clause No. 1 applicable (YES OR NO) yes Loss deductible clause No. 2 applicable (YES OR NO) yes

Item 7. Mortgagee (NAME AND ADDRESS)

A 1506

Agency at Greenville, S.C.

Countersigned: March 31, 1970

Sam J. Crain & Company Agent

| ADD'L LIABILITY | |
|---|---|
| POL. NO. | AMOUNT |
| | |

| INSURANCE UNDERWRITING SUMMARY | | |
|---|---|---|
| LINE | $ | 100% |
| REINS. | $ | 50% |
| NET | $ | % |
| KEY ITEM | $630,000 | |
| ML | $630,000 | |

Facultative
Re: File MCH
Property O.K.
6-28

SPECIAL ACCOUNT 1970

HOME OFFICE COPY

PRINTED IN U.S.A.

CO

EXHIBIT A

# ENDORSEMENT

Forms and Endorsements made part of this policy at time of issue.

MLB-100 - General Property Form - Section I
MLB-121 - Vandalism and Malicious Mischef End.
MLB-109 - Special Office Personal Prop. Form - Section *
MLB-21 - Amendment of Limits of Liability - Cov. C
MLB-66 - S.C. Amendatory Endorsement
MLB-22 - Supplemental Declarations End.
MLB-16 - General Schedule - Section II
MLB-126 - Replacement Cost End.
MLB-186 - M.O.X. Burglary End.
MLB-200 - SMP Liability Insurance Form
MLB-202 - Comprehensive General Liability Form
MLB-220 - Personal Liability End.
MLB-500 - Comprehensive Crime Coverage End. - Section III
3347 - Contractual Liability Insurance
40090 - Tool Floater Form
40042 - Inland Marine Basic Supplemental Form
42025 - General Endorsement



| KIND OF BUSINESS | | LINE | CODE | PREMIUMS | |
|---|---|---|---|---|---|
| | | | | ADDITIONAL | RETURN |
| Bodily Injury | | | | $ | $ |
| Property Damage | | | | $ | $ |
| Collision | | | | $ | $ |
| A. P. D. | | | | $ | $ |
| Miscellaneous | | | | $ | $ |
| | | | Totals | $ | $ |
| Net Additional or Return Premium | | | | $ | |

| TRANS. | This endorsement forms a part of | | Issued to | | | | | And is effective on and after |
|---|---|---|---|---|---|---|---|---|
| 31 | Policy No. | | | | | | | |

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, limits or conditions of the policy, except as hereinabove set forth.

| Term | Effective date | Expiration date | Company | B O | Producer | | Subject to Audit | | | Ind. Risk | Stat. Plan |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | M-1 | O-2 | S/X-3 | A-4 | | |
| Perf. | Bof'g | Mail | State | Comm. | Branch Office | Agent | | | | | |

(02) ☐ MARYLAND CASUALTY COMPANY
(07) ☐ NORTHERN INSURANCE COMPANY OF NEW YORK
(08) ☐ ASSURANCE COMPANY OF AMERICA
(06) ☐ MARYLAND BONDING AND CASUALTY COMPANY
(03) ☐ MARYLAND AMERICAN GENERAL INSURANCE CO.
(04) ☐ NATIONAL STANDARD INSURANCE COMPANY

Authorized Representative

HOME OFFICE COPY

SUPPLEMENTAL DECLARATIONS ENDORSEMENT

Form MLB-22
(Ed. 10-66)

Location of premises, as stated in the Declarations, is extended to include the following and insurance is provided with respect to these premises described below and with respect to those coverages and kinds of property for which a specific limit of liability is shown, subject to all the terms of this policy including forms and endorsements made a part hereof.

| Div. No. | Loc. No. | Bldg. No. | LOCATION OF PREMISES (Address, City, State) | OCCUPANCY | SECTION I | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | COVERAGE | Forms and Endorsements Applicable | Coinsurance Percentage Applicable | Limits of Liability ($) |
| 1 | 1 | | 523 (R) S/S Sulphur Springs Rd., Greenville, S. C. -02310 | | Bldg. | MLB-100 | | 175,000 |
| | | | | | cts. | 121 | 80% | 380,000 |
| | | | | | Special Office Contents | MLB-109 | | 75,000 |
| 2 | 1 | | 1911 Sullivan St., Greensboro, N.C. 04110 | | cts. | 100 | | |
| | | | | | | 121 | | 80,000 |
| | | | | | cts. | 109 | | 4,000 |
| 3 | 1 | | 139 Walnut St. Wilson, N.C. -01305 | | cts. | 100 | | |
| | | | | | | 121 | | 80,000 |
| | | | | | cts. | 109 | | 4,000 |
| 4 | 1 | | 134 Sand Bar Terry Road Augusta, Ga. -12110 | | cts. | 100 | | |
| | | | | | | 121 | | 50,000 |
| | | | | | cts. | 109 | | 4,000 |
| 5 | 1 | | 225 W. Walnut St., Wilson, N.C. -09860 | | cts. | 100 | | |
| | | | | | | 121 | | 20,000 |
| 6 | 1 | | Trailer - rear Location #1, Bldg. #1, Greenville, S.C. -02310 | | Bldg. | 100 | | 2,400 |
| | | | | | cts. | 121 | | 1,000 |

Form MLB-22 (Ed. 10-66)

Form MLB-126
(Ed. 10-66)

# REPLACEMENT COST ENDORSEMENT

**CFC**

PROPERTY COVERED           LOCATION

☒ Coverage A — Building(s)     523 (R) Sulphur Road, Greenville, S.C.

☐ Coverage B — Personal Property

Subject to all the provisions and stipulations otherwise applicable to Section I, the provisions and stipulations of this policy applicable to the coverages indicated by an "X" in the appropriate box are amended to substitute the term "replacement cost" for the term "actual cash value" wherever it appears in this policy, thereby eliminating any deduction for depreciation, subject in all other respects to the provisions and stipulations of this endorsement and of the policy of which this endorsement is made a part. The Coinsurance Clause appearing elsewhere in this policy is hereby cancelled in its application to loss to any of the property to which this endorsement applies, and is replaced by the Coinsurance Clause contained herein.

1. Coinsurance Clause: The Company shall not be liable for a greater proportion of any loss to the property covered hereunder than the limit of liability under this policy for such property bears to the amount produced by multiplying the coinsurance percentage applicable (specified in this policy) by the total of (a) the replacement cost (without deduction for depreciation) of that part of said property to which this endorsement applies, and (b) the actual cash value of that part of said property to which this endorsement does not apply, at the time of loss.

   In the event that the aggregate claim for any loss is both less than $10,000 and less than 5% of the limit of liability for all contributing insurance applicable to the property involved at the time such loss occurs, no special inventory and appraisement of the undamaged property shall be required, provided that nothing herein shall be construed to waive the application of the first paragraph of this clause.

   If insurance under Section I of this policy is divided into separate limits of liability, the foregoing shall apply separately to the property covered under each such limit of liability.

   The value of property covered under Extensions of Coverage and the cost of the removal of debris, shall not be considered in the determination of replacement cost when applying the Coinsurance Clause.

2. This endorsement shall not apply to (a) stock (raw, in process or finished) or merchandise, including materials and supplies in connection therewith; (b) property of others; (c) household furniture or residential contents; (d) books of account, abstracts, manuscripts, drawings, card index systems and other records (including film, tape, disc, drum, cell and other magnetic recording or storage media); (e) paintings, etchings, pictures, tapestries, statuary, marbles, bronzes, antique furniture, rare books, antique silver, porcelains, rare glassware and bric-a-brac, or other articles of art, rarity or antiquity; or (f) carpeting, cloth awnings, air conditioners, domestic appliances and outdoor equipment, all, whether permanently attached to the building structure or not.

3. This Company's liability for loss under this policy including this endorsement shall not exceed the smallest of the following amounts:

   a. the amount of this policy applicable to the damaged or destroyed property;

   b. the replacement cost of the property or any part thereof identical with such property on the same premises and intended for the same occupancy and use;

   c. the amount actually and necessarily expended in repairing or replacing said property or any part thereof.

4. The Company shall not be liable under this endorsement for any loss:

   a. occasioned directly or indirectly by enforcement of any local or state ordinance or law regulating the construction, repair or demolition of buildings or structures unless such liability has been specifically assumed under this policy;

   b. unless and until the damaged or destroyed property is actually repaired or replaced by the insured with due diligence and dispatch.

5. The insured may elect to make claim under this policy in accordance with its provisions, disregarding this endorsement, except that the foregoing Coinsurance Clause applicable to the replacement cost of said property shall apply; and the insured may make further claim for any additional liability brought about by this endorsement in accordance with its provisions, provided the Company is notified in writing within 180 days after loss of the insured's intent to make such further claim.

**This Endorsement must be attached to Change Endorsement MLB-20 when issued after the Policy is written.**

Form MLB-126 (Ed. 10-66)

COV

1. Subject to all the provisions and stipulations otherwise applicable to Section 1, this policy is amended as follows:

   A. With respect to Coverage A—Building(s) as provided under Forms MLB-100, MLB-101, MLB-104, or MLB-105 insurance under this policy is effected subject to the following agreements and provisions and supersedes and replaces any Valuation Clause in the policy of which this form is made a part.

   Valuation Clause: Insofar as insurance against the perils of fire and lightning are concerned, the insured and the insurer hereby agree that the value of buildings described herein is—and hereby fix the amount of insurance to be carried thereon (including this policy)—respectively, as follows:

### AGREED VALUE OF BUILDINGS

| Loc. No. | Bldg. No. | $ | Loc. No. | Bldg. No. | $ |
|---|---|---|---|---|---|
| 1 | 1 | 115,000 | | | |
| 6 | 1 | 2,400 | | | |
| | | | | | |

   B. With respect to Coverage A—Building(s) as provided under Forms MLB-102 or MLB-103 insurance under this policy is effected subject to the following agreements and provisions and supersedes and replaces any Valuation Clause in the policy of which this form is made a part.

   Valuation Clause: Insofar as insurance against the perils of fire and lightning are concerned, the insured and the insurer hereby agree that the value of buildings described herein, when completed, is—and hereby fix the amount of insurance to be carried thereon (including this policy)—respectively, as follows:

### AGREED VALUE OF BUILDINGS

| Loc. No. | Bldg. No. | $ | Loc. No. | Bldg. No. | $ |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

   C. The Special Loss Deductible Clause in Form MLB-101, as made a part of this policy, is superseded and replaced by the following Special Loss Deductible Clause:

   Special Loss Deductible Clause: With respect to loss by any of the perils of explosion, smoke, vehicles, aircraft, riot, riot attending a strike, and civil commotion, and vandalism and malicious mischief, as insured against under this form, the Company shall be liable only when such loss exceeds $50. When loss is between $50 and $500, the Company shall be liable for 111% of loss in excess of $50; and when loss is $500 or more, this deductible provision shall not apply.

   With respect to loss by any of the perils insured against under this form other than fire, lightning, explosion, smoke, vehicles, aircraft, riot, riot attending a strike, and civil commotion, windstorm or hail, and vandalism and malicious mischief, the Company shall be liable only when such loss in each occurrence exceeds $100. When loss is between $100 and $500, the Company shall be liable for 125% of loss in excess of $100; and when loss is $500 or more, this deductible provision shall not apply.

   D. The Deductible Clause provisions of Form MLB-102, as made a part of this policy, are amended to include the following additional Loss Deductible Clause:

   Loss Deductible Clause No. 2: With respect to loss by any of the perils insured against other than

   a. fire or lightning,

   b. windstorm or hail to buildings, structures or personal property in the open,

   the Company shall be liable only when such loss in each occurrence exceeds $50. When loss is between $50 and $500, the Company shall be liable for 111% of loss in excess of $50; and when loss is $500 or more, this deductible provision shall not apply.

   E. The Special Loss Deductible Clause in Form MLB-103, as made a part of this policy, is superseded and replaced by the following Special Loss Deductible Clause:

   Special Loss Deductible Clause: With respect to loss by any of the perils of explosion, smoke, vehicles, aircraft, riot, riot attending a strike, and civil commotion, and vandalism and malicious mischief, as insured against under this form, the Company shall be liable only when such loss exceeds $50. When loss is between $50 and $500, the Company shall be liable for 111% of loss in excess of $50; and when loss is $500 or more, this deductible provision shall not apply.

   The sum of $500 shall be deducted from the amount of loss in any one occurrence resulting from any peril other than fire, lightning, explosion, smoke, vehicles, aircraft, riot, riot attending a strike, and civil commotion, windstorm or hail, and vandalism and malicious mischief. This deductible shall apply separately to each building or structure (including its personal property) and separately to personal property in the open.

   F. The Special Loss Deductible Clause in Forms MLB-107, MLB-108 and MLB-109, as made a part of this policy, is superseded and replaced by the following Special Loss Deductible Clause:

   Special Loss Deductible Clause: Each loss shall be adjusted separately and from the amount of each such adjusted loss, the sum of $50 shall be deducted or, if there is contributing insurance, the Company's pro rata share thereof. When loss is between $50 and $500, the Company shall be liable for 111% of loss in excess of $50; and when loss is $500 or more, this deductible provision shall not apply.

   This deductible will not apply to:

   a. loss by fire, lightning, leakage or accidental discharge from automatic sprinkler systems, burglary or robbery;

   b. loss of or to property in transit while in the custody of carriers for hire; or

   c. loss resulting from collision, upset or overturn of a motor vehicle.

6. The provision relating to Loss Deductible Clause No. 2 in Vandalism and Malicious Mischief Endorsement, Form MLB-121, as made a part of this policy is superseded and replaced by the following provision:

Loss Deductible Clause No. 2 applies to the coverage afforded by this endorsement.

II. The Loss Clause in forms MLB-100, MLB-101, MLB-102, MLB-103, MLB-104, MLB-105, MLB-107, MLB-108 and MLB-109, as made a part of this policy, is deleted and the following condition is added:

Unearned Premium Clause. If a loss is paid under this policy, the named insured shall be indemnified for loss of the pro rata unearned premium on the amount of such loss to payment; however, this Company may elect by written notice within 60 days after time of loss to reinstate this policy in the amount of such loss and, in consideration of such reinstatement, make no payment to the named insured as otherwise provided by this clause.

II. Subject to all the provisions and stipulations otherwise applicable to Section II, the Alcoholic Beverage Exclusion is amended to read as follows:

It is agreed that that part of the alcoholic beverage exclusion which relates to the selling, serving or giving of any alcoholic beverage (b) to a person under the influence of alcohol or (b), which causes or contributes to the intoxication of any person, is deleted.

Form MLB-66 (Ed. 1-60)

 MERCANTILE OPEN STOCK BURGLARY ENDORSEMENT    Form MLB-116
(Ed. 3-69)

Subject to all the provisions and stipulations otherwise applicable to Section I, except the Coinsurance Clause, the Loss Deductible Clauses and the Valuation Provision, this policy is extended to provide the following coverage applicable only to those locations as indicated by a specific limit of liability and premium.

## SCHEDULE

| Loc. No. | Location (Street, Address, City & State) | Limit of Liability | Premium |
|---|---|---|---|
| 1. | 523 (R) Sulphur Springs Rd., Greenville, S.C. | 7,500. | Incl. |
| 2. | 134 Sand Bar Ferry Rd., Augusta, Ga. | 7,500. | Incl. |
| 3. | 1911 Sullivan St., Greensboro, N.C. | 7,500. | Incl. |
| 4. | 139 Walnut St., Wilson, N.C. | 7,500. | Incl. |

Total Premium $ **Incl.**

The coinsurance percentage applicable to loss of merchandise is **50** %, subject to a coinsurance limit of $ **7500.**

## Insuring Agreements

I. Loss of Merchandise; Premises Damage. To pay for loss by burglary or by robbery of a watchman, while the premises are not open for business, of merchandise, furniture, fixtures and equipment within the premises or within a showcase or show window used by the insured and located outside the premises but inside the building line of the building containing the premises or attached to said building.

To pay for damage to the premises and the exterior thereof, and to the insured property within the premises or within such showcase or show window, by such burglary, robbery of a watchman, or attempt thereof, provided with respect to damage to the premises and the exterior thereof the insured is the owner of the premises or is liable for such damage.

## Exclusions

This coverage does not apply

(a) to loss due to any fraudulent, dishonest or criminal act by any insured, a partner therein, or an officer, employee, director, trustee or authorized representative thereof, while working or otherwise and whether acting alone or in collusion with others;

(b) to loss of furs or articles containing fur which represents their principal value, by removal of such property from within a showcase or show window by a person who has broken the glass thereof from outside the premises or by an accomplice of any such person;

(c) to loss occurring while there is any change in the condition of the risk or during a fire in the premises;

(d) to damage by vandalism or malicious mischief;

(e) to loss, other than to a safe or vault, by fire, whether or not such fire is caused by, contributed to by or arises out of the occurrence of a hazard insured against.

This Endorsement must be attached to Change Endorsement MLB-20 when issued after the Policy is written.

Form MLB-116 (Ed. 3-69)                                                                 Page 1 of 2

# CONDITIONS

**1. Definitions.**

"**Premises**" means the interior of that portion of the building at the location designated in the Schedule which is shown on the Schedule as occupied by the insured in conducting its business as stated therein, but shall not include (1) showcases or show windows not opening directly into the interior of the premises, or (2) public entrances, halls or stairways.

"**Burglary**" means the felonious abstraction of insured property (1) from within the premises by a person making felonious entry therein by actual force and violence, of which force and violence there are visible marks made by tools, explosives, electricity or chemicals upon, or physical damage to, the exterior of the premises at the place of such entry, or (2) from within a showcase or show window outside the premises by a person making felonious entry into such showcase or show window by actual force and violence, of which force and violence there are visible marks thereof, or (3) from within the premises by a person making felonious exit therefrom by actual force and violence as evidenced by visible marks made by tools, explosives, electricity or chemicals upon, or physical damage to, the interior of the premises at the place of such exit.

"**Robbery of a watchman**" means the taking of insured property by violence or threat of violence inflicted upon a private watchman employed exclusively by the insured and while such watchman is on duty within the premises.

"**Loss**" includes damage.

"**Jewelry**" means jewelry, watches, necklaces, bracelets, gems, precious or semi-precious stones, and articles containing one or more gems and articles of gold or platinum.

**2. Ownership of Property; Interests Covered.** The insured property may be owned by the insured, or held by the insured in any capacity whether or not the insured is liable for the loss thereof, or may be property as respects which the insured is legally liable; provided, this insurance applies only to the interest of the insured in such property, including the insured's liability to others, and does not apply to the interest of any other person or organization in any of said property unless included in the insured's proof of loss.

**3. Joint Insured.** If more than one insured is named in the Declarations, the insured first named shall act for every insured for all purposes of this endorsement. Knowledge possessed or discovery made by any insured shall constitute knowledge possessed or discovery made by every insured.

**4. Books and Records.** The insured shall keep records of all the insured property in such manner that the company can accurately determine therefrom the amount of loss.

**5. Coinsurance.** The Company shall not be liable for a greater proportion of a loss of merchandise, exclusive of jewelry and of property held by the insured as a pledge or as collateral, than the limit of liability stated in the Schedule bears to (a) the coinsurance percentage, as stated in the Schedule, of the actual cash value of all such merchandise contained within the premises at time of loss, or (b) the coinsurance limit stated in the Schedule, whichever is less.

**6. Limits of Liability; Settlement Options.** Subject to any application of the coinsurance requirement, the limit of the Company's liability for loss shall not exceed the actual cash value of the property at time of loss, nor what it would then cost to repair or replace the property with other of like kind and quality, nor the applicable limit of liability stated in the Schedule; provided, however, the limit of the Company's liability for loss of the contents of any showcase or show window not opening directly into the interior of the premises is $100; provided, further, (a) the actual cash value of any one article of jewelry shall be deemed not to exceed $50, and (b) subject to such limit, the actual cash value of property held by the insured as a pledge or as collateral for an advance or a loan, shall be deemed not to exceed the value of the property as determined and recorded by the insured when making the advance or loan, nor, in the absence of such record, the unpaid portion of the advance or loan plus accrued interest thereon at legal rates.

The Company may pay for the loss in money or may repair or replace the property and may settle any claim for loss of property either with the insured or the owner thereof. Any property so paid for or replaced shall become the property of the Company. Any property recovered after settlement of a loss shall be applied first to the expense of the parties in making such recovery, with any balance applied as if the recovery had been made prior to said settlement, and loss readjusted accordingly. The insured or the Company, upon recovery of any such property, shall give notice thereof as soon as practicable to the other.

The occurrence of any loss shall reduce the applicable limit of liability by the extent of the Company's liability for such loss until the premises are restored to at least the same condition of safety as immediately prior to the loss; but such reduction shall not occur with respect to loss occurring subsequent to the receipt by the Company of notice of loss for which the Company is liable under this endorsement if the insured shall maintain within the premises at least one watchman while the premises are not open for business.

Application of the liability to property of more than one person shall not operate to increase the limit of the Company's liability.

Form MLB-159 (Ed. 5-61)          Page 2 of 2


## COVERAGE C — BODILY INJURY AND PROPERTY DAMAGE LIABILITY

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**SMP LIABILITY INSURANCE**
**COMPREHENSIVE GENERAL LIABILITY INSURANCE**

It is agreed that the policy is amended as follows:

1. The limits of liability stated in the Declarations as applicable to Coverage C — Bodily Injury and Property Damage Liability are amended to read as follows:

| | | |
|---|---|---|
| Bodily Injury Liability | $ **100,000** | each person |
| | $ **300,000** | each occurrence |
| | $ **300,000** | aggregate |
| Property Damage Liability | $ **50,000** | each occurrence |
| | $ **50,000** | aggregate |

2. The Limits of Liability provision is replaced by the following:

Regardless of the number of (1) insureds under this policy, (2) persons or organizations who sustain bodily injury or property damage, or (3) claims made or suits brought on account of bodily injury or property damage, the Company's liability is limited as follows:

**Bodily Injury Liability** — The limit of bodily injury liability stated in the amended Declarations as applicable to "each person" is the limit of the Company's liability for all damages because of bodily injury sustained by one person as the result of any one occurrence; but subject to the above provision respecting "each person", the total liability of the Company for all damages because of bodily injury sustained by two or more persons as the result of any one occurrence shall not exceed the limit of bodily injury liability stated in the amended Declarations as applicable to "each occurrence". Subject to the above provisions respecting "each person" and "each occurrence", the total liability of the Company for all damages because of (1) all bodily injury included within the completed operations hazard and (2) all bodily injury included within the products hazard shall not exceed the limits of bodily injury liability stated in the amended Declarations as "aggregate".

**Property Damage Liability** — The total liability of the Company for all damage because of all property damage sustained by one or more persons or organizations as the result of any one occurrence shall not exceed the limit of property damage liability stated in the amended Declarations as applicable to "each occurrence".

Subject to the above provision respecting "each occurrence", the total liability of the Company for all damages because of all property damage to which this coverage applies and described in any of the numbered subparagraphs below shall not exceed the limit of property damage liability stated in the amended Declarations as "aggregate":

(1) all property damage arising out of premises or operations rated on a remuneration basis or contractors equipment rated on a receipts basis, including property damage for which liability is assumed under any incidental contract relating to such premises or operations, but excluding property damage included in subparagraph (2) below;

(2) all property damage arising out of and occurring in the course of operations performed for the named insured by independent contractors and general supervision thereof by the named insured, including any such property damage for which liability is assumed under any incidental contract relating to such operations, but this subparagraph (2) does not include property damage arising out of maintenance or repairs at premises owned by or rented to the named insured or structural alterations at such premises which do not involve changing the size of or moving buildings or other structures;

(4) all property damage included within the products hazard and all property damage included within the completed operations hazard.

Such aggregate limit shall apply separately to the property damage described in subparagraphs (1), (2) and (4) above, and under subparagraphs (1) and (2), separately with respect to each project away from premises owned by or rented to the named insured.

**Bodily Injury and Property Damage Liability** — For the purpose of determining the limit of the Company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

Form M.L.B-21 (Ed. 10-66)

**CFC**  PERSONAL INJURY LIABILITY INSURANCE ENDORSEMENT

In consideration of the payment of the premium, in reliance upon the statements in the Declarations made a part hereof and subject to all of the terms of this endorsement, the Company agrees with the named insured as follows:

## SCHEDULE

The insurance afforded is only with respect to personal injury arising out of an offense included within such of the following groups of offenses as are indicated by specific premium charge or charges:

| Groups of Offenses | Provisional Premium |
|---|---|
| A. False Arrest, Detention or Imprisonment, or Malicious Prosecution | $ Incl. |
| B. Libel, Slander, Defamation or Violation of Right of Privacy | $ Incl. |
| C. Wrongful Entry or Eviction or other Invasion of Right of Private Occupancy | $ Incl. |
| Minimum Premium $ | Total Provisional Premium $ Incl. |

Limits of Liability: $ **100,000** each person/aggregate: $ **300,000** general aggregate

Insured's participation **Nil** %

## I. COVERAGE—PERSONAL INJURY LIABILITY

The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury (herein called "personal injury") sustained by any person or organization and arising out of one or more of the following offenses:

Group A — false arrest, detention or imprisonment, or malicious prosecution;

Group B — the publication or utterance of a libel or slander or of other defamatory or disparaging material, or a publication or utterance in violation of an individual's right of privacy; except publications or utterances in the course of or related to advertising, broadcasting or telecasting activities conducted by or on behalf of the named insured;

Group C — wrongful entry or eviction, or other invasion of the right of private occupancy;

if such offense is committed in the conduct of the named insured's business during the policy period within the United States of America, its territories or possessions, or Canada, and the Company shall have the right and duty to defend any suit against the insured seeking damages on account of such personal injury even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgment or settlements.

This Endorsement must be attached to Change Endorsement MLB-20 when issued after the Policy is written.

Form MLB-220 (Ed. 8-67)

Case 1:18-cv-00932-CCE-LPA   Document 1-1   Filed 11/06/18   Page 10 of 42

**Exclusions**

This insurance does not apply:

(a) to liability assumed by the insured under any contract or agreement;

(b) to personal injury arising out of the wilful violation of a penal statute or ordinance committed by or with the knowledge or consent of any insured;

(c) to personal injury sustained by any person as a result of an offense directly or indirectly related to the employment of such person by the named insured;

(d) to personal injury arising out of any publication or utterance described in Group D, if the first injurious publication or utterance of the same or similar material by or on behalf of the named insured was made prior to the effective date of this insurance;

(e) to personal injury arising out of a publication or utterance described in Group B concerning any person, organization or business enterprise, or his or its products or services, made by or at the direction of any insured with knowledge of the falsity thereof.

## II. PERSONS INSURED

Each of the following is an insured under this insurance to the extent set forth below:

(a) if the named insured is designated in the Declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor;

(b) if the named insured is designated in the Declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c) if the named insured is designated in the Declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.

This insurance does not apply to injury arising out of the conduct of any partnership or joint venture of which the insured is a partner or member and which is not designated in this policy as a named insured.

## III. LIMITS OF LIABILITY—INSURED'S PARTICIPATION

Regardless of the number of (1) insureds under this endorsement, (2) persons or organizations who sustain personal injury, or (3) claims made or suits brought on account of personal injury, the total liability of the Company for all damages because of all personal injury to which this insurance applies, sustained by any one person or organization, shall not exceed the limit of personal injury liability stated in the schedule as "each person aggregate."

Subject to the above provision respecting "each person aggregate," the total limit of the Company's liability under this insurance for all damages shall not exceed the limit of personal injury liability stated in the schedule as "general aggregate."

If a participation percentage is stated in the schedule for the insured, the Company shall not be liable for a greater proportion of any loss than the difference between such percentage and one-hundred percent, and the balance of the loss shall be borne by the insured; provided, the Company may pay the insured's portion of a loss to effect settlement of the loss, and, upon notification of the action taken, the named insured shall promptly reimburse the Company therefor.

## IV. AMENDED DEFINITION

When used in reference to this insurance:

"damages" means only those damages which are payable because of personal injury arising out of an offense to which this insurance applies.

## V. OTHER PROVISIONS APPLICABLE TO THIS ENDORSEMENT

A. The following provisions applicable to Sections I and II of the policy are applicable to this endorsement: Inspection and Audit; Cancellation; and Subrogation.

B. The following terms and provisions applicable only to Section II are applicable to this endorsement: Supplementary Payments; Modification of Terms; Insured's Duties in the Event of Occurrence, Claim or Suit; Action Against the Company; Other Insurance; Nuclear Exclusion; and Definitions — Section II, other than the definition "damages".

Case 1:18-cv-00932-CCE-LPA   Document 1-1   Filed 11/06/18   Page 11 of 42

THE MARYLAND AMERICAN GENERAL GROUP

CONTRACTUAL LIABILITY INSURANCE COVERAGE PART
(Designated Contracts Only)

NO. = NORTHERN INSURANCE CO. OF N.Y.

711 Insulation Co.

## SCHEDULE

Broad Form Contracts

(Daniel Const.)    0559    10,000    12.    9.

venture so designated and any partner or member thereof but ... liability as such;

... insured is designated in the declarations as other than an individual, ... joint venture, the organization so designated and any executive officer, ... or stockholder thereof while acting within the scope of his duties as such.

## III. LIMITS OF LIABILITY

Regardless of the number of (1) insureds under this policy, (2) persons or organizations who sustain bodily injury or property damage, or (3) claims made or suits brought on account of bodily injury or property damage, the company's liability is limited as follows:

Coverage Y—The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages because of bodily injury sustained by one person as the result of any one occurrence; but subject to the above provision respecting "each person", the total liability of the company for all damages because of bodily injury sustained by two or more persons as the result of any one occurrence shall not exceed the limit of bodily injury liability stated in the declarations as applicable to "each occurrence".

Coverage Z—The total liability of the company for all damages because of all property damage sustained by one or more persons or organizations as the result of any one occurrence shall not exceed the limit of property damage liability stated in the declarations as applicable to "each occurrence".

Subject to the above provision respecting "each occurrence", the total liability of the company for all damages because of all property damage to which this coverage applies shall not exceed the limit of property damage liability stated in the declarations as "aggregate". Such aggregate limit of liability applies separately with respect to each project away from premises owned by or rented to the named insured.

Coverages Y and Z—For the purpose of determining the limit of the company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

## IV. ADDITIONAL DEFINITIONS

When used in reference to this insurance (including endorsements forming a part of the policy):

"contractual liability" means liability expressly assumed under a written contract or agreement; provided, however, that contractual liability shall not be construed as including liability under a warranty of the fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner;

"suit" includes an arbitration proceeding to which the insured is required to submit or to which the insured has submitted with the company's consent.

## V. POLICY PERIOD; TERRITORY

This insurance applies only to bodily injury or property damage which occurs during the policy period within the policy territory.

## VI. ADDITIONAL CONDITION

Arbitration. The company shall be entitled to exercise all of the insured's rights in the choice of arbitrators and in the conduct of any arbitration proceeding.

3263

| Attached to and forming part of Policy No. | Named Insured (required only when this schedule is issued subsequent to preparation of the policy) |
| --- | --- |
| | [illegible]ill Insulation Co. |

31 OR 50 = MARYLAND CASUALTY CO.
BALTIMORE, MARYLAND 21203
A STOCK COMPANY

NO = NORTHERN INSURANCE CO. OF N.Y.
NEW YORK, NEW YORK 10038
A STOCK COMPANY

**CONTRACTUAL LIABILITY INSURANCE COVERAGE PART**
**(Designated Contracts Only)**

# THE MARYLAND AMERICAN GENERAL GROUP

**SCHEDULE**

| DESIGNATION OF CONTRACTS | CODE NO. Terr. | CODE NO. Cov. | PREMIUM BASES | RATES Bodily Injury | RATES Property Damage | ADVANCE PREMIUM Bodily Injury | ADVANCE PREMIUM Property Damage |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Contract Cost | Per Contract / Per $100 of Cost | | | |
| Broad Form Contracts | | 0555 | $ 3,450,000. | [illegible] | [illegible] | 714. | 311. |

| MINIMUM PREMIUM | B.I. $ | P.D. $ |
| --- | --- | --- |

| TOTAL ADVANCE PREMIUM | $ 714. | $ 311 |
| --- | --- | --- |

I. **COVERAGE Y—CONTRACTUAL BODILY INJURY LIABILITY**
**COVERAGE Z—CONTRACTUAL PROPERTY DAMAGE LIABILITY**

The company will pay on behalf of the insured all sums which the insured, by reason of contractual liability assumed by him under a contract designated in the schedule for this insurance, shall become legally obligated to pay as damages because of

Coverage Y. bodily injury or

Coverage Z. property damage

to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

**Exclusions**

This insurance does not apply:

(a) if the insured or his indemnitee is an architect, engineer or surveyor, to bodily injury or property damage arising out of professional services performed by such insured or indemnitee, including

(1) the preparation or approval of maps, plans, opinions, reports, surveys, designs or specifications and

(2) supervisory, inspection or engineering services;

(b) to bodily injury or property damage due to war, whether or not declared, civil war, insurrection, rebellion or revolution or to any act or condition incident to any of the foregoing;

(c) to bodily injury or property damage for which the indemnitee may be held liable, as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages or as an owner or lessor of premises used for such purposes, by reason of the selling, serving or giving of any alcoholic beverage (1) in violation of any statute, ordinance or regulation, (2) to a minor, (3) to a person under the influence of alcohol, or (4) which causes or contributes to the intoxication of any person;

(d) to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(e) to any obligation for which the insured may be held liable in an action on a contract by a third party beneficiary for bodily injury or property damage arising out of a project for a public authority; but this exclusion does not apply to an action by the public authority or any other person or organization engaged in the project;

(f) to property damage to

(1) property owned or occupied by or rented to the insured,

(2) property used by the insured, or

(3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control;

(g) to property damage to premises alienated by the named insured arising out of such premises or any part thereof;

(h) to bodily injury or property damage resulting from the failure of the named insured's products or work completed by or for the named insured to perform the function or serve the purpose intended by the named insured, if such failure is due to a mistake or deficiency in any design, formula, plan, specifications, advertising material or printed instructions prepared or developed by any insured; but this exclusion does not apply to bodily injury or property damage resulting from the active malfunctioning of such products or work;

(i) to property damage to the named insured's products arising out of such products or any part of such products;

(j) to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

(k) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the named insured's products or work completed by or for the named insured or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

(l) to property damage included within (1) the explosion hazard, (2) the collapse hazard, or (3) the underground property damage hazard.

II. **PERSONS INSURED**

Each of the following is an insured under this insurance to the extent set forth below:

(a) if the named insured is designated in the declarations as an individual, the person so designated;

(b) if the named insured is designated in the declarations as a partnership or joint venture,

[illegible]

HOME OFFICE COPY

the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c) if the named insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.

## III. LIMITS OF LIABILITY

Regardless of the number of (1) insureds under this policy, (2) persons or organizations who sustain bodily injury or property damage, or (3) claims made or suits brought on account of bodily injury or property damage, the company's liability is limited as follows:

Coverage Y—The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages because of bodily injury sustained by one person as the result of any one occurrence; but subject to the above provision respecting "each person", the total liability of the company for all damages because of bodily injury sustained by two or more persons as the result of any one occurrence shall not exceed the limit of bodily injury liability stated in the declarations as applicable to "each occurrence".

Coverage Z—The total liability of the company for all damages because of all property damage sustained by one or more persons or organizations as the result of any one occurrence shall not exceed the limit of property damage liability stated in the declarations as applicable to "each occurrence".

Subject to the above provision respecting "each occurrence", the total liability of the company for all damages because of all property damage to which this coverage applies shall not exceed the limit of property damage liability stated in the declarations as

"aggregate". Such aggregate limit of liability applies separately with respect to each project away from premises owned by or rented to the named insured.

Coverages Y and Z—For the purpose of determining the limit of the company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

## IV. ADDITIONAL DEFINITIONS

"this", used in reference to this insurance (including endorsements forming a part of the policy);

"contractual liability" means liability expressly assumed under a written contract or agreement; provided, however, that contractual liability shall not be construed as including liability under a warranty of the fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner;

"suit" includes an arbitration proceeding to which the insured is required to submit or to which the insured has submitted with the company's consent.

## V. POLICY PERIOD; TERRITORY

This insurance applies only to bodily injury or property damage which occurs during the policy period within the policy territory.

## VI. ADDITIONAL CONDITION

Arbitration—The company shall be entitled to exercise all of the insured's rights in the choice of arbitrators and in the conduct of any arbitration proceeding.

Case 1:18-cv-00932-CCE-LPA   Document 1-1   Filed 11/06/18   Page 16 of 42

THE MARYLAND AMERICAN
GENERAL GROUP

INLAND MARINE BASIC SUPPLEMENTAL FORM

Attached to and forming part of Policy Number 41-190897

Issued to Covil Insulation Company
by Maryland Casualty Company
located (city and state) Charlotte, NC

This form is effective from March 31, 70, at the Agency.

TOTAL AMOUNT $ 9,795.

PREMIUM, IF PAID IN INSTALMENTS, AS FOLLOWS:

Date Payable — Premium    Date Payable — Premium    TOTAL PREMIUM $ Incl.

| | Date Payable | Premium | Date Payable | Premium | AMOUNT OF INSURANCE | RATE | PREMIUM |
|---|---|---|---|---|---|---|---|
| 1. MISCELLANEOUS—SCHEDULE PROPERTY as per family, attached | | | | | | | |
| 2. PERSONAL ARTICLES (COVER FORM) (Special Provisions Included) | | | | | | | |
|   CLASS OF PROPERTY | | | | | | | |
| a. Jewelry as scheduled herein. | | | | | | | |
| b. Furs and garments trimmed with fur or containing principally or fur, as scheduled herein. | | | | | | | |
| c. Fine Arts, as scheduled herein. | | | | | | | |
| d. Cameras, projection machines, films and other equipment pertaining hereto, as scheduled herein. | | | | Breakage: Covered ☐ Non-Commercial Usage ☐ | | | |
|   A) | | | | Breakage: Not Covered ☐ Commercial Usage ☐ | $ | | |
|   A) | | | | | | | |
| e. Musical instruments and articles of equipment pertaining thereto, as scheduled herein. | | | | Breakage: Covered ☐ Non-Commercial Usage ☐ | | | |
|   Professional ☐ | | | | Breakage: Not Covered ☐ Commercial Usage ☐ | $ | | |
| f. Golf and equipment | | | | Non-Professional ☐ | | | |
| g. "Silverware," meaning silverware, silver-plated ware, goldware, gold-plated ware, and pewter ware | | | | | | | |
| h. Postage stamps including new, envelope, official, revenue, match and similar stamps; covered books, supports, albums, pages and other philatelic property owned by or in custody or control of the insured, including the books, pages and/or mountings thereto | | | | | | | |
| i. Coins, meaning coins, medals, and other numismatic property owned by or in custody or control... | | | | | | | |
| | | | | | | | |

SCHEDULE ON LIST

This item covers only with respect to such articles any of the above classes of property as are indicated by a specific amount of insurance applicable thereto, and a premium therefor, which property is owned by or in the custody or control of the insured and members of the insured's family of the same household.

| | | 400900 | | | $ 9795. | VS | $ Incl. |

Per Form 40090 attached

Note: Please (1) Submission is valid obligation, separate identifies, items and endorsements, if any, on inside hereof.

Sam J. Crain & Co.                    Agent.

40042 Ed. 149          (over)

shall be made at a reasonable time and place. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen (15) days to agree upon such umpire, then, on the request of the Insured or the Company, such umpire shall be selected by a judge of a court of record in the State in which such appraisal is pending. The appraisers shall then appraise the loss, stating separately the actual cash value at the time of loss and the amount of loss, and failing to agree shall submit their differences to the umpire. An award in writing of any two shall determine the amount of loss. The Insured and the Company shall each pay his or its chosen appraiser and shall bear equally the other expenses of the appraisal and umpire. The Company shall not be held to have waived any of its rights by any act relating to appraisal.

13. **CHANGES.** Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this form or estop the Company from asserting any right under the terms of this form; nor shall the terms of this form be waived or changed, except by endorsement issued to form a part of this form.

14. **CONFORMITY TO STATUTE.** Terms of this form which are in conflict with the statutes of the State wherein this form is issued are hereby amended to conform to such statutes.

## FORM SPECIAL CONDITIONS

1. The following war risk and nuclear exclusion clauses shall be paramount and shall not be modified or superseded by any provision included herein or endorsed hereon unless such other provision refers specifically to the risks excluded by these clauses and expressly assumes said risks.

A. **War Risk Exclusion Clause.**

This form does not insure against loss or damage caused by or resulting from:

(1) Hostile or warlike action in time of peace or war, including action in hindering, combating or defending against an actual, impending or expected attack, (a) by any government or sovereign power (de jure or de facto), or by any authority maintaining or using military, naval or air forces; or (b) by military, naval or air forces; or (c) by an agent of any such government, power, authority or forces;

(2) any weapon of war employing atomic fission or radioactive force whether in time of peace or war;

(3) insurrection, rebellion, revolution, civil war, usurped power, or action taken by governmental authority in hindering, combating or defending against such an occurrence, seizure or destruction under quarantine or customs regulations, confiscation by order of any government or public authority, or risks of contraband or illegal transportation, or trade.

B. **Nuclear Exclusion Clauses.** Under any attachment to this form which insures against the peril of Fire, Clause 1, below, shall apply; whereas under any attachment which does not insure against the peril of Fire, Clause No. 2, below, shall apply, as follows:

(1) The Company shall not be liable for loss by nuclear reaction or nuclear radiation or radioactive contamination, all whether controlled or uncontrolled, and whether such loss be direct or indirect, proximate or remote, or be in whole or in part caused by, contributed to, or aggravated by the peril(s) insured against in this form; however, subject to the foregoing and all provisions of this form, direct loss by fire resulting from nuclear reaction or nuclear radiation or radioactive contamination is insured against by this form.

(2) The Company shall not be liable for loss by nuclear reaction or nuclear radiation or radioactive contamination, all whether controlled or uncontrolled, and whether such loss be direct or indirect, proximate or remote, or be in whole or in part caused by, contributed to, or aggravated by the peril(s) insured against in this form.

2. **Civil Authority.** Property covered under this form against the peril of fire is also covered against the risk of damage or destruction by civil authority during a conflagration and for the purpose of retarding the same; provided that neither such conflagration nor such damage or destruction is caused or contributed to by a peril otherwise excluded herein.

The terms and conditions of this form shall apply only to the property covered hereunder and none of the terms and conditions of the policy or other forms or endorsements which may be attached thereto, except the cancellation provision, shall apply. If any of the property covered by this form is also covered under any provisions of the policy [or forms or endorsements attached thereto] to which this form is attached, those provisions are hereby amended to exclude such property, the intent being that the coverage under this form is the sole coverage of such property.

Wherever the word "policy" appears in any form or endorsement presently or subsequently attached to and forming a part hereof, it shall be deemed to be amended to "form."

## STATE PROVISIONS

**KANSAS:** Suit Against Company. If this form is issued in the State of Kansas, the words "five (5) years" are substituted for the words "twelve (12) months" in Condition 11. It is also understood and agreed that wherever the word "warrant" or any derivative thereof appears in this form the word "agree" or a derivative thereof is substituted therefor.

**TEXAS:** If this form is issued in the State of Texas, the form conditions are amended as follows:

(1) Notice of Loss. The words "ninety-one (91)" are substituted for "ninety (90)" in Condition 2.

(2) Suit Against Company. The words "two (2) years and one (1) day" are substituted for "twelve (12) months" in Condition 11.

40042 (Ed. 1-69)

## TOOL FLOATER FORM


MARINE
Standard Protection

Attached to and forming part of Policy No. (X) 41-190897 ............................ or of supplemental form
attached to Policy No. ....................

Issued to ...... **Covil Insulation Co., Inc.** .............................................. (Insured)

by ...... **Maryland Casualty Company** .......................................... its Agency

located (city and state) ...... **Greenville, S.C.** ...................... Date ...... **1970**

Amount $ ...... **9795.** ...... Rate ...... **chg.** ...... Premium $ ...... **Incl.**

Minimum Retained Premium $ ...................... (as per Clause No. 22)

### PROPERTY INSURED

This policy covers property of the Insured, usual and incidental to the Insured's stated occupation as a **Insulation Contractor.**

(a) Scheduled tools and related equipment as follows:

| | Amounts of Insurance |
|---|---|
| 1. 3 Nelson Pin Welding Machines @$700. Each | $ 2100. |
| 2. 2 Graham Pin Welding Machines@$700. Each | 1400. |
| 3. 2 KSM Pin WElding Machines @$700. Each | 1400. |
| 4. 2 Mastic Spray Guns, Grayco Mfg. @$500. Each | 1000. |
| 5. 1 KMS 60 Stud Welding Unit | 1100. |
| 6. 1 CS30A Stud Welding Unit | 795. |

(b) $ **250.** Item Limit. Blanket on miscellaneous hand tools including kit(s) therefor, if any, for not exceeding $25.00 on any one item or the previously stated amount, whichever is the greater, and the Company shall not be liable for more than that amount on any one item whether or not consisting of articles in a pair or set.

Total (a)—$ **7795.**

Total (b)—$ **2000.**

Grand Total—$ **9795.**

2. $ **25.** Deductible Clause ($15.00 Minimum Sum). Each claim for loss or damage by theft separately occurring shall be adjusted separately and, from the amount of each such adjusted claim, the sum of Fifteen Dollars ($15.00) or the previously stated sum, whichever is greater, shall be deducted.

3. ### PROPERTY EXCLUDED

This policy does not insure personal property of officers, partners or employees of the Insured unless specifically scheduled and so identified hereunder, automobiles, motor trucks, aircraft, watercraft or other conveyances or their appurtenances, accounts, bills, evidences of debt, currency, deeds, documents, money, notes, securities, railroad or other tickets, stamps, letters of credit, passports, coins, bullion, or real property of any nature; plans, blue prints, designs or specifications, furniture, fixtures, appliances or household furnishings; nor in any event materials and supplies unless specifically scheduled as such under Item 1 (a), above, but with coverage ceasing thereon when such property is installed and becomes a part of the realty or when the Insured's interest ceases, whichever first occurs.

4. ### PERILS INSURED

This policy, except as hereinafter provided, insures against loss or damage directly caused by:
(a) Fire, lightning, smoke and explosion.
(b) Windstorm, tornado, cyclone and hail.
(c) Aircraft and objects falling therefrom, or other vehicles (excluding vehicles owned or controlled by the Insured or the principals thereof or their employees).
(d) Collision, derailment or overturning of a transporting conveyance.
(e) Collapse of bridges, or culverts.
(f) Theft, burglary or holdup subject to the provisions of Item No. 5, below.

40090. Ed 4-66 ........................ (OVER) ........................ Agent

**AUTHORIZATION AND DESIGNATION FORM**

Form MLB-1
(R4-10-66)

Insert Name of Multi-Peril Program

## Processing or Service

### I. AGENT OR BROKER OF RECORD LETTER

TO EACH RATING BUREAU WITH RESPECT TO ITS OWN JURISDICTION

Please recognize:

**Sam J. Crain Company**

Name of Agent or Broker

**206 Cherokee Drive, Greenville, S. C.**

Address of Agent or Broker

as our agent or broker of record and representative in connection with this Program, and revokes all authority thereunder.

This letter rescinds any letter previously filed by us in connection with this Program, and revokes all authority thereunder.

This letter does not authorize the agent or broker to investigate the schedule makeup of specific rates.

Notice is accepted that all authority hereunder will be terminated by each rating bureau six months after the date hereon if insurance is not written on these forms by that date.

**Covil Insulation Company, Inc.**

_____ **P.O. Box 1804, Greenville, S.C.**

Name of Individual, Firm or Corporation and Subsidiary Firms or Corporations     Headquarters Address

_____

Headquarters Address

Date _____ 19____     Signature of Official or Owner

Official Title

### II. APPOINTMENT OF FILING COMPANY

TO EACH RATING BUREAU WITH RESPECT TO ITS OWN JURISDICTION

**Covil Insulation Company, Inc.**

Name of Insured

Please recognize   **Maryland Casualty Company**

Name of Filing Company

**1316 E. Morehead St., Charlotte, NC**

Address of Filing Company

as the filing company to make all necessary submissions in connection with this Program, and as our representative under our authorization.

**Sam J. Crain Company**

Name of Agent or Broker of Record

Date _____ 19____   By:_____

Official Title

### III. DESIGNATION OF SPONSORING RATING BUREAU

TO EACH RATING BUREAU WITH RESPECT TO ITS OWN JURISDICTION

**Covil Insulation Company, Inc.**

Name of Insured

We hereby designate   **S.C. Inspection & Rating Bureau**

Name of Sponsoring Rating Bureau

as the Sponsoring Rating Bureau for the rating of insurance for this insured under this Program approved for use in the respective jurisdictions.

We hereby certify that this insured has applied for rating under this Program and one or more of the properties shown in the Application for coverage rate is located in the area in which the designated bureau has jurisdiction and such three is also (1) one in which (1) the greatest values is located, or (2) the insured's domicile or principal place of business is situated, or (3) the insurance has been negotiated.

**Maryland Casualty Company**

By:_____ Name of Filing Company

Date _____ 19____     Official Title

Form MLB-1 (R4-10-66)

Form MLB-16
(Ed. 11-69)

☐ MLB-200, SMP Liability Insurance Form
Description of Hazards and Locations

☒ MLB-202, Comprehensive General Liability Insurance
Endorsement

| The rating classifications herein, except as specifically provided elsewhere, do not modify any of the provisions of the policy. | Code No. | Premium Bases † | Rates | | Advance Premiums | |
|---|---|---|---|---|---|---|
| | | | *B.I. | P.D. | *B.I. | P.D. |
| (a) Premises—Operations | | (a) Area (Sq. Ft.) (b) Frontage (c) Remuneration | (a) Per 100 Sq. Ft. of Area (b) Per Linear Foot (c) Per $100 of Remuneration | | | |
| (b) Escalators | | (d) Number Insured | (d) Per Landing | | *If Single Limit, Use B.I. | |
| (c) Independent Contractors—Let or Sublet Work | | (e) Cost | (e) Per $100 of Cost | | Include Premium for Premises Medical Payment Insurance | |
| (d) Completed Operations | | (f) Receipts | (f) Per $1,000 of Receipts | | *in B.I. Column. | |
| (e) Products | | (g) Sales | (g) Per $1,000 of Sales | | | |
| **(a) N.C.** | | | | | | |
| Insulation Work Contractors-Construction or erection | 5480 | c) 14,000 | .046 | .160 | 6. | 22. |
| | 3759 | c) 40,000 | .095 | .055 | 38. | 22. |
| **S.C.** | | | | | | |
| | 5480 | c) 686,000 | .071 | .160 | 487. | 1,098. |
| | 3759 | c) 38,000 | .131 | .072 | 50. | 27. |
| **N.C.** | | | | | | |
| | 5480 | c) 546,000 | .046 | .160 | 251. | 874. |
| | 3759 | c) 40,000 | .095 | .058 | 38. | 22. |
| **GA.** | | | | | | |
| | 5480 | c) 185,000 | .095 | .240 | 176. | 444. |
| | 3759 | c) 7,800 | .143 | .103 | 11. | 8. |
| **S.C.** | | | | | | |
| Private Residence | 0770 | EACH 1 | 2.27 | .40 | 2. | |
| **VA.** | | | | | | |
| **TENN.** | 5480 | c) 49,000 | .059 | .168 | 29. | 82 |
| **KENTUCKY** | 5480 | c) 41,000 | .143 | .216 | 59. | 89. |
| **MISS.** | 5480 | If Any | .107 | .207 | | |
| **ALA.** | 5480 | c) 6,000 | .143 | .224 | 9. | 13. |
| **TEXAS** | 5480 | c) 63,000 | .131 | .135 | 83. | 85. |
| **ARK.** | 5480 | c) 4,000 | .167 | .288 | 7. | 12. |
| | 5480 | c) 7,000 | .119 | .224 | 8. | 16. |

† Describe premium basis, if other than stated.

Form MLB-16 (Ed. 11-69)



GENERAL SCHEDULE — SECTION II

Form MLB-16
(Ed. 11-59)

☐ MLB-200, SMP Liability Insurance Form
Description of Hazards and Locations

☐ MLB-202, Comprehensive General Liability Insurance
Endorsement

| The rating classifications herein, except as specifically provided elsewhere, do not modify any of the provisions of the policy. | Code No. | Premium Bases † | | Rates | | Advance Premium | |
|---|---|---|---|---|---|---|---|
| | | | | *B.I. | P.D. | *B.I. | P.D. |
| (a) Premises—Operations | | (a) Area (Sq. Ft.) (b) Frontage (c) Remuneration | (a) Per 100 Sq. Ft. of Area (b) Per Linear Foot (c) Per $100 of Remuneration | | | *If Single Limit, Use B.I Column. | |
| (b) Escalators | | (d) Number Insured | (d) Per Landing | | | | |
| (c) Independent Contractors—Let or Sublet Work | | (e) Cost | (e) Per $100 of Cost | | | *If Single Limit, Use B.I Column. Include Premium for Premises Medical Payment Insurance in B.I Column | |
| (d) Completed Operations | | (f) Receipts | (f) Per $1,000 of Receipts | | | | |
| (e) Products | | (g) Sales | (g) Per $1,000 of Sales | | | | |
| Med. Pay. | Premium $1252 | | | | | 93. | |
| (d) Completed Operations | | | | | | | |
| Building Insulation | 1202F | 3,000,000 | | .067 | .212 | 201. | 636. |
| (e) Products | | | | | | | |
| Building Material NOC | 1080Q | 2,000,000 | | .097 | .048 | 194. | 96. |
| Broad Form Contracts (owners) | 0555H | 3,450,000 | | VRS. | VRS. | 714. | 311. |
| Broad From Contracts (Contractors) | 0555H | 10,000 | | VRS. | VRS. | 12. | 8. |
| Construction Operations | 0514H | 15,000 | | .016 | .000 | 10. | 6. |
| Construction Operations | 0514H | 50,000 | | .016 | .008 | 10. | 6. |
| Personal Injury | Premium $1252. | | 14.1% | | | 177. | |

† Describe premium basis, if other than stated.

Form MLB-16 (Ed. 11-59).



# SMP COMPREHENSIVE CRIME COVERAGE ENDORSEMENT
## SECTION III — CRIME COVERAGE

Form M.L.B.300
(Ed. 10-66)

This endorsement shall be attached to Policy No. _____

_____ Insurance Company _____ of the

(herein called Company)

The Insuring Agreements, General Agreements, Conditions and Limitations and other terms of this endorsement shall apply only as specified herein and none of the provisions, stipulations and other terms of the policy to which this endorsement is attached shall apply to insurance hereunder.

## DECLARATIONS

**Item 1.** Effective Period: from noon on _____ to noon on the

(Month, Day, Year)

effective date of the cancelation or termination of the policy to which this endorsement is attached, standard time at the P.O. Address shown in the policy to which this endorsement is attached as to each of said dates, unless this endorsement is canceled or terminated as hereinafter provided or in any other manner.

**Item 2.** Table of Limits of Liability

| | | |
|---|---|---|
| Insuring Agreement IA | Employee Dishonesty (Commercial Blanket) Coverage | $ 25,000 |
| Insuring Agreement IB | Employee Dishonesty (Blanket Position) Coverage | $ Nil |
| Insuring Agreement II | Loss Inside the Premises Coverage | $ 2,000 (Loc. 1-4) |
| Insuring Agreement III | Loss Outside the Premises Coverage | $ 2,000 (Loc. 1-4) |
| Insuring Agreement IV | Money Orders and Counterfeit Paper Currency Coverage | $ Nil |
| Insuring Agreement V | Depositors Forgery Coverage | $ 25,000 |
| If added by endorsement | | |
| Insuring Agreement | | $ |

**Item 3.** The liability of the Company is subject to the terms of the following endorsements attached hereto:

**Item 4.** The Insured by the acceptance of this endorsement gives notice to the Company terminating or canceling prior bond(s) or policy(ies) No.(s) _____ such termination or cancelation to be effective as of the time this endorsement becomes effective.

The Company, in consideration of the payment of the premium, and subject to the Declarations made a part hereof, the General Agreements, Conditions and Limitations and other terms of this endorsement, agrees with the Insured, in accordance with such of the Insuring Agreements hereof as are specifically designated by the insertion of an amount of insurance in the Table of Limits of Liability of this endorsement, to pay the Insured for:

## INSURING AGREEMENTS

### EMPLOYEE DISHONESTY COMMERCIAL BLANKET COVERAGE

IA. Loss of Money, Securities and other property which the Insured shall sustain, to an amount not exceeding in the aggregate the amount stated in the Table of Limits of Liability applicable to this Insuring Agreement IA through any fraudulent or dishonest act or acts committed by any of the Employees, acting alone or in collusion with others.

### EMPLOYEE DISHONESTY BLANKET POSITION COVERAGE

IB. Loss of Money, Securities and other property which the Insured shall sustain through any fraudulent or dishonest act or acts committed by any of the Employees, acting alone or in collusion with others, the amount of insurance on each of such Employees being the amount stated in the Table of Limits of Liability applicable to this Insuring Agreement IB.

### LOSS INSIDE THE PREMISES COVERAGE

II. Loss of Money and Securities by the actual destruction, disappearance or wrongful abstraction thereof within the Premises or within any Banking Premises or similar recognized places of safe deposit;

Loss of (a) other property by Safe Burglary or Robbery within the Premises or attempt thereat; and (b) a locked cash drawer, cash box or cash register by felonious entry into such container within the Premises or attempt thereat or by felonious abstraction of such container from within the Premises or attempt thereat;

Damage to the Premises by such Safe Burglary, Robbery or felonious abstraction, or by or following burglarious entry into the Premises or attempt thereat, provided with respect to damage to the Premises the Insured is its owner thereof or is liable for such damage.

### LOSS OUTSIDE THE PREMISES COVERAGE

III. Loss of Money and Securities by the actual destruction, disappearance or wrongful abstraction thereof outside the Premises while being conveyed by a Messenger or any armored motor vehicle company, or while within the living quarters in the home of any Messenger;

Loss of other property by Robbery or attempt thereat outside the Premises while being conveyed by a Messenger or any armored motor vehicle company, or by theft while within the living quarters in the home of any Messenger.

### MONEY ORDERS AND COUNTERFEIT PAPER CURRENCY COVERAGE

IV. Loss due to the acceptance in good faith, in exchange for merchandise, Money or services, of any post office or express money order, issued or purporting to have been issued by any post office or express company, if such money order is not paid upon presentation, or due to the acceptance in good faith in the regular course of business of counterfeit United States or Canadian paper currency.

### DEPOSITORS FORGERY COVERAGE

V. Loss which the Insured or any bank which is included in the Insured's proof of loss and in which the Insured carries a checking or savings account, as their respective interests may appear, shall sustain through forgery or alteration of, on or in any check, draft, promissory note, bill of exchange, or similar written promise, order or direction to pay a sum certain in money, made or drawn by or drawn upon the Insured, or made or drawn by one acting as agent of the Insured, or purporting to have been made or drawn as hereinbefore set forth, including

(a) any check or draft made or drawn in the name of the Insured, payable to a fictitious payee and endorsed in the name of such fictitious payee;

(b) any check or draft prepared in a face to face transaction with the Insured, or with one acting as agent of the Insured, by anyone impersonating another and made or drawn payable to the one so impersonated and endorsed by anyone other than the one so impersonated; and

(c) any payroll check, payroll draft or payroll order made or drawn by the Insured, payable to bearer as well as to a named payee and endorsed by anyone other than the named payee without authority from such payee;

whether or not any endorsement mentioned in (a), (b) or (c) be a forgery within the law of the place controlling the construction thereof.

**This Endorsement must be attached to Change Endorsement MLB-20 when issued after the Policy is written.**

Form M.L.B.300 (Ed. 10-66)

Page 1 of 4.

Case 1:18-cv-00932-CCE-LPA   Document 1-1   Filed 11/06/18   Page 25 of 42

Mechanically reproduced facsimile signatures are treated the same as handwritten signatures.

The Insured shall be entitled to priority of payment over loss sustained by any bank aforesaid. Loss under this Insuring Agreement, whether sustained by the Insured or such bank, shall be paid directly to the Insured in its own name, except in cases where such bank shall have already fully reimbursed the Insured for such loss. The liability of the Company to such bank for such loss shall be a part of and not in addition to the amount of insurance applicable to the Insured's office to which such loss would have been allocated had such loss been sustained by the Insured.

If the Insured or such bank shall refuse to pay any of the foregoing instruments made or drawn as hereinbefore set forth, alleging that such instrument is forged or altered, and such refusal shall result in suit being brought against the Insured or such bank to enforce such payment and the Company shall give its written consent to the defense of such suit, then any reasonable attorneys' fees, court costs, or similar legal expenses incurred and paid by the Insured or such bank in such defense shall be considered to be a loss under this Insuring Agreement and the liability of the Company for such loss shall be in addition to any other liability under this Insuring Agreement.

## GENERAL AGREEMENTS

### CONSOLIDATION-MERGER

A. If, through consolidation or merger with, or purchase of assets of, some other concern, any persons shall become Employees, the insurance afforded by this endorsement shall also apply as respects such Employees, provided the Insured shall give the Company written notice thereof within thirty days thereafter and shall pay the Company an additional premium computed pro rata from the date of such consolidation, merger or purchase to the end of the current premium period.

### JOINT INSURED

B. If more than one Insured is covered under this endorsement, the Insured first named shall act for itself and for every other Insured for all purposes of this endorsement. Knowledge possessed or discovery made by any Insured or by any partner or officer thereof shall, for the purposes of Sections 7, 8 and 15, constitute knowledge possessed or discovery made by every Insured. Cancelation of the insurance hereunder as respects any Employee as provided in Section 15 shall apply to every Insured. If, prior to the cancelation or termination of this endorsement, this endorsement or any Insuring Agreement hereof is canceled or terminated as to any Insured, there shall be no liability for any loss sustained by such Insured unless discovered within one year from the date of such cancelation or termination, or as respects Insuring Agreement III, within two years thereafter. Payment by the Company to the Insured first named of any loss under this endorsement shall fully release the Company on account of such loss. If the Insured first named ceases for any reason to be covered under this endorsement, then the Insured next named shall thereafter be considered as the Insured first named for all purposes of this endorsement.

### LOSS UNDER PRIOR BOND OR POLICY

C. If the coverage of an Insuring Agreement of this endorsement, other than Insuring Agreement V, is substituted for any prior bond or policy of insurance carried by the Insured or by any predecessor in interest of the Insured, which prior bond or policy is terminated, canceled or allowed to expire as of the time of such substitution, the Company agrees that such Insuring Agreement applies to loss which is discovered as provided in Section 1 of the Conditions and Limitations and which would have been recoverable by the Insured or such predecessor under such prior bond or policy except for the fact that the time within which to discover loss thereunder had expired; provided:

(1) the insurance under this General Agreement C shall be a part of and not in addition to the amount of insurance afforded by the applicable Insuring Agreement of this endorsement;

(2) such loss would have been covered under such Insuring Agreement had such Insuring Agreement with its agreements, conditions and limitations as of the time of such substitution been in force when the acts or events causing such loss were committed or occurred; and

(3) recovery under such Insuring Agreement on account of such loss shall in no event exceed the amount which would have been recoverable under such Insuring Agreement in the amount for which it is written as of the time of such substitution, had such Insuring Agreement been in force when such acts or events were committed or occurred, or the amount which would have been recoverable under such prior bond or policy had such prior bond or policy continued in force until the discovery of such loss, if the latter amount be smaller.

Insuring Agreement V shall also cover loss sustained by the Insured at any time before the termination or cancelation of Insuring Agreement V, which would have been recoverable under the coverage of some similar form of forgery insurance (exclusive of fidelity insurance) carried by the Insured or any predecessor in interest of the Insured, had such prior forgery insurance given all of the coverage afforded under Insuring Agreement V, provided, with respect to loss covered by this paragraph:

(a) the coverage of Insuring Agreement V is substituted on or after the date carried for such prior forgery coverage and the Insured or such predecessor, as the case may be, carried such prior forgery coverage on the office at which such loss was sustained continuously from the time such loss was sustained to the date the coverage of Insuring Agreement V was substituted therefor;

(b) at the time of discovery of such loss, the period for discovery of loss under all such prior forgery insurance has expired; and

(c) if the amount of insurance carried under Insuring Agreement V applicable to the office at which such loss is sustained is larger than the amount applicable to such office under such prior forgery insurance, and in force at the time such loss is sustained, then liability hereunder for such loss shall not exceed the smaller amount.

## THE FOREGOING INSURING AGREEMENTS AND GENERAL AGREEMENTS ARE SUBJECT TO THE FOLLOWING CONDITIONS AND LIMITATIONS.

### EFFECTIVE PERIOD, TERRITORY, DISCOVERY

Section 1. Loss is covered under Insuring Agreement III of this endorsement only if discovered not later than two years from the end of the Effective Period of this endorsement. Except under Insuring Agreement III, loss is covered under this endorsement only if discovered not later than one year from the end of such Effective Period.

Subject to General Agreement C:

(a) this endorsement, except under Insuring Agreement IA, IB and V, applies only to loss which occurs during the Effective Period of this endorsement within any of the States of the United States of America, the District of Columbia, Virgin Islands, Puerto Rico, Canal Zone or Canada;

(b) Insuring Agreements IA and IB apply only to loss sustained by the Insured through fraudulent or dishonest acts committed during the Effective Period of this endorsement by any of the Employees engaged in the regular service of the Insured within the territory designated above or while such Employees are elsewhere for a limited period;

(c) Insuring Agreement V applies only to loss sustained during the Effective Period of this endorsement.

### EXCLUSIONS

Section 4. This endorsement does not apply:

(a) to loss due to any fraudulent, dishonest or criminal act by any Insured or a partner therein, whether acting alone or in collusion with others;

(b) under Insuring Agreement IA or IB, to loss, or to that part of any loss, as the case may be, the proof of which, either as to its factual existence or as to its amount, is dependent upon an inventory computation or a profit and loss computation; provided, however, that this paragraph shall not apply to loss of Money, Securities or other property which the Insured can prove, through evidence wholly apart from such computations, is sustained by the Insured through any fraudulent or dishonest act or acts committed by any one or more of the Employees;

(c) under Insuring Agreements II and III, to loss due to any fraudulent, dishonest or criminal act by an Employee, director, trustee or authorized representative of any Insured, while working or otherwise and whether acting alone or in collusion with others; provided, this Exclusion does not apply to Safe Burglary or Robbery or attempt thereat;

(d) under Insuring Agreements II and III, to loss due to war, whether or not declared, civil war, insurrection, rebellion or revolution, or to any act or condition incident to any of the foregoing;

(e) under Insuring Agreements II and III, to loss (1) due to the giving or surrendering of Money or Securities in any exchange or purchase; (2) due to accounting or arithmetical errors or omissions; or (3) of manuscripts, books of account or records;

3276

(f) under Insuring Agreement II, to loss of Money contained in coin operated amusement devices or vending machines, unless the amount of Money deposited within the device or machine is recorded by a continuous recording instrument therein;

(g) under Insuring Agreement III, to loss of insured property while in the custody of any armored motor vehicle company, unless such loss is in excess of the amount recovered or received by the Insured under (1) the Insured's contract with said armored motor vehicle company, (2) insurance carried by said armored motor vehicle company for the benefit of users of its service, and (3) all other insurance and indemnity in force in whatsoever form carried by or for the benefit of users of said armored motor vehicle company's service, and then this endorsement shall cover only such excess;

(h) under Insuring Agreement II, to loss, other than to money, securities, a safe or vault, by fire whether or not such fire is caused by, contributed to by, or arises out of the occurrence of a hazard insured against;

(i) under Insuring Agreements II and III, to loss due to nuclear action, nuclear radiation, or radio active contamination, or to any act or condition incident to any of the foregoing.

### DEFINITIONS

**Section 3.** The following terms, as used in this endorsement shall have the respective meanings stated in this Section:

"Money" means currency, coins, bank notes and bullion; and travelers checks, register checks and money orders held for sale to the public.

"Securities" means all negotiable and non-negotiable instruments or contracts representing either Money or other property and includes revenue and other stamps in current use, tokens and tickets, but does not include Money.

"Employee" means any natural person (except a director or trustee of the Insured, if a corporation, who is not also an officer or employee thereof in some other capacity) while in the regular service of the Insured in the ordinary course of the Insured's business during the Effective Period of this endorsement and whom the Insured compensates by salary, wages or commissions and has the right to govern and direct in the performance of such service, but does not mean any broker, factor, commission merchant, consignee, contractor or other agent or representative of the same general character. As applied to loss under Insuring Agreement IA or IB the above words "while in the regular service of the Insured" shall include the first 30 days thereafter subject, however, to Sections 15 and 16.

"Premises" means the interior of that portion of any building which is occupied by the Insured in conducting its business.

"Banking Premises" means the interior of that portion of any building which is occupied by a banking institution in conducting its business.

"Messenger" means the Insured or a partner of the Insured or any Employee who is duly authorized by the Insured to have the care and custody of the insured property outside the Premises.

"Custodian" means the Insured or a partner of the Insured or any Employee who is duly authorized by the Insured to have the care and custody of the insured property within the Premises, excluding any person while acting as a watchman, porter or janitor.

"Robbery" means the taking of insured property (1) by violence inflicted upon a Messenger or a Custodian; (2) by putting him in fear of violence; (3) by any other overt felonious act committed in his presence and of which he was actually cognizant, provided such other act is not committed by a partner or Employee of the Insured; (4) from the person or direct care and custody of a Messenger or Custodian who has been killed or rendered unconscious; (5) under Insuring Agreement II, (a) from within the Premises by means of compelling a Messenger or Custodian by violence or threat of violence while outside the Premises to admit a person into the Premises or to furnish him with means of ingress into the Premises, or (b) from a showcase or show window within the Premises while regularly open for business, by a person who has broken the glass thereof from outside the Premises.

"Safe Burglary" means (1) the felonious abstraction of insured property from within a vault or safe, the door of which is equipped with a combination lock, located within the Premises by a person making a felonious entry into such vault or safe and any vault containing the safe, when all doors thereof are duly closed and locked by all combination locks thereon, provided such entry shall be made by actual force and violence, of which force and violence there are visible marks made by tools, explosives, electricity or chemicals upon the exterior of (a) all of said doors of such vault or safe and any vault containing the safe, if entry is made through such doors, or (b) the top, bottom or walls of such vault or safe and any vault containing the safe through which entry is made, if not made through such doors, or

(2) the felonious abstraction of such safe from within the Premises.

"Loss", except under Insuring Agreements IA, IB and V, includes damage.

### LOSS CAUSED BY UNIDENTIFIABLE EMPLOYEE

**Section 4.** If a loss is alleged to have been caused, by the fraud or dishonesty of any one or more of the Employees covered under Insuring Agreement IA or IB, is the case may be, and the Insured shall be unable to designate the specific Employee or Employees causing such loss, the Insured shall nevertheless have the benefit of such applicable Insuring Agreement subject to the provisions of Section 2(b) of this endorsement provided that the evidence submitted reasonably proves that the loss was in fact due to the fraud or dishonesty of one or more of the said Employees, and provided, further, that the aggregate liability of the Company for any such loss shall not exceed the Limit of Liability applicable to such Insuring Agreement.

### OWNERSHIP OF PROPERTY; INTERESTS COVERED

**Section 5.** The insured property may be owned by the Insured, or held by the Insured in any capacity whether or not the Insured is liable for the loss thereof, or may be property as respects which the Insured is legally liable, provided, Insuring Agreements I, III and IV apply only to the interest of the Insured in such property, including the Insured's liability to others, and do not apply to the interest of any other person or organization in any of said property unless included in the Insured's proof of loss, in which event the third paragraph of Section 8 is applicable to them.

### BOOKS AND RECORDS

**Section 6.** The Insured shall keep records of all the insured property in such manner that the Company can accurately determine therefrom the amount of loss.

### PRIOR FRAUD, DISHONESTY OR CANCELATION

**Section 7.** The coverage of Insuring Agreement IA or IB shall not apply to any Employee from and after the time that the Insured, or any partner or officer thereof not in collusion with such Employee, shall have knowledge or information that such Employee has committed any fraudulent or dishonest act in the service of the Insured or otherwise, whether such act be committed before or after the date of employment by the Insured.

If, prior to the issuance of this endorsement, any fidelity insurance in favor of the Insured or any predecessor in interest of the Insured and covering one or more of the Insured's Employees shall have been canceled as to any of such Employees by reason of the giving of written notice of cancelation by the insurer issuing such fidelity insurance whether the Company or not, and if such Employees shall not have been reinstated under the coverage of said fidelity insurance or superseding fidelity insurance, the Company shall not be liable on account of such Employees unless the Company shall agree in writing to include such Employees within the coverage of Insuring Agreement IA or IB, as the case may be.

### LOSS; NOTICE; PROOF; ACTION AGAINST COMPANY

**Section 8.** Upon knowledge or discovery of loss or of an occurrence which may give rise to a claim for loss, the Insured shall: (a) give notice thereof as soon as practicable to the Company or any of its authorized agents and, except under Insuring Agreements IA or IB, also to the police if the loss is due to a violation of law; (b) file detailed proof of loss, duly sworn to, with the Company within four months after the discovery of loss.

Proof of loss under Insuring Agreement V shall include the instrument which is the basis of claim for such loss, or it if shall be impossible to file such instrument, the affidavit of the Insured or the Insured's bank of deposit setting forth the amount and cause of loss shall be accepted in lieu thereof.

Upon the Company's request, the Insured shall submit to examination by the Company, subscribe the same, under oath if required, and produce for the Company's examination all pertinent records, all of such reasonable times and places as the Company shall designate, and shall cooperate with the Company in all matters pertaining to loss or claims with respect thereto.

No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all terms of this endorsement nor until ninety days after the required proofs of loss have been filed with the Company, nor at all unless commenced within two years from the date when the Insured discovers the loss. If any limitation of time for such action is at variance with any legal proceeding by an contained is shorter than that permitted to be used by agreement under any statute controlling the construction of this endorsement the shortest permissible statute, limitation of time shall govern and shall supersede the time limitation herein stated.

### VALUATION — PAYMENT — SETTLEMENT

**Section 9.** In no event shall the Company be liable as respects Securities for more than the actual cash value thereof at the close of business on the business day next preceding the day on which

Form M1-3-406 (Ed. 10-66)

Form MLB-16
(Ed. 1-40)

☐ MLB-200, SMP Liability Insurance Form
Description of Hazards and Locations

☑ MLB-202, Comprehensive General Liability Insurance Endorsement

| The rating classifications herein, except as specifically provided elsewhere, do not modify any of the provisions of the policy | Code No. | Premium Bases | Rates | | Advance Premiums | |
|---|---|---|---|---|---|---|
| | | | *B.I. | P.D. | *B.I. | P.D. |
| (a) Premises—Operations | | (a) Area (Sq. Ft.) (b) Frontage (c) Remuneration (d) Number Insured (e) Cost (f) Receipts (g) Sales | (a) Per 100 Sq. Ft. of Area (b) Per Linear Foot (c) Per $100 of Remuneration (d) Per Landing (e) Per $100 of Cost (f) Per $1,000 of Receipts (g) Per $1,000 of Sales | | If Single Limit, Use B.I. Column. Include Premium for Premises Medical Payment Insurance in B.I. Column. | |
| (b) Escalators | | | | | | |
| (c) Independent Contractors—Let or Sublet Work | | | | | | |
| (d) Completed Operations | | | | | | |
| (e) Products | | | | | | |

(a) N.C.          *Place Codes*
                  04110
Insulation Work
Contractors-Construction or
erection

| | | | | | | |
|---|---|---|---|---|---|---|
| | 5480 | c) 14,000 | .046 | .160 | 6. | 22. |
| | 3759 | c) 40,000 | .095 | .055 | 38. | 22. |

S.C.              02310

| | 5480 | c) 686,000 | .071 | .160 | 487. | 1,098. |
|---|---|---|---|---|---|---|
| | 3759 | c) 38,000 | .131 | .072 | 50. | 27. |

N.C.              09800

| | 5480 | c) 546,000 | .046 | .160 | 251. | 874. |
|---|---|---|---|---|---|---|
| | 3759 | c) 40,000 | .095 | .055 | 38. | 22. |

GA.               12110

| | 5480 | c) 185,000 | .095 | .240 | 176. | 444. |
|---|---|---|---|---|---|---|
| | 3759 | c) 7,800 | .143 | .103 | 11. | 8. |

S.C.
Private Residence 02310

| | 0770 | EACH 1 | 2.27 | .40 | 2. | |
|---|---|---|---|---|---|---|
| VA. 09700 | 5480 | c) 49,000 | .059 | .168 | 29. | 82 |
| TENN. 03310 | 5480 | c) 41,000 | .143 | .216 | 59. | 89. |
| KENTUCKY 05910 | 5480 | If Any | .107 | .207 | | |
| MISS. 02510 | 5480 | c) 6,000 | .143 | .224 | 9. | 13. |
| ALA. 03710 | 5480 | c) 63,000 | .131 | .155 | 83. | 85. |
| TEXAS 22110 | 5480 | c) 4,000 | .167 | .288 | 7. | 12. |
| ARK. 06610 | 5480 | c) 7,000 | .119 | .224 | 8. | 16. |

*Inland Marine coverage
applies only to 585(?)
interior furnings (?) Co.
Greenville S.C.*

† Describe premium basis, if other than stated.

Form MLB-16 (Ed. 1-40)

# CHANGE ENDORSEMENT

This endorsement is made a part of Policy No. AL-100807

of the **Northern Insurance Company**
*(Name of Insurance Company)*

and becomes effective on 5/6/70 at Noon standard time at the location of the
*(Date)* described property.

Name of Insured **Covil Insulation Company, Inc.**

Location of Premises and Occupancy **See MLB 22**

Policy Term: 3 years, From 3/31/70 To 3/31/73

Loss Pble Cl. No. 1 Yes _____ applicable; Loss Dec Cl. No. 2 Yes _____ applicable; Other (specify) _____

Forms and Endorsements applicable _____

It is agreed that:

(a) The policy is amended as follows:

Location # 7- 721 Roosevelt Ave, Albany, Georgia
is hereby added.

(b) With respect to those coverages and kinds of property for which a specific limit of liability is shown, the limit of the Company's liability shall be changed, to read as stated in the Limits of Liability column headed "New" and, under Such limits are in lieu of the Limits of Liability stated in the policy and not in addition thereto.

## SECTION I — PROPERTY COVERAGE

| Coverage Description | Loc. No. | Bldg. No. | LIMITS OF LIABILITY | | | | PREMIUMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Previous Limit | New Limit | Old Rate | New Rate | Old Premium | New Premium | ☐ Addl. | ☐ Return |
| B | 7 | 1 | $ | $25,000 | | | $ | $ 270. | | $270. |
| | | | $ | $ | | | $ | $ | | $ |
| | | | $ | $ | | | $ | $ | | $ |

## SECTION II — LIABILITY COVERAGE

| Coverage | Limits of Liability | | PREMIUMS | | | |
|---|---|---|---|---|---|---|
| | | | Old Premium | New Premium | ☐ Addl. | ☐ Return |
| C. Bodily Injury & Property Damage Liability | each Occurrence | $ | $ | $ | | $ 60. |
| | aggregate | $ | | | | |
| D. Premises Medical Payments | each Person | $ | $ | $ | | $ |
| | each Accident | $ | | | | |

**TOTAL $330.**

## PREMIUM RECAPITULATION

| Due at Endorsement Effective Date | Additional Premium | Return Premium |
|---|---|---|
| 5/6/70 | $30.00 | $ |

Premium adjustment if the Premium is payable in annual installments

| Dates Due | Original Installments | Increase | Decrease | Revised Installments |
|---|---|---|---|---|
| 3/31/71 | $ 12,176. | $ 110.00 | $ | $ 2,286. |
| 3/31/72 | $ 12,176. | $ 110.00 | $ | $ 2,286. |
| Total Premium to Policy Expiration | $4,181,70 | | | |

By: **Sam J. Cobb**

Agency _____

Case 1:18-cv-00932-CCE-LPA   Document 1-1   Filed 11/06/18   Page 30 of 42

CV_INS

**CFC**

**CHANGE ENDORSEMENT  # 2**

Form MLB-20
(Rd. 11-68)

This endorsement is made a part of Policy No. __41-130197__

of the __Northern Insurance Company__

_Name of Insurance Company_

and becomes effective on __5/25/70__ at __Noon__ standard time at the location of the
_(Date)_
described property:

Name of Insured __COVIL INSULATION COMPANY, INC.__

Location of Premises and Occupancy __SEE MLB-22__

Policy Term: 3 years From __3/31/70__ To __3/31/73__

Loss Ded. Cl. No. 1 __YES__ applicable; Loss Ded. Cl. No. 2 __YES__ applicable; Other (specify) _____

Forms and Endorsements applicable: _____

It is agreed that:

(a) The policy is amended as follows:
FORMS MLB-102 and MLB-121 ARE HEREBY ADDED AND APPLY ONLY TO
SECTION OF BUILDING UNDER CONSTRUCTION AT 523 (R) SULPHUR
SPRINGS ROAD, GREENVILLE, SOUTH CAROLINA

(b) With respect to those coverages and kinds of property for which a specific limit of liability is shown, the limit of
the Company's liability shall be changed to read as stated in the Limits of Liability columns herein. Such limits are
in lieu of the Limits of Liability stated in the policy and not in addition thereto.

### SECTION I — PROPERTY COVERAGE

| Coverage Description | Loc. No. | Bldg. No. | LIMITS OF LIABILITY | | Old Rate | New Rate | PREMIUMS | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | Previous Limit | New Limit | | | Old Premium | New Premium | ☒ Add'l ☐ Return |
| A | | | $ 25,000 | $ | | | $ | $ | $ 96. |
| | | | $ | $ | | | $ | $ | |

### SECTION II — LIABILITY COVERAGE

| Coverage | Limits of Liability | | PREMIUMS | | |
|---|---|---|---|---|---|
| | | | Old Premium | New Premium | ☒ Add'l ☐ Return |
| C. Bodily Injury & Property Damage Liability | $ each Occurrence | $ Aggregate | $ | $ | $ |
| D. Premises Medical Payments | $ each Person | $ each Accident | $ | $ | $ 24. |

TOTAL $ __120.__

### PREMIUM RECAPITULATION

Due at Endorsement Effective Date:

| 5/25/70 | Additional Premium | Return Premium |
|---|---|---|
| | $ 34.00 | $ |

Premium adjustment if the Premium is payable in annual installments.

| Dates Due | Original Installments | Increase | Decrease | Revised Installments |
|---|---|---|---|---|
| 3/31/71 | $ 12,136. | $ 40.00 | $ | $ 12,176. |
| 3/31/72 | $ 12,136. | $ 40.00 | $ | $ 12,176. |
| Total Premium to Policy Expiration | | $ 114.00 | $ | |

__Sam L. Crain Co.__ Agency

By _____

Form MLB-20 (Rd. 11-68)

Case 1:18-cv-00932-CCE-LPA   Document 1-1   Filed 11/06/18   Page 32 of 42

CHANGE ENDORSEMENT   A1

This endorsement is made a part of Policy No. 41-190897

of the    Northern Insurance Co.

and becomes effective on _____ 5/18/71 _____

described property.     Covil Insulation Inc.;  et al

Name of Insured

Location of Premises and Occupancy     Various

Policy Term: 3 years, from _____ 3/31/70 _____ to _____ 3/31/73 _____

Last Date C.P.I.  YES  applicable, Loss Dec. G No. 1   YES   applicable;  Other (specify)

Names and Endorsements applicable

It is agreed that:

(a) The policy is amended to delete:

Policy amended as per Form 4202S.

SECTION I — PROPERTY COVERAGE

SECTION II — LIABILITY COVERAGE

| Coverage | Loc Bldg No. | Previous Limit | New Limit | Old Rate | New Rate | Old Premium | New Premium | PREMIUMS |
|---|---|---|---|---|---|---|---|---|
| C Bodily Injury & Prop. Lty-Occur/Liability | $ | $ | Limits of Liability | $ | $ | $ | $ | ☐ Add'l ☐ Return |
| D. Premises Medical Payments | $ | $ | Each Person | Each Accident | | | | |

PREMIUM RECAPITULATION

| Policy Expiration | Total Premium to | Prem at Reinstatement | Effective Date | Original Installments | Additional Premium | Return Premium | Decrease | Revised Installments |
|---|---|---|---|---|---|---|---|---|
| 3/31/72 | $ 12,286. | 5/18/71 | $ 1,093. | $ 1,591 | $ 1,093. | | $ 2,494. | 13,677 |

By _____    Sam J. Cribbs & Co.    Agency

ENDORSEMENT #5

Location # 1 Contents Coverage is increased to $425,000.

Location # 3 Contents Coverage is increased to $110,000.

Location  amended to read 929 Wilco Blvd, Wilson, NC

Location # 4, contents coverage increased to $ 90,000.

Location # 7 contents coverage increased to $ 50,000.

$3000.   Office contents special form and  $7500 Mercantile

Open Stock coverage are hereby added.

| KIND OF BUSINESS | | | PREMIUMS | |
|---|---|---|---|---|
| | LINE | CODE | ADDITIONAL | RETURN |
| Bodily Injury | | | $ | $ |
| Property Damage | | | $ | $ |
| Collision | | | $ | $ |
| A. P. D. | | | $ | $ |
| Miscellaneous | | | $ | $ |
| Totals | | | $ | $ |
| Net Additional or Return Premium | | | $ | $ |

| State Code | Comm. Rate | Fire District |
|---|---|---|

| TRANS | This endorsement forms a part of | Issued to | And is effective on and after |
|---|---|---|---|
| 31 | Policy No. | | |

Nothing herein contained shall be held to vary, alter, waive or extend any  of the terms, limits or conditions of the policy, except as hereinabove set forth.

| Term | Effective date | Expiration date | Company | B.O. | Producer | M-1 | Q-2 | 1/A-3 | A-4 | Ind. Risk | Stat. Plan |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Subject to Audit | | | | | |

| Pest. | Bal'g. | Merit | State | Comm. | Branch Office | Agent |
|---|---|---|---|---|---|---|

Authorized Representative

(02) ☐ MARYLAND CASUALTY COMPANY
(07) ☐ NORTHERN INSURANCE COMPANY OF NEW YORK
(08) ☐ ASSURANCE COMPANY OF AMERICA
(06) ☐ MAINE BONDING AND CASUALTY COMPANY
(03) ☐ MARYLAND AMERICAN GENERAL INSURANCE CO.
(04) ☐ NATIONAL STANDARD INSURANCE COMPANY

S. & S. 42025     5-69     Printed in U.S.A.
[ ENDORSEMENT ]

HOME OFFICE COPY

**CfC**

## CHANGE ENDORSEMENT #8

This endorsement is made a part of Policy No. **41-190897**

of the **Northern Insurance Company**

Name of Insurance Company

and becomes effective on **3-31-72** at **Noon** standard time at the location of the

(Date)

described property

Name of Insured **Covil Insulation Company**

Location of Premises and Occupancy **See MLB-22**

Policy Term: 3 years, From **5-31-70** To **3-31-73**

Loss Ded. Cl. No. 1 **yes** applicable; Loss Ded. Cl. No. 2 **yes** applicable; Other (specify)

Forms and Endorsements applicable:

It is agreed that:

(a) The policy is amended as follows: **Form 3591 is hereby added**

*Offset*

(b) With respect to those coverages and kinds of property for which a specific limit of liability is shown, the limit of the Company's liability shall be changed to read as stated in the Limits of Liability columns herein. Such limits are in lieu of the Limits of Liability stated in the policy and not in addition thereto.

### SECTION I — PROPERTY COVERAGE

| Coverage Descrip- tion | Loc. No. | Bldg. No. | LIMITS OF LIABILITY | | Old Rate | New Rate | PREMIUMS | | ☐ Add'l ☐ Return |
|---|---|---|---|---|---|---|---|---|---|
| | | | Previous Limit | New Limit | | | Old Premium | New Premium | |
| | | | $ | $ | | | $ | $ | $ |
| | | | $ | $ | | | $ | $ | $ |

### SECTION II — LIABILITY COVERAGE

| Coverage | Limits of Liability | | Old Premium | New Premium | PREMIUMS ☐ Add'l ☐ Return |
|---|---|---|---|---|---|
| C. Bodily Injury & Prop- erty Damage Liability | $ each Occurrence | $ Aggregate | $ | $ | $ |
| D. Premises Medical Payments | $ each Person | $ each Accident | $ | $ | $ |

TOTAL $

### PREMIUM RECAPITULATION

| Due at Endorsement Effective Date: | Additional Premium | Return Premium |
|---|---|---|
| **3-31-72** | $ **322.00** | $ |

*FF 3/27/72*

Premium adjustment if the Premium is payable in annual installments.

| Dates Due | Original Installments | Increase | Decrease | Revised Installments |
|---|---|---|---|---|
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| Total Premium to Policy Expiration | | $ **322.00** | $ | |

**Sam J. Crain & Co.** Agency

By

Form MLB-70 (Ed. 11-58)

3386

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

COMPREHENSIVE GENERAL LIABILITY INSURANCE
MANUFACTURERS' AND CONTRACTORS' LIABILITY INSURANCE
OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE
CONTRACTUAL LIABILITY INSURANCE

# BROAD FORM PROPERTY DAMAGE ENDORSEMENT—

### Excluding Completed Operations

CLASSIFICATION AND ESTIMATED ADVANCE PREMIUM
Broad Form Property Damage Coverage (Excluding Completed Operations) ..........

Estimated Advance Premium $ ............

| Item No. | % of U.L. M&C, OLT and Contractual P.D. Premium | Rate | Prem. |
|---|---|---|---|
| | | | |

Named Insured ................................................

Policy Number 41-1908897  Cavill Insulation Co.  Effective date 3-31-72

LOSS PAYABLE

It is stipulated that any loss due the Insured under this policy shall be held payable to **Equipment Leasing Corporation, 1930 Augusta Road, Drawer 8457, Greenville, S. C.** as Interest may appear, subject, nevertheless, to all conditions of the policy.

Note to Agents—The "attaching" portion may be torn off when the policy is written.

Attached to and forming part of Policy No. **41-150897** of the

Issued at its _____ NAME OF INSURANCE COMPANY

Dated _____ CITY OR TOWN _____ STATE _____ Agency.

**Sam J. Crain & Co.** Agent

No. 520 (9-45) (Ala., Fla., S. C.)

No. 520 (9-45) (Ala., Fla., S. C.)

BROAD FORM PROPERTY DAMAGE ENDORSEMENT

Excluding Completed Operations





CHANGE ENDORSEMENT # 9

Form MLB-21

This endorsement is made a part of Policy No. 41-190997 of the NORTHERN INSURANCE CO. (Name of Insurance Company)

and becomes effective on 3/31/72 at NOON standard time at the location of the described property.

Name of Insured COVIL INSULATION CO, INC.

Location of Premises and Occupancy SEE MLB-22

Policy Term 3 years From 3/31/70 To 3/31/73 Loss Ded. Cl. No. 1 YES Applicable; Loss Ded. Cl. No. 2 YES Applicable.

Other Loss Ded. Cl. applicable (specify) ______ Forms applicable ______

It is agreed that:

(a) The policy is amended as follows:

FORM 520 IS HEREBY ADDED.

CCS-28

ATTACH TO POLICY No. 41-190997 ... 10 ...

(b) With respect to those coverages and kinds of property for which a specific limit of liability is shown, the limits of the Company's liability shall be changed to read as stated in the Limits of Liability columns herein. Such limits are in lieu of the Limits of Liability stated in the policy and not in addition thereto.

SECTION I — PROPERTY COVERAGE

| Coverage Description | Loc. No. | Bldg. No. | LIMITS OF LIABILITY Previous Limit | New Limit | Old Rate | New Rate | PREMIUMS Old Premium | New Premium | ☐ Add'l ☐ Return |
|---|---|---|---|---|---|---|---|---|---|
| | | | $ | $ | | | $ | $ | $ |
| | | | $ | $ | | | $ | $ | $ |

SECTION II — LIABILITY COVERAGE

| Coverage | Limits of Liability | | PREMIUMS Old Premium | New Premium | ☐ Add'l ☐ Return |
|---|---|---|---|---|---|
| C. Bodily Injury & Property Damage Liability | $ each Occurrence | $ Aggregate | $ | $ | $ |
| D. Premises Medical Payments | $ each Person | $ each Accident | $ | $ | $ |

TOTAL $

PREMIUM RECAPITULATION

| | Previous Installments | Additional Premium | Return Premium | Amount Due |
|---|---|---|---|---|
| Dates of subsequent installments 2 | $ | $ | $ | $ |
| If payable in annual installments: 3 | $ | $ | $ | $ |
| Date of Change: | | $ | $ | $ |
| Total for remainder of policy term: | | $ | $ | ☐ Additional ☐ Return |

CP 0045 3946

SAM J. CRAIN/ Agency, By

Form MLB-21 (Ed. 1-71)

No. 520
Ala.-Fla.-S. C.
(Edition 9-66)

LOSS PAYABLE

It is stipulated that any loss due the Insured under this policy shall be held payable to **BANK OF ASHEVILLE**

**P O BOX 1881, ASHEVILLE, NC**

as **THEIR** interest may appear, subject, nevertheless, to all conditions of the policy.

Note to Agents: The "attaching" portion may be torn off, if the "this" portion be attached when the policy is written.

Attached to and forming part of Policy No. **41-190897** of the

**NORTHERN INSURANCE CO.** ———————————————— NAME OF INSURANCE COMPANY

Issued at its ——————————— CITY OR TOWN ————————— STATE ————————— Agency, ———————————————

Dated ———————————————— **SAM J CRAIN CO.**

Agent

No. 520 (9-66). (Ala., Fla., S. C.)

No. 520 (9-66) (Ala., Fla., S. C.)

# CHANGE ENDORSEMENT

This endorsement forms a part of Policy No. 41-100809
of the **Northern Insurance Company**

and becomes effective on 4/28/72 12:00 Noon standard time at the location of the described property.

Name of Insured: Covil Insulation Co., Inc.
Location of Premises and Structures:

Policy From: 5/31/71 to 5/31/73 Loss Ded. Cl. No. 1 18 Applicable; Loss Ded. Cl. No. 2 18 Applicable;
Other Loss Ded. Cl. applicable (specify): _____ Forms applicable: _____
It is agreed that:
(a) The policy is amended as follows:

In consideration of a flat charge of $50.00 CGL and Contractual
Liability limits are increased to 1,000,000/1,000,000 for the
job for Liggett and Myers, Inc., Durham, North Carolina only.
No higher limits of liability are approved.

KK
8-3-72

(b) With respect to those coverages and kinds of property for which a specific limit of liability is shown, the limit of the Company's liability shall be changed to read as stated in the Limits of Liability columns herein. Such limits are in lieu of the Limits of Liability stated in the policy and not in addition thereto.

## SECTION I — PROPERTY COVERAGE

| Coverage Description | Loc. No | Bldg. No. | LIMITS OF LIABILITY | | Old Rate | New Rate | PREMIUMS | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | Previous Limit | New Limit | | | Old Premium | New Premium | Add'l / Return |
| | | | $ | $ | | | $ | $ | $ |
| | | | $ | $ | | | $ | $ | $ |

## SECTION II — LIABILITY COVERAGE

| Coverage | Limits of Liability | | PREMIUMS | | |
|---|---|---|---|---|---|
| | | | Old Premium | New Premium | Add'l / Return |
| C. Bodily Injury & Property Damage Liability | $ each Occurrence | $ Aggregate | $ | $ | $ |
| D. Premises Medical Payments | $ each Person | $ each Accident | $ | $ | $ |

TOTAL $

## PREMIUM RECAPITULATION

| | Previous Installments | Additional Premium | Return Premium | Amount Due |
|---|---|---|---|---|
| Dates of subsequent installments, if payable in annual installments. | $ | $ | $ | $ |
| Date of Change: 7/28/72 | $ | $ 50.00 | $ | $ |
| Total for remainder of policy term: | $ | $ 50.00 | $ | Additional / Return |

Sam J. Craig & Co., Inc.
Agency, by

Form No. 424 (Rev. 9-67)

# CHANGE ENDORSEMENT

This endorsement is made a part of Policy No. __41-190897__
of the __Northern Insurance Company__

Name of the Insurance Company

and becomes effective on __6/28/72   12:00 Noon__ standard time at the location of the described property.

Name of the Insured __Covil Insulation Co., Inc.__

Location of Premises and Operations

Policy Term 3 years from 3/31/70 to 3/31/73 Loss Ded. Cl No. 1 applicable; Loss Ded. Cl No. 2 applicable

Other Loss Ded. Cl. applicable (specify) _____ Premium applicable _____

It is agreed that:

(a) The policy is amended as follows:

In consideration of a flat charge of $50.00 CCL and Contractual
Liability limits are increased to 1,000,000/3,000,000 for the
job for Liggett and Myers, Inc., Durham, North Carolina only.
No higher limits of liability are approved.

(b) With respect to those coverages and kinds of property for which a specific limit of liability is shown, the limit of
the Company's liability shall be changed to read as stated in the Limits of Liability columns herein. Such limits are
in lieu of the Limits of Liability stated in the policy and not in addition thereto.

## SECTION I — PROPERTY COVERAGE

| Coverage Designation | Loc. No. | Bldg. No. | LIMITS OF LIABILITY | | Old Rate | New Rate | PREMIUMS | | ☐ Add'l ☐ Return |
|---|---|---|---|---|---|---|---|---|---|
| | | | Previous Limit | New Limit | | | Old Premium | New Premium | |
| | | | $ | $ | | | $ | $ | $ |
| | | | $ | $ | | | $ | $ | $ |

## SECTION II — LIABILITY COVERAGE

| Coverage | Limits of Liability | | PREMIUMS | | ☐ Add'l ☐ Return |
|---|---|---|---|---|---|
| | | | Old Premium | New Premium | |
| C. Bodily Injury & Property Damage Liability | $ each Occurrence | $ Aggregate | $ | $ | $ |
| D. Premises Medical Payments | $ each Person | $ each Accident | $ | $ | $ |

TOTAL $

## PREMIUM RECAPITULATION

| | Previous Installments | Additional Premium | Return Premium | Amount Due |
|---|---|---|---|---|
| Under 3 with annual installments, 7 | $ | $ | $ | $ |
| w-periods, in annual installments, 3 | $ | $ | $ | $ |
| Date of Change __6/28/72__ | | $ 50.00 | $ | ☐ Additional |
| Total for remainder of policy term | | $ 50.00 | $ | ☐ Return |

Corn 3 Circle 6 Co., Inc. Agency. By

**CHANGE ENDORSEMENT #11**

Form MLB-31 (Ed. 1-71)

This endorsement is made a part of Policy No. 41-190897
of the **Northern Insurance Company**

and becomes effective on __1/1/73__, **Noon** standard time at the location of the described property.

Name of Insured __Covil Insulation Co.__

Location of Premises and Inventory __Per MLB-22__

Policy Term 3years From 3/31/70 To 3/31/73 Loss Ded. Cl. No. 1 applicable; Loss Ded. Cl. No. 2 applicable;
Other Loss Ded. Cl. (if applicable) (specify) _____ Forms applicable _____

It is agreed that:
(a) The policy is amended as follows:

**Location 523(R) Sulphur Springs Rd., Berea Dist., Greenville, SC
is hereby added.** $3000 fire, Vandal Coverage #1041

**Item #1-A of Form 40090 is amended to read:
$40,000 Additional Coverage added per schedule on file
with Company at 4830 Park Rd., Charlotte, NC**

(b) With respect to those coverages and kinds of property for which a specific limit of liability is shown, the limit of that Company's liability shall be changed to read as shown at the Limits of Liability columns herein. Such limits are in sum of the Limits of Liability stated in the policy and not an addition thereto.

### SECTION I — PROPERTY COVERAGE

| Coverage Descrip- tion | Loc. No. | Bldg No. | LIMITS OF LIABILITY | | Old Rate | New Rate | PREMIUMS | | Add/ Return |
|---|---|---|---|---|---|---|---|---|---|
| | | | Previous Limit | New Limit | | | Old Premium | New Premium | |
| | | | $ | $ | | | $ | $ | $ 17.73 |
| | | | $ | $ | | | $ | $ | $ |

### SECTION II — LIABILITY COVERAGE

| Coverage | Limits of Liability | | Old Premium | New Premium | Add/ Return |
|---|---|---|---|---|---|
| C. Bodily Injury & Property Damage Liability | $ each Occurrence | $ Aggregate | $ | $ | $ 60. |
| D. Premises Medical Payments | $ each Person | $ each Accident | $ | $ | $ |
| | | | | TOTAL $ | 77. |

### PREMIUM RECAPITULATION

| | Previous Installments | Additional Premium | Return Premium | Amount Due |
|---|---|---|---|---|
| Dates of subsequent Installments, if payable in equal installments: | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| | 1/3/73   At Charlotte | | $ 145. | $ |  Additional  Return |
| by term: | 3746 | | $ 145. | |
| Sam J. | by Company | Agency By | | |