

THIS POLICY IS ISSUED BY THE COMPANY INDICATED BY X

(02) MARYLAND CASUALTY COMPANY

SPECIAL ACCOUNT A MULTI-PERIL POLICY

THE MARYLAND AMERICAN GENERAL GROUP

41- 190897

Item 1. Named Insured and P.O. Address
[Covil Insulation Company, Inc]
P.O. Box 1804
Greenvill , S.C.

4-2-70 D.

Item 2. Policy Period: Noon Standard Time at location of described property
5-31-70 to 3-31-73

AGENT: Sam J. Crain Company
08 00453746 Charlotte

Item 3. The Named Insured is
Item 4. Location of premises:
See MLB-22

| LIMIT OF LIABILITY | | COVERAGE | SECTION |
|---|---|---|---|
| Per MLB-22 | 80% | A. Building(s) | I |
| Per MLB-22 | 80% | B. Personal Property | PROPERTY |
| | | Add. Cov (Specify) | COVERAGE |
| | | Add. Cov (Specify) | |
| Per MLB-21 | each occurrence | aggregate | C. Bodily Injury and Property Damage Liability | SECTION II |
| $1,000 | each person $10,000 each accident | D. Premises Medical Payments | LIABILITY |
| | | Add. Cov (Specify) | COVERAGE |

SECTION III CRIME COVERAGE
SECTION IV BOILER AND MACHINERY COVERAGE

| INSTALLMENT | TOTAL FULL TERM PREMIUM $ 493 | | |
|---|---|---|---|
| | FIRST INSTALLMENT | 49-56 | |
| | SUBSEQUENT ANNUAL INSTALLMENT | 57-68 64.70 | See Form 42025 |

Item 6. Applicable to Section I, Division 1 Only: Loss deductible clause No. 1 applicable yes   Loss deductible clause No. 2 applicable yes

Item 7. Mort

1506

Agency at   Greenville, S.C.

Counter March 31, 1970

Sam J. Crain & Company

| URANCE UNDERWRITING SUMMARY | | |
|---|---|---|
| LINE | $ | 100% |
| EINS | $ | 50% |
| NET | $ | % |
| KEY ITEM | $30,000 | |
| ML | $30,000 | |

HOME OFFICE COPY

EXHIBIT
A

ENDORSEMENT

Forms and Endorsements made part of this policy at time of issue.

MLB-100 - General Property Form - Section I
MLB-121 - Vandalism and Malicious Mischef End.
MLB-109 - Special Office Personal Prop. Form - Section *
MLB-21 - Amendment of Limits of Liability - Cov. C
MLB-66 - S.C. Amendatory Endorsement
MLB-22 - Supplemental Declarations End.
MLB-16 - General Schedule - Section II
MLB-126 - Replacement Cost End.
MLB-156 - M.O.X. Burglary End.
MLB-200 - SMP Liability Insurance Form
MLB-202 - Comprhensive General Liability Form
MLB-220 - Personal Liability End.
MLB-300 - Comprehensive Crime Coverage End. - Section III
3347 - Contractual Liability Insurance
40090 - Tool Floater Form
40042 - Inland Marine Basic Supplemental Form
42025 - General Endorsement



| KIND OF BUSINESS | | | CODE | PREMIUMS | |
|---|---|---|---|---|---|
| | | LINE | | ADDITIONAL | RETURN |
| Bodily Injury | | | | $ | $ |
| Property Damage | | | | $ | $ |
| Collision | | | | $ | $ |
| A. P. D. | | | | $ | $ |
| Miscellaneous | | | | $ | $ |
| | | | Totals | $ | $ |
| Net Additional or Return Premium | | | | $ | $ |

| TRANS. | This endorsement forms a part of | Issued to | And is effective on and after |
|---|---|---|---|
| 31 | Policy No. | | |

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, limits or conditions of the policy, except as hereinabove set forth.

| Term | Effective date | Expiration date | Company | P O | Producer | Subject to Audit | | | | Std. Risk | Stat. Plan. |
| | | | | | | M-1 | O-2 | S/A-3 | A-4 | | |

| Pert. | Rat'g | Man'l | State | Comm. | Branch Office | Agent |

(02) ☐ MARYLAND CASUALTY COMPANY
(07) ☐ NORTHERN INSURANCE COMPANY OF NEW YORK
(08) ☐ ASSURANCE COMPANY OF AMERICA
(06) ☐ MAINE BONDING AND CASUALTY COMPANY
(03) ☐ MARYLAND AMERICAN GENERAL INSURANCE CO.
(04) ☐ NATIONAL STANDARD INSURANCE COMPANY

Authorized Representative

HOME OFFICE COPY

SUPPLEMENTAL DECLARATIONS ENDORSEMENT

Form MLB-22
(Ed. 10-65)

Location of premises, as stated in the Declarations, is extended to include the following and insurance is provided with respect to those premises described below and with respect to those coverages and kinds of property for which a specific limit of liability is shown, subject to all the terms of this policy including forms and endorsements made a part hereof.

| Div. No. | Loc. No. | Bldg. No. | LOCATION OF PREMISES (Address, City, State) | OCCUPANCY | COVERAGE | Forms and Endorsements Applicable | Coinsurance Percentage Applicable | Limits of Liability ($) |
|---|---|---|---|---|---|---|---|---|
| | | | | | SECTION I | | | |
| 1 | 1 | | 523 (R) S/S Sulphur Springs Rd., Greenville, S. C. ~62310 | | Bldg. | MLB-100 121 | 80% | 175,000 |
| | | | | | cts. | | | 380,000 |
| | | | | | Special Office Contents | MLB-109 | | 75,000 |
| 2 | 1 | | 1911 Sullivan St., Greensboro, N.C. 04110 | | cts. | 100 121 | | 80,000 |
| | | | | | cts. | 109 | | 4,000 |
| 3 | 1 | | 139 Walnut St. Wilson, N.C. ~01305 | | cts. | 100 121 | | 80,000 |
| | | | | | cts. | 109 | | 4,000 |
| 4 | 1 | | 134 Sand Bar Terry Road Augusta, Ga. ~10110 | | cts. | 100 121 | | 50,000 |
| | | | | | cts. | 109 | | 4,000 |
| 5 | 1 | | 225 W. Walnut St., Wilson, N.C. ~09860 | | cts. | 100 121 | | 20,000 |
| 6 | 1 | | Trailer - rear Location #1, Bldg. #1, Greenville, S.C. ~62310 | | Bldg. cts. | 100 121 | | 2,400 1,000 |

Form MLB-22 (Ed. 10-65)

REPLACEMENT COST ENDORSEMENT

Form MLB-126
(Ed. 10-66)

**PROPERTY COVERED**  **LOCATION**

☒ Coverage A — Building(s)   523 (R) Sulphur Road, Greenville, S.C.

☐ Coverage B — Personal Property

Subject to all the provisions and stipulations otherwise applicable to Section 1, the provisions and stipulations of this policy applicable to the coverages indicated by an "X" in the appropriate box are amended to substitute the term "replacement cost" for the term "actual cash value" wherever it appears in this policy, thereby eliminating any deduction for depreciation, subject in all other respects to the provisions and stipulations of this endorsement and of the policy of which this endorsement is made a part. The Coinsurance Clause appearing elsewhere in this policy is hereby cancelled in its application to loss to any of the property to which this endorsement applies, and is replaced by the Coinsurance Clause contained herein.

1. Coinsurance Clause: The Company shall not be liable for a greater proportion of any loss to the property covered hereunder than the limit of liability under this policy for such property bears to the amount produced by multiplying the coinsurance percentage applicable (specified in this policy) by the total of (a) the replacement cost (without deduction for depreciation) of that part of said property to which this endorsement applies, and (b) the actual cash value of that part of said property to which this endorsement does not apply, at the time of loss.

In the event that the aggregate claim for any loss is both less than $10,000 and less than 5% of the limit of liability for all contributing insurance applicable to the property involved at the time such loss occurs, no special inventory and appraisement of the undamaged property shall be required, provided that nothing herein shall be construed to waive the application of the first paragraph of this clause.

If insurance under Section 1 of this policy is divided into separate limits of liability, the foregoing shall apply separately to the property covered under each such limit of liability.

The value of property covered under Extensions of Coverage and the cost of the removal of debris, shall not be considered in the determination of replacement cost when applying the Coinsurance Clause.

2. This endorsement shall not apply to (a) stock (raw, in process or finished) or merchandise, including materials and supplies in connection therewith; (b) property of others; (c) household furniture or residential contents; (d) books of account, abstracts, manuscripts, drawings, card index systems and other records (including film, tape, disc, drum, cell and other magnetic recording or storage media); (e) paintings, etchings, pictures, tapestries, statuary, marbles, bronzes, antique furniture, rare books, antique silver, porcelains, rare glassware and bric-a-brac, or other articles of art, rarity or antiquity; or (f) carpeting, cloth awnings, air conditioners, domestic appliances and outdoor equipment, all whether permanently attached to the building structure or not.

3. This Company's liability for loss under this policy including this endorsement shall not exceed the smallest of the following amounts:
   a. the amount of this policy applicable to the damaged or destroyed property;
   b. the replacement cost of the property or any part thereof identical with such property on the same premises and intended for the same occupancy and use;
   c. the amount actually and necessarily expended in repairing or replacing said property or any part thereof.

4. The Company shall not be liable under this endorsement for any loss:
   a. occasioned directly or indirectly by enforcement of any local or state ordinance or law regulating the construction, repair or demolition of buildings or structures unless such liability has been specifically assumed under this policy;
   b. unless and until the damaged or destroyed property is actually repaired or replaced by the insured with due diligence and dispatch.

5. The insured may elect to make claim under this policy in accordance with its provisions, disregarding this endorsement, except that the foregoing Coinsurance Clause applicable to the replacement cost of said property shall apply; and the insured may make further claim for any additional liability brought about by this endorsement in accordance with its provisions, provided the Company is notified in writing within 180 days after loss of the insured's intent to make such further claim.

This Endorsement must be attached to Change Endorsement MLB-20 when issued after the Policy is written.

Form MLB-126 (Ed. 10-66)

COV

Case 1:18-cv-00932-CCE-LPA   Document 1-2   Filed 11/06/18   Page 4 of 23

**CFC**                    SOUTH CAROLINA AMENDATORY ENDORSEMENT                Form MLB-46
                                                                                    (Ed. 8-69)

1. Subject to all the provisions and stipulations otherwise applicable to Section 1, this policy is amended as follows:

   A. With respect to Coverage A—Building(s) as provided under Forms MLB-100, MLB-101, MLB-104, or MLB-105, insurance under this policy is effected subject to the following agreements and provisions and supersedes and re-places any Valuation Clause in the policy of which this form is made a part.

   Valuation Clause: Insofar as insurance against the perils of fire and lightning are concerned, the insured and the insurer hereby agree that the value of buildings described herein is—and hereby fix the amount of insurance to be carried thereon (including this policy)—respectively, as follows:

   **AGREED VALUE OF BUILDINGS**

   | Loc. No. | 1 | Bldg. No. | 1 | $ 15,000 | Loc. No. | | Bldg. No. | | $ |
   | Loc. No. | 6 | Bldg. No. | 1 | $ 2,400 | Loc. No. | | Bldg. No. | | $ |
   | Loc. No. | | Bldg. No. | | $ | Loc. No. | | Bldg. No. | | $ |

   B. With respect to Coverage A—Building(s) as provided under Forms MLB-102 or MLB-103 insurance under this policy is effected subject to the following agreements and provisions and supersedes and replaces any Valuation Clause in the policy of which this form is made a part:

   Valuation Clause: Insofar as insurance against the perils of fire and lightning are concerned, the insured and the insurer hereby agree that the value of buildings described herein, when completed, is—and hereby fix the amount of insurance to be carried thereon (including this policy)—respectively, as follows:

   **AGREED VALUE OF BUILDINGS**

   | Loc. No. | | Bldg. No. | | $ | Loc. No. | | Bldg. No. | | $ |
   | Loc. No. | | Bldg. No. | | $ | Loc. No. | | Bldg. No. | | $ |
   | Loc. No. | | Bldg. No. | | $ | Loc. No. | | Bldg. No. | | $ |

   C. The Special Loss Deductible Clause in Form MLB-101, as made a part of this policy, is superseded and replaced by the following Special Loss Deductible Clause:

   Special Loss Deductible Clause: With respect to loss by any of the perils of explosion, smoke, vehicles, aircraft, riot, riot attending a strike, and civil commotion, and vandalism and malicious mischief, as insured against under this form, the Company shall be liable only when such loss exceeds $50. When loss is between $50 and $500, the Com-pany shall be liable for 111% of loss in excess of $50; and when loss is $500 or more, this deductible provision shall not apply.

   With respect to loss by any of the perils insured against under this form other than fire, lightning, explosion, smoke, vehicles, aircraft, riot, riot attending a strike, and civil commotion, windstorm or hail, and vandalism and malicious mischief, the Company shall be liable only when such loss in each occurrence exceeds $100. When loss is between $100 and $500, the Company shall be liable for 125% of loss in excess of $100; and when loss is $500 or more, this deductible provision shall not apply.

   D. The Deductible Clause provisions of Form MLB-102, as made a part of this policy, are amended to include the fol-lowing additional Loss Deductible Clause:

   Loss Deductible Clause No. 2: With respect to loss by any of the perils insured against other than

   a. fire or lightning,

   b. windstorm or hail to buildings, structures or personal property in the open,

   the Company shall be liable only when such loss in each occurrence exceeds $50. When loss is between $50 and $500, the Company shall be liable for 111% of loss in excess of $50; and when loss is $500 or more, this deductible provision shall not apply.

   E. The Special Loss Deductible Clause in Form MLB-103, as made a part of this policy, is superseded and replaced by the following Special Loss Deductible Clause:

   Special Loss Deductible Clause: With respect to loss by any of the perils of explosion, smoke, vehicles, aircraft, riot, riot attending a strike, and civil commotion, and vandalism and malicious mischief, as insured against under this form, the Company shall be liable only when such loss exceeds $50. When loss is between $50 and $500, the Company shall be liable for 111% of loss in excess of $50; and when loss is $500 or more, this deductible provision shall not apply.

   The sum of $50 shall be deducted from the amount of loss in any one occurrence resulting from any peril other than fire, lightning, explosion, smoke, vehicles, aircraft, riot, riot attending a strike, and civil commotion, windstorm or hail, and vandalism and malicious mischief. This deductible shall apply separately to each building or structure (in-cluding its personal property), and separately to personal property in the open.

   F. The Special Loss Deductible Clause in Forms MLB-107, MLB-108 and MLB-109, as made a part of this policy, is superseded and replaced by the following Special Loss Deductible Clause:

   Special Loss Deductible Clause: Each loss shall be adjusted separately and from the amount of each such adjusted loss, the sum of $50 shall be deducted or, if there is contributing insurance, the Company's pro rata share thereof. When loss is between $50 and $500, the Company shall be liable for 111% of loss in excess of $50; and when loss is $500 or more, this deductible provision shall not apply.

   This deductible will not apply to:

   a. loss by fire, lightning, leakage or accidental discharge from automatic sprinkler systems, burglary or robbery;

   b. loss of or on property in transit while in the custody of carriers for hire; or

   c. loss resulting from collision, upset or overturn of a motor vehicle.

G. The provision relating to Loss Deductible Clause No. 2 in Vandalism and Malicious Mischief Endorsement, Form MLB-121, as made a part of this policy is superseded and replaced by the following provision:

"Loss Deductible Clause No. 2 applies to the coverage afforded by this endorsement."

H. The Loss Clause in Forms MLB-100, MLB-101, MLB-102, MLB-103, MLB-104, MLB-105, MLB-107, MLB-108 and MLB-109, as made a part of this policy, is deleted and the following condition is added:

**Unearned Premium Clause:** If a loss is paid under this policy, the named insured shall be indemnified for loss of the pro rata unearned premium on the amount of such loss payment; however, this Company may elect by written notice within 60 days after time of loss to reinstate this policy in the amount of such loss and, in consideration of such reinstatement, make no payment to the named insured as otherwise provided by this clause.

I. Subject to all the provisions and stipulations otherwise applicable to Section II, the Alcoholic Beverage Exclusion is amended to read as follows:

"It is agreed that that part of the alcoholic beverage exclusion which relates to the selling, serving or giving of any alcoholic beverage (a) to a person under the influence of alcohol or (b) which causes or contributes to the intoxication of any person, is deleted."

Form MLB-66 (Ed. 4-69)

 MERCANTILE OPEN STOCK BURGLARY ENDORSEMENT

Form MLB-136
(Ed. 5-69)

Subject to all the provisions and stipulations otherwise applicable to Section I, except the Coinsurance Clause, the Loss Deductible Clauses and the Valuation Provision, this policy is extended to provide the following coverage applicable only to those locations as indicated by a specific limit of liability and premium.

### SCHEDULE

| Loc. No. | Location (Street, Address, City & State) | Limit of Liability | Premium |
|---|---|---|---|
| 1. | 523 (R) Sulphur Springs Rd., Greenville, S.C. | 7,500. | Incl. |
| 2. | 134 Sand Bar Ferry Rd., Augusta, Ga. | 7,500. | Incl. |
| 3. | 1911 Sullivan St., Greensboro, N. C. | 7,500. | Incl. |
| 4. | 139 Walnut St., Wilson, N.C. | 7,500. | Incl. |

Total Premium $ **Incl.**

The coinsurance percentage applicable to loss of merchandise is **50** %, subject to a coinsurance limit of $ **7500.**

### Insuring Agreements

I. Loss of Merchandise; Premises Damage. To pay for loss by burglary or by robbery of a watchman, while the premises are not open for business, of merchandise, furniture, fixtures and equipment within the premises or within a showcase or show window used by the insured and located outside the premises but inside the building line of the building containing the premises or attached to said building.

To pay for damage to the premises and the exterior thereof, and the insured property within the premises or within such showcase or show window, by such burglary, robbery of a watchman, or attempt thereof, provided with respect to damage to the premises and the exterior thereof the insured is the owner of the premises, or is liable for such damage.

### Exclusions

This coverage does not apply:
(a) to loss, due to any fraudulent, dishonest or criminal act by any insured, a partner therein, or an officer, employee, director, trustee or authorized representative thereof, while working or otherwise and whether acting alone or in collusion with others;
(b) to loss of furs or articles containing fur which represents their principal value, by removal of such property from within a showcase or show window by a person who has broken the glass thereof from outside the premises or by an accomplice of any such person;
(c) to loss occurring while there is any change in the condition of the risk or during a fire in the premises;
(d) to damage by vandalism or malicious mischief;
(e) to loss, other than to a safe or vault, by fire whether or not such fire is caused by, contributed to by or arises out of the occurrence of a hazard insured against.

This Endorsement must be attached to Change Endorsement MLB-20 when issued after the Policy is written.

Form MLB-136 (Ed. 5-69)

Page 1 of 2

Case 1:18-cv-00932-CCE-LPA   Document 1-2   Filed 11/06/18   Page 7 of 23

## CONDITIONS

**1. Definitions.**

"Premises" means the interior of that portion of the building at the location designated in the Schedule which is shown in the Schedule as occupied by the insured in conducting the business as stated therein, but shall not include (1) showcases or show windows not opening directly into the interior of the premises, or (2) public entrances, halls or stairways.

"Burglary" means the felonious abstraction of insured property (1) from within the premises by a person making felonious entry therein by actual force and violence, of which force and violence there are visible marks made by tools, explosives, electricity or chemicals upon, or physical damage to, the exterior of the premises at the place of such entry, or (2) from within a showcase or show window outside the premises by a person making felonious entry into such showcase or show window by actual force and violence, of which force and violence there are visible marks thereon, or (3) from within the premises by a person making felonious exit therefrom by actual force and violence as evidenced by visible marks made by tools, explosives, electricity or chemicals upon, or physical damage to, the interior of the premises at the place of such exit.

"Robbery of a watchman" means the taking of insured property by violence or threat of violence inflicted upon a private watchman employed exclusively by the insured and while such watchman is on duty within the premises.

"Loss" includes damage.

"Jewelry" means jewelry, watches, necklaces, bracelets, gems, precious or semi-precious stones, and articles containing one or more gems and articles of gold or platinum.

**2. Ownership of Property; Interests Covered.** The insured property may be owned by the insured, or held by the insured in any capacity, whether or not the insured is liable for the loss thereof; or may be property as respects which the insured is legally liable; provided, this insurance applies only to the interest of the insured in such property, including the insured's liability to others, and does not apply to the interest of any other person or organization in any of said property unless included in the insured's proof of loss.

**3. Joint Insured.** If more than one insured is named in the Declarations, the insured first named shall act for every insured for all purposes of this endorsement. Knowledge possessed or discovery made by any insured shall constitute knowledge possessed or discovery made by every insured.

**4. Books and Records.** The insured shall keep records of all the insured property in such manner that the company can accurately determine therefrom the amount of loss.

**5. Coinsurance.** The Company shall not be liable for a greater proportion of a loss of merchandise, exclusive of Jewelry and of property held by the insured as a pledge or as collateral, than the limit of liability stated in the Schedule bears to (a) the coinsurance percentage, as stated in the Schedule, of the actual cash value of all such merchandise contained within the premises at time of loss, or (b) the coinsurance limit stated in the Schedule, whichever is less.

**6. Limit of Liability; Settlement Options.** Subject to any application of the coinsurance requirement, the limit of the Company's liability for loss shall not exceed the actual cash value of the property at time of loss, nor what it would then cost to repair or replace the property with other of like kind and quality, nor the applicable limit of liability stated in the Schedule; provided, however, the limit of the Company's liability for loss of the contents of any showcase or show window not opening directly into the interior of the premises is $100, provided, further, (a) the actual cash value of any one article of Jewelry shall be deemed not to exceed $50, and (b) subject to such limit, the actual cash value of property held by the insured as a pledge or as collateral for an advance or a loan, shall be deemed not to exceed the value of the property as determined and recorded by the insured when making the advance or loan, nor, in the absence of such record, the unpaid portion of the advance or loan plus accrued interest thereon at legal rates.

The Company may pay for the loss in money, or may repair or replace the property and may settle any claim for loss of property either with the insured or the owner thereof. Any property so paid for or replaced shall become the property of the Company. Any property recovered after settlement of a loss shall be applied first to the expense of the parties in making such recovery, with any balance applied as if the recovery had been made prior to such settlement and loss readjusted accordingly. The insured or the Company, upon recovery of any such property, shall give notice thereof as soon as practicable to the other.

The occurrence of any loss shall reduce the applicable limit of liability by the extent of the Company's liability for such loss until the premises are restored to at least the same condition of safety as immediately prior to the loss; but such reduction shall not occur with respect to loss occurring subsequent to the restoral by the Company of notice of loss for which the Company is liable under this endorsement, if the insured shall maintain within the premises at least one watchman while the premises are not open for business.

Application of the liability to property of more than one person shall not operate to increase the limit of the Company's liability.

Form MLB-136 (Ed. 5-69)

Case 1:18-cv-00932-CCE-LPA   Document 1-2   Filed 11/06/18   Page 8 of 23



AMENDMENT OF LIMITS OF LIABILITY

Form M1-B-21
(Ed. 10-66)

## COVERAGE C — BODILY INJURY AND PROPERTY DAMAGE LIABILITY

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

SMP LIABILITY INSURANCE
COMPREHENSIVE GENERAL LIABILITY INSURANCE

It is agreed that the policy is amended as follows:

1. The limits of liability stated in the Declarations as applicable to Coverage C — Bodily Injury and Property Damage Liability are amended to read as follows:

Bodily Injury Liability
$ 100,000 each person
$ 300,000 each occurrence
$ 300,000 aggregate

Property Damage Liability
$ 50,000 each occurrence
$ 50,000 aggregate

2. The Limit of Liability provision is replaced by the following:

Regardless of the number of (1) insureds under this policy, (2) persons or organizations who sustain bodily injury or property damage, or (3) claims made or suits brought on account of bodily injury or property damage, the Company's liability is limited as follows:

Bodily Injury Liability — The limit of bodily injury liability stated in the amended Declarations as applicable to "each person" is the limit of the Company's liability for all damages because of bodily injury sustained by one person as the result of any one occurrence; but subject to the above provision respecting "each person", the total liability of the Company for all damages because of bodily injury sustained by two or more persons as the result of any one occurrence shall not exceed the limit of bodily injury liability stated in the amended Declarations as applicable to "each occurrence". Subject to the above provisions respecting "each person" and "each occurrence" the total liability of the Company for all damages because of (1) all bodily injury included within the completed operations hazard and (2) all bodily injury included within the products hazard shall not exceed the limits of bodily injury liability stated in the amended Declarations as "aggregate".

Property Damage Liability — The total liability of the Company for all damages because of all property damage sustained by one or more persons or organizations as the result of any one occurrence shall not exceed the limit of property damage liability stated in the amended Declarations as applicable to "each occurrence".

Subject to the above provision respecting "each occurrence", the total liability of the Company for all damages because of all property damage to which this coverage applies and described in any of the numbered subparagraphs below shall not exceed the limit of property damage liability stated in the amended Declarations as "aggregate".

(1) all property damage arising out of premises or operations rated on a remuneration basis or contractors equipment rated on a receipts basis, including property damage for which liability is assumed under any incidental contract relating to such premises or operations, but excluding property damage included in subparagraph (2) below;

(2) all property damage arising out of and occurring in the course of operations performed for the named insured by independent contractors and general supervision thereof by the named insured, including any such property damage for which liability is assumed under any incidental contract relating to such operations; but this subparagraph (2) does not include property damage arising out of maintenance or repairs at premises owned by or rented to the named insured or structural alterations at such premises which do not involve changing the size of or moving buildings or other structures;

(3) all property damage included within the products hazard and all property damage included within the completed operations hazard.

Such aggregate limit shall apply separately to the property damage described in subparagraphs (1), (2) and (3) above, and under subparagraphs (1) and (2), separately with respect to each project away from premises owned by or rented to the named insured.

Bodily Injury and Property Damage Liability — For the purpose of determining the limit of the Company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

Form M1-B-21 (Ed. 10-66)

**CFC**   PERSONAL INJURY LIABILITY INSURANCE ENDORSEMENT   Form MLB-220
(Ed. 8-67)

In consideration of the payment of the premium, in reliance upon the statements in the Declarations made a part hereof and subject to all of the terms of this endorsement, the Company agrees with the named insured as follows:

## SCHEDULE

This insurance afforded is only with respect to personal injury arising out of an offense included within such of the following groups of offenses as are indicated by specific premium charge or charges:

| Groups of Offenses | | Provisional Premium |
|---|---|---|
| A. False Arrest, Detention or Imprisonment, or Malicious Prosecution | $ | Incl. |
| B. Libel, Slander, Defamation or Violation of Right of Privacy | $ | Incl. |
| C. Wrongful Entry or Eviction, or other Invasion of Right of Private Occupancy | $ | Incl. |
| Minimum Premium $ | Total Provisional Premium $ | Incl. |

Limits of Liability: $ **100,000.** each person aggregate; $ **300,000.** general aggregate.

Insured's participation **Nil** %

## I COVERAGE—PERSONAL INJURY LIABILITY

The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury (herein called "personal injury") sustained by any person or organization and arising out of one or more of the following offenses:

Group A — false arrest, detention or imprisonment, or malicious prosecution;

Group B — the publication or utterance of a libel or slander or of other defamatory or disparaging material, or a publication or utterance in violation of an individual's right of privacy; except publications or utterances in the course of or related to advertising, broadcasting or telecasting activities conducted by or on behalf of the named insured;

Group C — wrongful entry or eviction, or other invasion of the right of private occupancy;

if such offense is committed in the conduct of the named insured's business during the policy period within the United States of America, its territories or possessions, or Canada, and the Company shall have the right and duty to defend any suit against the insured seeking damages on account of such personal injury even if any of the allegations of the suit are groundless, false, or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgment or settlements.

This Endorsement must be attached to Change Endorsement MLB-20 when issued after the Policy is written.

Form MLB-220 (Ed. 8-67)

Page 1 of 2

**Exclusions**

This insurance does not apply:

    (a) to liability assumed by the insured under any contract or agreement;

    (b) to personal injury arising out of the wilful violation of a penal statute or ordinance committed by or with the knowledge or consent of any insured;

    (c) to personal injury sustained by any person as a result of an offense directly or indirectly related to the employment of such person by the named insured;

    (d) to personal injury arising out of any publication or utterance described in Group B, if the first injurious publication or utterance of the same or similar material by or on behalf of the named insured was made prior to the effective date of this insurance;

    (e) to personal injury arising out of a publication or utterance described in Group B concerning any person, organization or business enterprise, or his or its products or services, made by or at the direction of any insured with knowledge of the falsity thereof.

## II. PERSONS INSURED

Each of the following is an insured under this insurance to the extent set forth below:

    (a) if the named insured is designated in the Declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor;

    (b) if the named insured is designated in the Declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

    (c) if the named insured is designated in the Declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.

This insurance does not apply to injury arising out of the conduct of any partnership or joint venture of which the insured is a partner or member and which is not designated in this policy as a named insured.

## III. LIMITS OF LIABILITY—INSURED'S PARTICIPATION

Regardless of the number of (1) insureds under this endorsement, (2) persons or organizations who sustain personal injury, or (3) claims made or suits brought on account of personal injury, the total liability of the Company for all damages because of all personal injury to which this insurance applies, sustained by any one person or organization, shall not exceed the limit of personal injury liability stated in the schedule as "each person aggregate".

Subject to the above provision respecting "each person aggregate," the total limit of the Company's liability under this insurance for all damages shall not exceed the limit of personal injury liability stated in the schedule as "general aggregate."

If a participation percentage is stated in the schedule for the insured, the Company shall not be liable for a greater proportion of any loss than the difference between such percentage and one hundred percent, and the balance of the loss shall be borne by the insured; provided, the Company may pay the insured's portion of a loss to effect settlement of the loss, and, upon notification of the action taken, the named insured shall promptly reimburse the Company therefor.

## IV. AMENDED DEFINITION

When used in reference to this insurance, "damages" means only those damages which are payable because of personal injury arising out of an offense to which this insurance applies.

## V. OTHER PROVISIONS APPLICABLE TO THIS ENDORSEMENT

  A. The following provisions applicable to Sections I and II of the policy are applicable to this endorsement: Inspection and Audit; Cancellation; and Subrogation.

  B. The following terms and provisions applicable only to Section II are applicable to this endorsement: Supplementary Payments; Modification of Terms; Insured's Duties in the Event of Occurrence, Claim or Suit; Action Against the Company; Other Insurance; Nuclear Exclusion; and Definitions — Section II, other than the definition "damages".

Form MLB-220 (Ed. 8-67)

Attached to and forming Part of Policy No.      Number issued (Required only when the schedule is issued subsequent to preparation of the policy)

'11 Insulation Co.

31 □■ 50 ☒ MARYLAND CASUALTY CO.
BALTIMORE, MARYLAND 21203
A STOCK COMPANY

NO ☐ ☒ NOTHERN INSURANCE CO. OF N. Y.
NEW YORK, NEW YORK 14636
A STOCK COMPANY

**CONTRACTUAL LIABILITY INSURANCE COVERAGE PART**
(Designated Contracts Only)

**THE MARYLAND AMERICAN GENERAL GROUP**

**SCHEDULE**

| DESIGNATION OF CONTRACTS | CODE NO. | | PREMIUM BASIS | | RATES | | ADVANCE PREMIUM | |
|---|---|---|---|---|---|---|---|---|
| | TARIFF | CLASS | $ 0 | Number of Cost | Per Contract Per $100 of Cost | | MINIMUM PREMIUM | ADVANCE PREMIUM |
| Broad Form Contracts | | | | | | | | |
| (Daniel Const.) | 0559 | | 10,000 | | | | .12. | 8. |

MINIMUM PREMIUM $        $

TOTAL ADVANCE PREMIUM $ 12.      $ 8.

**I. COVERAGE Y—CONTRACTUAL BODILY INJURY LIABILITY**
**COVERAGE Z—CONTRACTUAL PROPERTY DAMAGE LIABILITY**

The company will pay on behalf of the insured all sums which the Insured, by reason of contractual liability assumed by him under a contract designated in the schedule for this insurance, shall become legally obligated to pay as damages because of

Coverage Y. bodily injury or

Coverage Z. property damage

to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements;

**Exclusions**

This insurance does not apply:

(a) if the insured is an independent or is an architect, engineer or surveyor, to bodily injury or property damage arising out of professional services performed by such insured or its designees, including

(1) the preparation or approval of maps, plans, opinions, reports, surveys, designs or specifications and

(2) supervisory, inspection or engineering services;

(b) to bodily injury or property damage due to war, whether or not declared, civil war, insurrection, rebellion or revolution or to any act or condition incident to any of the foregoing

(c) to bodily injury or property damage for which the insurance may be held liable, as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages or as an owner or lessor of premises used for such purposes, by reason of the selling, serving or giving of any alcoholic beverage (1) in violation of any statute, ordinance or regulation, (2) to a minor, (3) to a person under the influence of alcohol or (4) which causes or contributes to the intoxication of any person,

... or caption for which the insured or any carrier of its insurer may be held liable under a comprehensive automobile liability or disability liability law, or

... to which the insured may be held liable in an action on a contract

by a third party beneficiary for bodily injury or property damage arising out of a project for a public authority; but this exclusion does not apply to an action by the public authority or any other person or organization engaged in the project;

(d) to property damage to

(1) property owned or occupied by or rented to the insured,

(2) property used by the insured, or

(3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control;

(e) to property damage to premises alienated by the named insured arising out of such premises or any part thereof;

(f) to bodily injury or property damage resulting from the failure of the named insured's products or work completed by or for the named insured to perform the function or serve the purpose intended by the named insured, if such failure is due to a mistake or deficiency in any design, formula, plan, specification, advertising material or printed instructions prepared or developed by any insured; but this exclusion does not apply to bodily injury or property damage resulting from the active malfunctioning of such products or work;

(g) to property damage to the named insured's products arising out of such products or any part of such products;

(h) to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

(i) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the named insured's products or work completed by or for the named insured or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

(j) to property damage included within (1) the explosion hazard, (2) the collapse hazard or (3) the underground property damage hazard.

**II. PERSONS INSURED**

Each of the following is an insured under this insurance to the extent set forth below:

(a) if the named insured is designated in the declarations as an individual, the person so designated;

(b) if the named insured is designated in the declarations as a partnership or joint venture,

HOME OFFICE COPY

venture so designated and any partner or member thereof but liability as such;

insured is designated in the declarations as other than an individual, joint venture, the organization so designated and any executive officer, or stockholder thereof while acting within the scope of his duties as such.

## III. LIMITS OF LIABILITY

Regardless of the number of (1) Insureds under this policy, (2) persons or organizations who sustain bodily injury or property damage, or (3) claims made or suits brought on account of bodily injury or property damage, the company's liability is limited as follows:

**Coverage Y**—The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages because of bodily injury sustained by one person as the result of any one occurrence; but subject to the above provision respecting "each person", the total liability of the company for all damages because of bodily injury sustained by two or more persons as the result of any one occurrence shall not exceed the limit of bodily injury liability stated in the declarations as applicable to "each occurrence".

**Coverage Z**—The total liability of the company for all damages because of all property damage sustained by one or more persons or organizations as the result of any one occurrence shall not exceed the limit of property damage liability stated in the declarations as applicable to "each occurrence".

Subject to the above provision respecting "each occurrence", the total liability of the company for all damages because of all property damage to which this coverage applies shall not exceed the limit of property damage liability stated in the declarations as "aggregate". Such aggregate limit of liability applies separately with respect to each project away from premises owned by or rented to the named Insured.

Coverages Y and Z—For the purpose of determining the limit of the company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

## IV. ADDITIONAL DEFINITIONS

When used in reference to this Insurance (including endorsements forming a part of the policy):

"contractual liability" means liability expressly assumed under a written contract or agreement; provided, however, that contractual liability shall not be construed as including liability under a warranty of the fitness or quality of the named Insured's products or a warranty that work performed by or on behalf of the named Insured will be done in a workmanlike manner;

"suit" includes an arbitration proceeding to which the Insured is required to submit or to which the Insured has submitted with the company's consent.

## V. POLICY PERIOD; TERRITORY

This insurance applies only to bodily injury or property damage which occurs during the policy period within the policy territory.

## VI. ADDITIONAL CONDITION

Arbitration. The company shall be entitled to exercise all of the Insured's rights in the choice of arbitrators and in the conduct of any arbitration proceeding.

3263

31- OR 50 = MARYLAND CASUALTY CO.
BALTIMORE MARYLAND 21203
A STOCK COMPANY

NO = NORTHERN INSURANCE CO. OF N.Y.
NEW YORK, NEW YORK 10038
A STOCK COMPANY

**CONTRACTUAL LIABILITY INSURANCE COVERAGE PART**
(Designated Contracts Only)

**THE MARYLAND AMERICAN GENERAL GROUP**

**SCHEDULE**

| DESCRIPTION OF CONTRACTS | CODE NO. TERR. / CLAS. | PREMIUM BASIS | RATES | | ADVANCE PREMIUM | |
|---|---|---|---|---|---|---|
| Broad Form Contracts | 0555 | 3,450,000. | | | 714. | 311. |

| MINIMUM PREMIUM | $ | | $ | | TOTAL ADVANCE PREMIUM | $ 714. | $ 311. |

**I. COVERAGE Y—CONTRACTUAL BODILY INJURY LIABILITY**
**COVERAGE Z—CONTRACTUAL PROPERTY DAMAGE LIABILITY**

HOME OFFICE COPY

the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c) If the named insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.

## III. LIMITS OF LIABILITY

Regardless of the number of (1) insureds under this policy, (2) persons or organizations who sustain bodily injury or property damage, or (3) claims made or suits brought on account of bodily injury or property damage, the company's liability is limited as follows:

Coverage Y.—The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages because of bodily injury sustained by one person as the result of any one occurrence; but subject to the above provision respecting "each person", the total liability of the company for all damages because of bodily injury sustained by two or more persons as the result of any one occurrence shall not exceed the limit of bodily injury liability stated in the declarations as applicable to "each occurrence".

Coverage Z.—The total liability of the company for all damages because of all property damage sustained by one or more persons or organizations as the result of any one occurrence shall not exceed the limit of property damage liability stated in the declarations as applicable to "each occurrence".

Subject to the above provision respecting "each occurrence", the total liability of the company for all damages because of all property damage to which this coverage applies shall not exceed the limit of property damage liability stated in the declarations as

"aggregate". Such aggregate limit of liability applies separately with respect to each project away from premises owned by or rented to the named insured.

Coverages Y and Z.—For the purpose of determining the limit of the company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

## IV. ADDITIONAL DEFINITIONS

When used in reference to this insurance (including endorsements forming a part of the policy):

"contractual liability" means liability expressly assumed under a written contract or agreement; provided, however, that contractual liability shall not be construed as including liability under a warranty of the fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner;

"suit" includes an arbitration proceeding to which the insured is required to submit or to which the insured has submitted with the company's consent.

## V. POLICY PERIOD; TERRITORY

This insurance applies only to bodily injury or property damage which occurs during the policy period within the policy territory.

## VI. ADDITIONAL CONDITION

Arbitration. The company shall be entitled to exercise all of the insured's rights in the choice of arbitrators and in the conduct of any arbitration proceeding.

THE MARYLAND AMERICAN
GENERAL GROUP

**INLAND MARINE BASIC SUPPLEMENTAL FORM**



MARINE
Standard
Provisions

Attached to and forming part of Policy Number    41-190897

Issued to   Covil Insulation Company          (Insured)

by   Maryland Casualty Company         at its Agency

located (city and state)   Charlotte, NC

This form is effective   March 31,     70    March 31    19 73    Date

TOTAL AMOUNT $   9,795.             TOTAL PREMIUM $   Incl.

PREMIUM, IF PAID IN INSTALLMENTS, AS FOLLOWS:

| Date Payable | Premium | Date Payable | Premium | Date Payable | Premium |
|---|---|---|---|---|---|

| | | AMOUNT OF INSURANCE | RATE | PREMIUM |
|---|---|---|---|---|
| 1. MISCELLANEOUS—SCHEDULED PROPERTY as per form(s) attached.   40090 | | $ 9795. | VS. | $ Incl. |
| 2. PERSONAL ARTICLES FLOATER FORM. (Special Provisions included) | | | | |
| CLASS OF PROPERTY | | | | |
| a. Jewelry, as scheduled herein. | | $ | | $ |
| b. Furs and garments trimmed with fur or consisting principally of fur, as scheduled herein. | | | | |
| c. Fine Arts, as scheduled herein. Premium for this insurance has been computed based upon the statement of the insured that at the time of attachment of this insurance the property insured hereunder was located as follows: | | | | |
| At:                  $ | | | | |
| At:                  $ | | | | |
| Breakage Covered ☐    Breakage Not Covered ☐ | | | | |
| d. Cameras, projection machines, films and articles of equipment pertaining thereto, as listed herein. | | | | |
| Non-Commercial Usage ☐    Commercial Usage ☐ | | | | |
| e. Golfer's equipment. | | | | |
| f. Musical instruments and articles of equipment pertaining thereto, as listed herein. | | | | |
| Professional ☐    Non-Professional ☐ | | | | |
| g. "Silverware," meaning silverware, silver-platedware, goldware, gold-platedware and pewterware. | | | | |
| h. Postage stamps including due, envelope, official, revenue, match and medicine stamps, covers, locals, reprints, essays, proofs and other philatelic property owned by or in custody or control of the insured, including the books, pages and/or mountings therefor. | | | | |
| i. Rare and current coins, medals, paper money, bank notes, tokens of money and other numismatic property owned by or in custody or control of the insured, including coin albums, containers, frames, cards and display cabinets in use with such collection. | | | | |

This form covers only with respect to such and so many of the above classes of property as are indicated by a specific amount of insurance applicable thereto, and a premium therefor, which property is owned by or in the custody or control of the insured and members of the insured's family of the same household.

SCHEDULE OR LIST

Per Form 40090 attached

Sam J. Crain & Co.         Agent

Note: Please furnish substantiation of value information, separate schedules, forms and endorsements, if any, on inside hereof.

40042   Ed. 1-57   ☐                (OVER)

shall be made at a reasonable time and place. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen (15) days to agree upon such umpire, then, on the request of the Insured or the Company, such umpire shall be selected by a judge of a court of record in the State in which such appraisal is pending. The appraisers shall then appraise the loss, stating separately the actual cash value at the time of loss and the amount of loss, and failing to agree shall submit their differences to the umpire. An award in writing of any two shall determine the amount of loss. The Insured and the Company shall each pay his or its chosen appraiser and shall bear equally the other expenses of the appraisal and umpire. The Company shall not be held to have waived any of its rights by any act relating to appraisal.

13. **CHANGES.** Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this form or estop the Company from asserting any right under the terms of this form; nor shall the terms of this form be waived or changed, except by endorsement issued to form a part of this form.

14. **CONFORMITY TO STATUTE.** Terms of this form which are in conflict with the statutes of the State wherein this form is issued are hereby amended to conform to such statutes.

## FORM SPECIAL CONDITIONS

1. The following war risk and nuclear exclusion clauses shall be paramount and shall not be modified or superseded by any provision included herein or endorsed hereon unless such other provision refers specifically to the risks excluded by these clauses and expressly assumes said risks.

   A. **War Risk Exclusion Clause.**

   This form does not insure against loss or damage caused by or resulting from:

   (1) hostile or warlike action in time of peace or war, including action in hindering, combating or defending against an actual, impending or expected attack, (a) by any government or sovereign power (de jure or de facto), or by any authority maintaining or using military, naval or air forces; or (b) by military, naval or air forces; or (c) by an agent of any such government, power, authority or forces;

   (2) any weapon of war employing atomic fission or radioactive force whether in time of peace or war;

   (3) insurrection, rebellion, revolution, civil war, usurped power, or action taken by governmental authority in hindering, combating or defending against such an occurrence, seizure or destruction under quarantine or customs regulations, confiscation by order of any government or public authority, or risks of contraband or illegal transportation or trade.

   B. **Nuclear Exclusion Clauses.** Under any attachment to this form which insures against the peril of Fire, Clause 1, below, shall apply; whereas under any attachment which does not insure against the peril of Fire, Clause No. 2, below, shall apply, as follows:

   (1) The Company shall not be liable for loss by nuclear reaction or nuclear radiation or radioactive contamination, all whether controlled or uncontrolled, and whether such loss be direct or indirect, proximate or remote, or be in whole or in part caused by, contributed to, or aggravated by the peril(s) insured against in this form; however, subject to the foregoing and all provisions of this form, direct loss by fire resulting from nuclear reaction or nuclear radiation or radioactive contamination is insured against by this form.

   (2) The Company shall not be liable for loss by nuclear reaction or nuclear radiation or radioactive contamination, all whether controlled or uncontrolled, and whether such loss be direct or indirect, proximate or remote, or be in whole or in part caused by, contributed to, or aggravated by the peril(s) insured against in this form.

2. **Civil Authority.** Property covered under this form against the peril of fire is also covered against the risk of damage or destruction by civil authority during a conflagration and for the purpose of retarding the same; provided that neither such conflagration nor such damage or destruction is caused or contributed to by a peril otherwise excluded herein.

The terms and conditions of this form shall apply only to the property covered hereunder and none of the terms and conditions of the policy (or other forms or endorsements which may be attached thereto), except the cancellation provision, shall apply. If any of the property covered by this form is also covered under any provisions of the policy (or forms or endorsements attached thereto) to which that form is attached, those provisions are hereby amended to exclude such property, the intent being that the coverage under this form is the sole coverage on such property.

Whenever the word "policy" appears in any form or endorsement presently or subsequently attached to and forming a part hereof, it shall be deemed to be amended to "form."

## STATE PROVISIONS

**KANSAS:** Suit Against Company. If this form is issued in the State of Kansas, the words "five (5) years" are substituted for the words "twelve (12) months" in Condition 11. It is also understood and agreed that wherever the word "warrant" or any derivative thereof appears in this form the word "agree" or a derivative thereof is substituted therefor.

**TEXAS:** If this form is issued in the State of Texas, the form conditions are amended as follows:

(1) Notice of Loss. The words "ninety-one (91)" are substituted for "ninety (90)" in Condition 2.

(2) Suit Against Company. The words "two (2) years and one (1) day" are substituted for "twelve (12) months" in Condition 11.

40042.    Ed. 1-69

THE MARYLAND AMERICAN
GENERAL GROUP

## TOOL FLOATER FORM


MARINE
Standard
protection

Attached to and forming part of Policy No. (X) 41-190897 _____ or of supplemental form
attached to Policy No. _____

Issued to __Covil Insulation Co., Inc.__ (Insured)

by __Maryland Casualty Company__ Its Agency

(located city and state) __Greenville, S.C.__ Date __1970__

Amount $ __9795__  Rate __Chg.__  Premium $ __Incl.__

Minimum Retained Premium $ _____ (as per Clause No. 22)

### PROPERTY INSURED

1.

This policy covers property of the Insured, usual and incidental to the Insured's stated occupation as a __Insulation Contractor__.

(a) Scheduled tools and related equipment as follows:

| | Amounts of Insurance |
|---|---|
| | $ |
| 1. 3 Nelson Pin Welding Machines @$700. Each | 2100. |
| 2. 2 Graham Pin Welding Machines@$700. Each | 1400. |
| 3. 2 KSM Pin WElding Machines @$700. Each | 1400. |
| 4. 2 Mastic Spray Guns, Grayco Mfg. @$500. Each | 1000. |
| 5. 1 KMS 60 Stud Welding Unit | 1100. |
| 6. 1 CS30A Stud Welding Unit | 795. |

(b) $ __250.__ Item Limit. Blanket on miscellaneous hand tools including kit(s) therefor, if any, for not exceed-
ing $25.00 on any one item or the previously stated amount, whichever is the greater, and the Company shall
not be liable for more than that amount on any one item whether or not consisting of articles in a pair or set.

Total (a)—$ 7795

Total (b)—$ 2000.

Grand Total—$ 9795.

2. $ __25.__ Deductible Clause ($15.00 Minimum Sum). Each claim for loss or damage by theft separately occurring shall be adjusted separately
and, from the amount of each such adjusted claim, the sum of Fifteen Dollars ($15.00) or the previously stated sum, whichever is greater, shall be
deducted.

3. ### PROPERTY EXCLUDED

This policy does not insure personal property of officers, partners or employees of the Insured unless specifically scheduled and so identified hereunder,
automobiles, motor trucks, aircraft, watercraft or other conveyances or their appurtenances, accounts, bills, evidences of debt, currency, deeds, documents, money,
notes, securities, railroad or other tickets, stamps, letters of credit, passports, coins, bullion, or real property of any nature; plans, blue prints, designs or
specifications, furniture, fixtures, appliances or household furnishings; nor, in any event materials and supplies unless specifically scheduled as such under
Item 1 (a), above, but with coverage ceasing thereon when such property is installed and becomes a part of the realty or when the Insured's interest
ceases, whichever first occurs.

4. ### PERILS INSURED

This policy, except as hereinafter provided, insures against loss or damage directly caused by:

(a) Fire, lightning, smoke and explosion.
(b) Windstorm, tornado, cyclone and hail.
(c) Aircraft and objects falling therefrom or other vehicles (excluding vehicles owned or operated by the insured or the principals thereof or their
employees).
(d) Collision, derailment or overturning of a transporting conveyance.
(e) Collapse of tunnel, as or culverts.
(f) Theft, burglary or holdup subject to the provisions of Item No. 5, below.

40090. Ed. 4-66. (over) _____ Agent

## PREMISES—ROBUTS—VEHICLE THEFT LIMITATION PROVISIONS

(a) It is hereby understood and agreed that insured property shall be kept at all times in a completely closed and locked building or room thereof except while it is (1) being transported, subject to item (b), below; or (2) within the main building of a residence premises of the insured, or (3) in shops in the active possession of the insured's actual business persons at places or other locations not otherwise excluded by the terms of this policy. The Company shall not be liable for any damage or expense caused by or resulting from theft or attempt thereof of insured property while occurring from within, outside entry into such building or room thereof unless it evidences by visible marks at point of entry.

(b) It is further understood and agreed that the Company shall not be liable for loss, damage or expense caused by or resulting from theft or attempt thereof of insured property from unattended vehicles unless theft be evidenced from such fully reduced hasteners and tumbler locks with all commensurate doors and steel windows thereof having been securely closed and locked and all windows thereof having been completely closed, and unless the theft occurs from violent, forcible entry which is evidenced by visible marks at point of entry into such vehicle. In no event, however, shall the Company be liable for loss, damage or expense caused by or resulting from theft of insured property from such vehicles covering where they are parked out of doors overnight.

## PERILS EXCLUDED

This policy does not insure against:

(a) loss, damage or expense caused by or resulting from loss of use, delay or other consequential or indirect loss or damages;

(b) loss, damage or expense caused by or resulting from wear and tear, mechanical or electrical breakdown or failure, inherent vice, latent defect, gradual deterioration or depreciation, insects, vermin or by processing, or any work upon the property unless fire or explosion ensues and then only for direct loss or damage caused by such ensuing fire or explosion;

(c) loss or damage to dynamos, exciters, lamps, switches, motors or other electrical appliances or devices caused by electrical injury or disturbance whether from artificial or natural causes unless fire ensues, and then only for direct loss or damage caused by such ensuing fire;

(d) loss, damage or expense caused by or resulting from corrosion, rust, dampness or wetness, marring or scratching, freezing or extremes of temperature, unless such be the direct result of other physical damage to the property not insured hereunder;

(e) loss, damage or expense caused by or resulting from misappropriation, secretion, conversion, infidelity or any dishonest act on the part of the insured or other party of interest, his or their employees or agents, or others to whom the described property may be entrusted (carriers for hire excepted) and unauthorized loss, mysterious disappearance, nor loss or shortage disclosed upon taking inventory;

(f) loss, damage or expense caused by or resulting from strikers, locked-out workmen or persons taking part in labor disturbances, or arising from riots, civil commotion, vandalism or malicious mischief, or the acts of any person or persons taking part in any such occurrence or disorder;

(g) loss, damage or expense caused by or resulting from flood meaning inundation, waves, tide or tidal waves, high water, or overflow of streams or bodies of water, whether driven by wind or not;

(h) loss, damage or expense caused by or resulting from insured property or any portion thereof coming into contact with any other object while it is on a transporting conveyance, unless the transporting conveyance (excluding turntables, rails or other kinds of appurtenances of such conveyance) first collides with such other object;

(i) loss risks of nuclear reaction as excluded by the printed Special Conditions of the policy.

1. This policy covers only within the limits of the Continental United States and Canada unless otherwise endorsed hereon.

2. Where any insured item consists of articles in a pair or set, this policy is not to pay more than the value of any particular part or parts which may be lost without reference to any special value which such article may have as part of such pair or set, nor more than a proportionate part of the insured value of the pair or set.

3. The Company shall be liable in event of loss for no greater proportion thereof than the amount insured bears to the actual value of the property described herein at the time such loss shall happen.

## SPECIAL CONDITIONS

10. **AGENT OF THE COMPANY.** No person shall be deemed an agent of the Company unless specifically authorized in writing by the Company.

11. **ASSIGNMENT OF POLICY.** This policy shall be void if assigned or transferred without the written consent of the Company.

12. **ABANDONMENT.** There can be no abandonment to the Company of any property.

13. **EXAMINATION OF RECORDS.** The insured shall, as often as may be reasonably required during the term of this policy and for one year thereafter, produce for examination by the Company or its duly authorized representative all the books and records, inventories and accounts pertaining to the property covered hereunder.

14. **OTHER INSURANCE.** If at the time of loss or damage there is available to a named or unnamed insured or any other insured policy any other insurance which would apply in the absence of this policy, the insurance under this policy shall apply only as excess insurance over such other insurance.

15. **IMPAIRMENT OF RECOVERY RIGHTS.** Any act or agreement by the insured before or after loss or damage whereby any right of the insured to recover in whole or in part for loss or damage to property covered hereunder against any carrier, bailee or other party liable therefor, is released, impaired or lost, shall render this policy null and void; but the Company's right to retain or recover the premium shall not be affected. This Company is not liable for any loss or damage which, without its written consent, has been settled or compromised by the insured.

16. **CLAIMS AGAINST THIRD PARTIES.** In the event of any loss of or damage to the property covered hereunder the insured shall immediately make claim in writing against the carrier(s), bailee(s) or others involved.

17. **PRIVILEGE TO ADJUST WITH OWNER.** In the event of loss of or damage to property of others held by the insured for which claim is made upon the Company, the right to adjust such loss or damage with the owner or owners of the property is reserved to the Company, and the receipt of such owner or owners in satisfaction thereof shall be in full satisfaction of any claim of the insured for which such payment has been made. If legal proceedings be taken to enforce a claim against the insured as respects any such loss or damage, the Company reserves the right at its option without expense to the insured, to conduct and control the defense on behalf of and in the name of the insured. No action of the Company in such regard shall increase the liability of the Company under this policy, nor increase the limits of liability specified in the policy.

18. **COMPANY'S OPTIONS.** It shall be optional with the Company to take all, or any part, of the property at the agreed or appraised value, or to repair, rebuild or replace the property destroyed or damaged with other of like kind and quality within a reasonable time, on giving notice of its intention to do so within thirty (30) days after the receipt of the proof of loss herein required.

19. **LABELS.** In the event of loss of or damage to labels, capsules or wrappers, the loss shall be adjusted on the basis of an amount sufficient to pay the cost of new labels, capsules or wrappers.

20. **MACHINERY.** In the event of loss of or damage to machinery consisting, when complete for sale or use, of several parts, the Company shall only be liable for the value of the part lost or damaged.

21. **AUTOMATIC REINSTATEMENT.** Each claim paid hereunder reduces the amount of insurance by the sum paid, but the amount of such loss shall be reinstated automatically on payment by the insured of additional premium itself to prorate from the date of the occurrence when the amount of such loss is determined.

22. **MINIMUM RETAINED PREMIUM.** If this policy is cancelled by the insured, the Company shall retain an earned premium of not less than 25% of the premium for the term subject to a $25.00 minimum and a $100.00 maximum or the pro-rata premium shown on the face hereof, whichever is the greater. This policy is hereby declared to be the minimum retained premium for this policy.

Any and all of the printed terms, conditions and provisions of this policy which conflict with the expressed terms, conditions and provisions of this form are hereby superseded and declared null and void to the extent of such conflict.

ACORD No. due 3

CPC

AUTHORIZATION AND DESIGNATION FORM

Form MLB-1
(Rd. 10-66)

Insert Name of Multi-Peril Program

**Processing or Service**

## I. AGENT OR BROKER OF RECORD LETTER
### TO EACH RATING BUREAU WITH RESPECT TO ITS OWN JURISDICTION

Please recognize

**Sam J. Crain Company**
Name of Agent or Broker

**206 Cherokee Drive, Greenville, S. C.**
Address of Agent or Broker

as our agent or broker of record and representative in connection with this Program.
This letter rescinds any letter previously filed by us in connection with this Program, and revokes all authority thereunder.
This letter does not authorize the agent or broker to investigate the schedule makeup of specific rates.
Notice is accepted that all authority hereunder will be terminated by each rating bureau six months after the date hereon if insurance is not written on these forms by that date.

**Covil Insulation Company, Inc.**

**P.O. Box 1804, Greenville, S.C.**
Name of Individual, Firm or Corporation and Subsidiary Firms or Corporations

Headquarters Address

Date _____ 19___

Signature of Official or Owner

Official Title

## II. APPOINTMENT OF FILING COMPANY
### TO EACH RATING BUREAU WITH RESPECT TO ITS OWN JURISDICTION

**Covil Insulation Company, Inc.**
Name of Insured

Please recognize **Maryland Casualty Company**
Name of Filing Company

**1316 E. Morehead St., Charlotte, NC**
Address of Filing Company

as the filing company to make all necessary submissions in connection with this Program, and as our representative under our authorization.

**Sam J. Crain Company**
Name of Agent or Broker of Record

Date _____ 19___ By _____

Official Title

## III. DESIGNATION OF SPONSORING RATING BUREAU
### TO EACH RATING BUREAU WITH RESPECT TO ITS OWN JURISDICTION

**Covil Insulation Company, Inc.**
Name of Insured

We hereby designate **S.C. Inspection & Rating Bureau**
Name of Sponsoring Rating Bureau

as the Sponsoring Rating Bureau for the rating of insurance for this insured under this Program approved for use in the respective jurisdictions.

We hereby certify that this insured has applied for rating under this Program and one or more of the properties shown in the Application for coverage rate is located in the state in which the designated bureau has jurisdiction and such state is also the one in which (1) the greatest values are located, or (2) the insured's domicile or principal place of business is situated, or (3) the insurance has been negotiated.

**Maryland Casualty Company**
Name of Filing Company

By _____

Date _____ 19___

Form MLB-1 (Rd. 10-66)

Official Title



Form MLB-16
(Ed. 11-69)

☐ MLB-200, SMP Liability Insurance Form
   Description of Hazards and Locations

☒ MLB-202, Comprehensive General Liability Insurance
   Endorsement

| The rating classifications herein, except as specifically provided elsewhere, do not modify any of the provisions of the policy. | Code No. | Premium Bases | Rates | | Advance Premiums | |
|---|---|---|---|---|---|---|
| | | | *B.I. | P.D. | *B.I. | P.D. |
| (a) Premises—Operations | | (a) Area (Sq. Ft.) (b) Frontage. (c) Remuneration. | (a) Per 100 Sq. Ft. of Area (b) Per Linear Foot (c) Per $100 of Remuneration | | *If Single Limit, Use B.I. Column. | |
| (b) Escalators | | | | | Include Premium for Premises Medical Payment Insurance in B.I. Column. | |
| (c) Independent Contractors—Let or Sublet Work | | (d) Number Insured | (d) Per Landing. | | | |
| (d) Completed Operations | | (e) Cost | (e) Per $100 of Cost | | | |
| (e) Products | | (f) Receipts (g) Sales | (f) Per $1,000 of Receipts (g) Per $1,000 of Sales | | | |
| **(a) N.C.** | | | | | | |
| Insulation Work Contractors-Construction or erection | 5480 | c) 14,000 | .046 | .160 | 6. | 22. |
| | 3759 | c) 40,000 | .095 | .055 | 38. | 22. |
| S.C. | | | | | | |
| | 5480 | c) 686,000 | .071 | .160 | 487. | 1,098. |
| | 3759 | c) 38,000 | .131 | .072 | 50. | 27. |
| N.C. | | | | | | |
| | 5480 | c) 546,000 | .046 | .160 | 251. | 874. |
| | 3759 | c) 40,000 | .095 | .055 | 38. | 22. |
| GA. | | | | | | |
| | 5480 | c) 185,000 | .095 | .240 | 176. | 444. |
| | 3759 | c) 7,800 | .143 | .103 | 11. | 8. |
| S.C. | | | | | | |
| Private Residence | 0770 | EACH 1 | 2.27 | .40 | 2. | |
| VA. | | | | | | |
| TENN. | 5480 | c) 49,000 | .059 | .168 | 29. | 82. |
| KENTUCKY | 5480 | c) 41,000 | .143 | .216 | 59. | 89. |
| MISS. | 5480 | If Any | .107 | .207 | | |
| ALA. | 5480 | c) 6,000 | .143 | .224 | 9. | 13. |
| TEXAS | 5480 | c) 63,000 | .131 | .135 | 83. | 85. |
| ARK. | 5480 | c) 4,000 | .167 | .288 | 7. | 12. |
| | 5480 | c) 7,000 | .119 | .224 | 8. | 16. |

†Describe premium basis, if other than stated.

Form MLB-16 (Ed. 11-69)