UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Case No.: 1:18-cv-932

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>COVIL CORPORATION, *et al.*,<br><br>Defendants. | **DEFENDANT HARTFORD ACCIDENT AND INDEMNITY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>[**JURY TRIAL DEMANDED**] |

Defendant Hartford Accident and Indemnity Company ("Hartford"), by and through its undersigned counsel, hereby answers the Complaint filed by Plaintiff Zurich American Insurance Company ("Zurich" or "Plaintiff") and raises the defenses more fully described below. Any allegations not expressly admitted, denied, qualified, or otherwise responded to in the following paragraphs are hereby denied.

## ANSWER

## THE PARTIES[1]

1. On information and belief, Hartford admits the allegations in Paragraph 1.

2. In response to Paragraph 2, Hartford admits, on information and belief, that Covil Corporation ("Covil") was a corporation organized under the laws of the State of South Carolina with its principal place of business in the State of South Carolina. On information and belief, Hartford affirmatively alleges that Covil forfeited its charter on or

---

[1] For ease of reference, this Answer incorporates the headings in the Complaint. To the extent that those headings or the exhibits to the Complaint make any allegations of fact or assert any conclusions of law, Hartford denies such allegations and assertions.

about July 30, 1993 and dissolved on or about August 9, 1993. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 and, on that basis, denies them.

3. On information and belief, Hartford admits the allegations in Paragraph 3.

4. On information and belief, Hartford admits the allegations in Paragraph 4.

5. On information and belief, Hartford admits the allegations in Paragraph 5.

6. Hartford admits the allegations in Paragraph 6.

7. On information and belief, Hartford admits the allegations in Paragraph 7.

8. On information and belief, Hartford admits the allegations in Paragraph 8.

9. On information and belief, Hartford admits the allegations in Paragraph 9.

10. On information and belief, Hartford admits the allegations in Paragraph 10.

11. On information and belief, Hartford admits the allegations in Paragraph 11.

## JURISDICTION AND VENUE

12. Hartford admits the allegations in Paragraph 12.

13. Hartford admits the allegations in Paragraph 13.

## THE ALLEGED INSURANCE POLICIES

14. In response to Paragraph 14, Hartford admits that this declaratory judgment action pertains to an actual controversy over certain commercial general liability policies issued or allegedly issued by Zurich, or its predecessor, to Covil (the "Zurich Primary Policies"). Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 14 and, on that basis, denies

them.

15. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 and, on that basis, denies them.

16. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 and, on that basis, denies them.

17. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 and, on that basis, denies them.

18. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 and, on that basis, denies them.

19. In response to Paragraph 19, Hartford admits that this declaratory judgment action additionally pertains to an actual controversy over potential insurance under certain umbrella policies issued or allegedly issued by Zurich to Covil (the "Zurich Umbrella Policies"). Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 19 and, on that basis, denies them.

20. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 and, on that basis, denies them.

21. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 and, on that basis, denies them.

22. Hartford need not respond to the allegations in Paragraph 22 because those allegations are not directed toward Hartford. To the extent a response is deemed

required, Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 22 and, on that basis, denies them.

23. In response to Paragraph 23, Hartford admits, on information and belief, that Sentry Insurance A Mutual Company, improperly identified as Sentry Casualty Company (hereafter, "Sentry"), issued or is alleged to have issued certain primary commercial general liability insurance policies to Covil (the "Sentry Primary Policies"). Hartford affirmatively alleges, on information and belief, that Sentry also issued or is alleged to have issued one or more umbrella liability insurance policies to Covil (the "Sentry Umbrella Policies"). Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 23 and, on that basis, denies them.

24. In response to Paragraph 24, Hartford admits, on information and belief, that USF&G issued or is alleged to have issued a primary commercial general liability insurance policy to Covil (the "USF&G Primary Policy"). Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 24 and, on that basis, denies them.

25. In response to Paragraph 25, Hartford admits, on information and belief, (i) that TIG is the successor-in-interest to Fairmont Specialty Insurance Company, formerly known as Ranger Insurance Company ("Ranger"), and (ii) that Ranger issued or is alleged to have issued excess liability insurance policies to Covil (the "TIG Excess

4

Policies"). Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 25 and, on that basis, denies them.

26. In response to Paragraph 26, Hartford admits that it issued certain commercial general liability insurance policies on which Covil Corporation is a named insured. Hartford denies the remaining allegations in Paragraph 26.

## THE UNDERLYING CLAIMS

27. In response to Paragraph 27, Hartford admits that Covil was named as a defendant in a lawsuit filed in United States District Court for the Middle District of North Carolina under Case No. 1:16-cv-01077 (the "*Finch* Suit"). Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 27 and, on that basis, denies them.

28. In response to Paragraph 28, Hartford admits that a judgment was entered against Covil in the *Finch* Suit on October 19, 2018 and that the judgment is subject to pending post-judgment motions. Hartford respectfully refers the Court to the judgment for its content and terms and denies any allegations inconsistent therewith. The remaining allegations in Paragraph 28 contain legal conclusions to which no response is required. To the extent a response is deemed required, Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 28 and, on that basis, denies them.

29. In response to Paragraph 29, Hartford admits that Covil has been named as a defendant in lawsuits pending in the U.S. District Courts for the Middle and Western Districts of North Carolina. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 29 and, on that basis, denies them.

30. Hartford admits the allegations in Paragraph 30.

31. Paragraph 31 contains no allegations to which a response is required. To the extent a response is deemed required, Hartford admits that Zurich's Complaint uses the term "Underlying Actions" to refer to certain pending lawsuits in which Covil has been named as a defendant. Hartford lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 31 and, on that basis, denies them.

32. In response to Paragraph 32, Hartford admits that Zurich is seeking judicial declarations as alleged therein, but denies that Zurich is entitled to the declarations it seeks. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and, on that basis, denies them.

33. In response to Paragraph 33, Hartford admits that Zurich is seeking judicial declaration as alleged therein, but denies that Zurich is entitled to the declarations it seeks. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and, on that basis, denies them.

34. Paragraph 34 contains characterizations of the relief Zurich seeks and legal conclusions to which no response is required. To the extent a response is deemed required, Hartford admits that Zurich is seeking relief as alleged in Paragraph 34, but denies that Zurich is entitled to such relief. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and, on that basis, denies them.

35. Paragraph 35 contains characterizations of the relief Zurich seeks and legal conclusions to which no response is required. To the extent a response is deemed required, Hartford admits that Zurich is seeking relief as alleged in Paragraph 35, but denies that Zurich is entitled to such relief. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 and, on that basis, denies them.

36. Paragraph 36 contains characterizations of the relief Zurich seeks and legal conclusions to which no response is required. To the extent a response is deemed required, Hartford admits that Zurich is seeking relief as alleged in Paragraph 36, but denies that Zurich is entitled to such relief. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 and, on that basis, denies them.

## COUNT I

37. In response to Paragraph 37, Hartford admits that a judgment was entered against Covil in the *Finch* Suit on October 19, 2018 and that the judgment is subject to

pending post-judgment motions. Hartford respectfully refers the Court to the judgment for its content and terms and denies any allegations inconsistent therewith. The remaining allegations in Paragraph 37 contain legal conclusions to which no response is required. To the extent a response is deemed required, Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 37 and, on that basis, denies them.

38. In response to Paragraph 38, which contains characterizations of the allegations in the *Finch* Suit, Hartford respectfully refers the Court to the pleadings and papers filed in the *Finch* Suit and denies any allegations inconsistent therewith. Hartford affirmatively alleges, on information and belief, that Covil ceased using, manufacturing, and/or distributing asbestos-containing products years before 1977. Hartford lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 and, on that basis, denies them.

39. In response to Paragraph 39, which contains characterizations of the plaintiffs' allegations and the jury's findings in the *Finch* Suit, Hartford respectfully refers the Court to the pleadings and papers filed in the *Finch* Suit and denies any allegations inconsistent therewith. Hartford lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 and, on that basis, denies them.

40. In response to Paragraph 40, Hartford admits that Zurich is seeking relief as alleged therein, but denies that Zurich is entitled to such relief. Hartford lacks knowledge

8

Case 1:18-cv-00932-UA-JLW   Document 5   Filed 12/27/18   Page 8 of 17

or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 and, on that basis, denies them.

41. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 and, on that basis, denies them.

42. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 and, on that basis, denies them.

43. In response to Paragraph 43, Hartford admits, on information and belief, that certain other Underlying Actions potentially implicate the referenced Zurich policies. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 and, on that basis, denies them.

44. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 and, on that basis, denies them.

45. Paragraph 45 contains legal conclusions to which no response is required. To the extent a response is deemed required, Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 and, on that basis, denies them.

46. Paragraph 46 contains legal conclusions to which no response is required. To the extent a response is deemed required, Hartford admits that the judgment entered in the *Finch* Suit exceeds $250,000. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 and, on that basis, denies them.

47. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 and, on that basis, denies them.

48. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 and, on that basis, denies them.

49. In response to Paragraph 49, Hartford admits that Zurich is seeking relief as alleged therein, but denies that Zurich is entitled to such relief. Hartford further admits, on information and belief, that certain other Underlying Actions potentially implicate the referenced Zurich policies. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 49 and, on that basis, denies them.

## COUNT II

50. In response to Paragraph 50, Hartford admits, on information and belief, that Zurich, Sentry, and USF&G have acknowledged potential coverage obligations and provided a defense to Covil in connection with certain Underlying Actions. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 50 and, on that basis, denies them.

51. Paragraph 51 contains characterizations of the relief Zurich seeks and legal conclusions to which no response is required. To the extent a response is deemed required, Hartford admits that Zurich is seeking relief as alleged in Paragraph 51, but denies that Zurich is entitled to such relief. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in

Paragraph 51 and, on that basis, denies them.

## COUNT III

52. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 and, on that basis, denies them.

53. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 and, on that basis, denies them.

54. Paragraph 54 contains characterizations of the relief Zurich seeks and legal conclusions to which no response is required. To the extent a response is deemed required, Hartford admits that Zurich is seeking relief as alleged in Paragraph 54, but denies that Zurich is entitled to such relief. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 54 and, on that basis, denies them.

55. Paragraph 55 contains characterizations of the relief Zurich seeks and legal conclusions to which no response is required. To the extent a response is deemed required, Hartford admits that Zurich is seeking relief as alleged in Paragraph 55, but denies that Zurich is entitled to such relief. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 55 and, on that basis, denies them.

56. Paragraph 56 contains characterizations of the relief Zurich seeks and legal conclusions to which no response is required. To the extent a response is deemed required, Hartford admits that Zurich is seeking relief as alleged in Paragraph 56, but

11

denies that Zurich is entitled to such relief. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 56 and, on that basis, denies them.

57. Hartford need not respond to the allegations in Paragraph 57 because those allegations are not directed toward Hartford. To the extent a response is deemed required, Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 and, on that basis, denies them.

## RELIEF REQUESTED

The "Relief Requested" section of Zurich's Complaint (including subparts 1 through 9) sets forth a prayer for relief to which no response is required. To the extent a response is deemed required, Hartford admits that Zurich requests the relief identified in the "Relief Requested" section of its Complaint, but denies that Zurich is entitled to that relief. Hartford denies all remaining allegations in the "Relief Requested" section of Zurich's Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Zurich's Complaint against Hartford may be subject to dismissal for failure to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Zurich's Complaint against Hartford may be barred by the applicable statutes of limitation, statutes of repose, and/or any other applicable time limitations.

## THIRD AFFIRMATIVE DEFENSE

Zurich's Complaint against Hartford may be barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Zurich's Complaint against Hartford may be barred by the doctrines of waiver and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Zurich's Complaint against Hartford may be barred to the extent that Zurich's claims against Hartford are unripe or non-justiciable.

## SIXTH AFFIRMATIVE DEFENSE

Hartford's obligations, if any, under the insurance policies it issued under which Covil is or may be an insured are defined by the terms, limitations, definitions, conditions, declarations, endorsements, exclusions, and attachment points of the those policies, including, without limitation, exclusions for liability within the products and completed operations hazards, conditions precedent, limitations on attachment, limits of liability, per occurrence and aggregate limits, policy periods, "other insurance" provisions, requirements of exhaustion of other insurance, and notice requirements, and any such coverage obligations cease upon the exhaustion of the applicable limits of coverage.

## SEVENTH AFFIRMATIVE DEFENSE

Any claim Zurich asserts against Hartford is subject to the terms, limitations, definitions, conditions, declarations, endorsements, exclusions, and attachment points of

the insurance policies it issued under which Covil is or may be an insured, including, without limitation, exclusions for liability within the products and completed operations hazards.

## EIGHTH AFFIRMATIVE DEFENSE

Hartford has no coverage obligations for bodily injury that occurred or is alleged to have occurred outside the periods of coverage under the insurance policies it issued under which Covil is or may be an insured.

## NINTH AFFIRMATIVE DEFENSE

Hartford asserts all applicable defenses asserted by any of the other defendants in this action.

## TENTH AFFIRMATIVE DEFENSE

Hartford reserves the right to assert additional defenses upon further discovery of Zurich's claims, upon discovery of the provisions, terms, conditions, and exclusions of the Zurich policies, upon discovery of further information concerning the Underlying Actions, and upon the development of any other pertinent information.

## JURY DEMAND

Hartford demands a trial by jury as to all issued raised herein that are so triable.

## PRAYER FOR RELIEF

WHEREFORE, Hartford respectfully requests that the Court enter an Order:

a) Declaring that Hartford has no obligation to defend or indemnify Covil in connection with the Underlying Actions;

b) Declaring that Hartford has no obligation to reimburse any defense or indemnify costs incurred by Covil in connection with the Underlying Actions;

c) Declaring that Hartford has no obligation to pay any portion of any judgments that have been or may be entered against Covil in the Underlying Actions;

d) Awarding Hartford its costs and reasonable attorneys' fees; and

e) Awarding Hartford such other and further relief as the Court may deem just and proper.

This the 27th day of December 2018.

/s/ D.J. O'Brien III
D.J. O'Brien III
N.C. State Bar No. 35481
Brooks, Pierce, McLendon,
Humphrey & Leonard, LLP
2000 Renaissance Plaza
230 North Elm Street
Greensboro, North Carolina, 27401
Tel. (336) 373-8850
Fax (336) 378-1001
dobrien@brookspierce.com

James P. Ruggeri (*specially appearing*)
Edward B. Parks, II (*specially appearing*)
Myles D. Morrison (*specially appearing*)
SHIPMAN & GOODWIN LLP
1875 K Street NW, Suite 600
Washington, DC 20006-1251
Tel.: (202) 469-7750
JRuggeri@goodwin.com

EParks@goodwin.com
MMorrison@goodwin.com

*Attorneys for Defendant/Counterclaimant
Hartford Accident and Indemnity Company*

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2018, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to counsel of record in this matter.

/s/ D.J. O'Brien III<br>
D.J. O'Brien III