# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Case No.: 1:18-cv-00932-JLW

Zurich American Insurance Company,

Plaintiff,

v.

Covil Corporation, *et al.*,

Defendants.

**(Jury Trial Demanded)**

## Answer, Affirmative Defenses, Counterclaim and Crossclaim
## By Defendant TIG Insurance Company, as successor in interest to Fairmont
## <u>Specialty Insurance Company f/k/a Ranger Insurance Company</u>

Defendant TIG Insurance Company, as successor in interest to Fairmont Specialty Insurance Company f/k/a Ranger Insurance Company ("TIG"), by and through its undersigned counsel, hereby responds to the Complaint filed by Plaintiff Zurich American Insurance Company ("Zurich" or "Plaintiff") and further asserts the Affirmative Defenses, Counterclaim and Crossclaim more fully described below. Any allegations not expressly admitted, denied, qualified, or otherwise responded to in the following paragraphs are hereby denied.

## <u>ANSWER TO ZURICH'S COMPLAINT</u>

## <u>THE PARTIES</u>

1.     TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

1

2.     TIG admits, upon information and belief, that Covil Corporation ("Covil") was a corporation organized under the laws of the State of South Carolina with its principal place of business in the State of South Carolina.  Upon information and belief, TIG alleges that Covil forfeited its charter on or about July 30, 1993, was dissolved on or about August 9, 1993, and currently has no assets.

3.     TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint.

4.     TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint.

5.     Admitted.

6.     TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7.     TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8.     TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

9.     TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint .

10.     TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

11.     TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12.     The allegations contained in Paragraph 12 of the Complaint constitute conclusions of law to which no response is required.

13.     The allegations contained in Paragraph 13 of the Complaint constitute conclusions of law to which no response is required.

## THE ALLEGED INSURANCE POLICIES

14.     The allegations contained in Paragraph 14 of the Complaint are a description of Zurich's requests for relief that do not appear to be directed toward TIG, and to which no response is required.  To the extent that these allegations affect TIG's rights to relief in whole or in part, they are denied.

15.     TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and therefore denies same.

16.     TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and therefore denies same.

17.     TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and therefore denies same.

18.     TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and therefore denies same.

19.     TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and therefore denies same.

20.     TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint and therefore denies same.

21.     TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint and therefore denies same.

22.     TIG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 22 of the Complaint and therefore denies same.

23.     Admitted upon information and belief.

24.     TIG admits only that USF&G issued primary commercial general liability insurance coverage to Covil between March 31, 1976, and March 31, 1978. TIG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 24 of the Complaint and therefore denies same.

4

25.     TIG admits only that Ranger Insurance Company issued Commercial Umbrella Policy no. RU309724 ("Ranger Policy") to Covil.  The Ranger Policy had a policy period that incepted on July 25, 1976, and was cancelled on February 15, 1977. TIG denies all other allegations contained in Paragraph 25 of the Complaint.

26.     Admitted upon information and belief.

## THE UNDERLYING CLAIMS

27.     TIG admits that Covil was named as a defendant in a lawsuit filed in the Finch action described in Paragraph 27 of the Complaint.

28.     The judgment entered in the Finch action is a writing that speaks for itself. TIG denies any allegations in paragraph 28 of the Complaint that misstate or are inconsistent with the contents of that writing.

29.     TIG admits that Covil has been named as a defendant in lawsuits pending in the U.S. District Courts for the Middle and Western Districts of North Carolina.

30.     Admitted.

31.     The allegations contained in Paragraph 31 of the Complaint are requests for relief that do not appear to be directed toward TIG, and to which no response is required. To the extent that these allegations affect TIG's rights to relief in whole or in part, they are denied.

32.     The allegations contained in Paragraph 32 of the Complaint constitute conclusions of law and requests for relief that do not appear to be directed toward TIG,

and to which no response is required. To the extent that these allegations affect TIG's rights to relief in whole or in part, they are denied.

33. The allegations contained in Paragraph 33 of the Complaint constitute conclusions of law and requests for relief that do not appear to be directed toward TIG, and to which no response is required. To the extent that these allegations affect TIG's rights to relief in whole or in part, they are denied.

34. The allegations contained in Paragraph 34 of the Complaint constitute conclusions of law and requests for relief that do not appear to be directed toward TIG, and to which no response is required. To the extent that these allegations affect TIG's rights to relief in whole or in part, they are denied.

35. The allegations contained in Paragraph 35 of the Complaint constitute conclusions of law and requests for relief that do not appear to be directed toward TIG, and to which no response is required. To the extent that these allegations affect TIG's rights to relief in whole or in part, they are denied.

36. The allegations contained in Paragraph 36 of the Complaint constitute conclusions of law and requests for relief that do not appear to be directed toward TIG, and to which no response is required. To the extent that these allegations affect TIG's rights to relief in whole or in part, they are denied.

## COUNT I

37.     The judgment entered in the Finch action is a writing that speaks for itself. TIG denies any allegations in paragraph 37 of the Complaint that misstate or are inconsistent with the contents of that writing.

38.     The Complaint in the Finch action is a writing that speaks for itself. TIG denies any allegations in paragraph 38 of the Complaint that misstate or are inconsistent with the contents of that writing.

39.     The Complaint, jury verdict and judgment in the Finch action are writings that speak for themselves. TIG denies any allegations in paragraph 39 of the Complaint that misstate or are inconsistent with the contents of those writings.

40.     The allegations contained in Paragraph 40 of the Complaint constitute conclusions of law and requests for relief that do not appear to be directed toward TIG, and to which no response is required. To the extent that these allegations affect TIG's rights to relief in whole or in part, they are denied.

41.     TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint and therefore denies same.

42.     The allegations contained in Paragraph 42 of the Complaint constitute statements of intent that do not appear to be directed toward TIG, and to which no response is required. To the extent that these allegations affect TIG's rights to relief in whole or in part, they are denied.

43. TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint and therefore denies same.

44. TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint and therefore denies same.

45. TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint and therefore denies same.

46. TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint and therefore denies same.

47. TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint and therefore denies same.

48. TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint and therefore denies same.

49. TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint and therefore denies same.

## COUNT II

50.    TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint and therefore denies same.

51.    The allegations contained in Paragraph 51 of the Complaint requests for relief that do not appear to be directed toward TIG, and to which no response is required. To the extent that these allegations affect TIG's rights to relief in whole or in part, they are denied.

## COUNT III

52.    TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Complaint and therefore denies same.

53.    TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Complaint and therefore denies same.

54.    The allegations contained in Paragraph 54 of the Complaint constitute conclusions of law and requests for relief that do not appear to be directed toward TIG, and to which no response is required.  To the extent that these allegations affect TIG's rights to relief in whole or in part, they are denied.

55.    The allegations contained in Paragraph 55 of the Complaint constitute conclusions of law and requests for relief that do not appear to be directed toward TIG,

and to which no response is required.  To the extent that these allegations affect TIG's rights to relief in whole or in part, they are denied.

56.     The allegations contained in Paragraph 56 of the Complaint are conclusions of law and requests for relief that do not appear to be directed toward TIG, and to which no response is required.

57.     The allegations contained in Paragraph 57 of the Complaint are statements of intent that do not appear to be directed toward TIG, and to which no response is required.  To the extent that these allegations affect TIG's rights to relief in whole or in part, they are denied.

## RELIEF REQUESTED

WHEREFORE, TIG demands judgment in its favor and against all other parties, together with an award of such further relief as this Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

58.     Any claims asserted against TIG should be dismissed under Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

59.     Any claims asserted against TIG may be barred by the applicable statutes of limitation, statutes of repose, and/or any other applicable time limitations.

## THIRD AFFIRMATIVE DEFENSE

60.     Any claims asserted against TIG may be barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

61.     Any claims asserted against TIG may be barred by the doctrines of waiver and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

62.     Any claims asserted against TIG may be barred to the extent they are unripe or non-justiciable.

## SIXTH AFFIRMATIVE DEFENSE

63.     Any claims asserted against TIG are subject to the terms, limitations, definitions, conditions, declarations, endorsements, exclusions, and attachment points of the Ranger Policy.

## SEVENTH AFFIRMATIVE DEFENSE

64.     TIG's obligations under the Ranger Policy have not arisen and will not arise, if at all, until all applicable underlying insurance is exhausted.

## EIGHTH AFFIRMATIVE DEFENSE

65.     TIG has no coverage obligations for bodily injury that occurred or is alleged to have occurred outside the policy period of the Ranger Policy.

## NINTH AFFIRMATIVE DEFENSE

66.     The asbestos bodily injury claims for which Covil seeks coverage under the Ranger Policy were expected or intended, or otherwise were not fortuitous losses, and, accordingly, there is no coverage for any such bodily injury claims under the Ranger Policy.

## TENTH AFFIRMATIVE DEFENSE

67.    TIG has no duty to defend or indemnify under any policy of which Covil has not proven the existence.

## ELEVENTH AFFIRMATIVE DEFENSE

68.    Any claims for which Covil seeks coverage from TIG are subject to the products hazard aggregate limits set forth in the Ranger Policy.

## TWELFTH AFFIRMATIVE DEFENSE

69.    TIG is not obligated to pay any indemnity for any punitive damages assessed or awarded against Covil.

## THIRTEENTH AFFIRMATIVE DEFENSE

70.    TIG is not obligated to defend or indemnify Covil for any claims asserted by an employee of Covil.

## FOURTEENTH AFFIRMATIVE DEFENSE

71.    Any coverage provided by the Ranger Policy shall be only the ultimate net loss in excess of the retained limit set forth in the Declarations.

## FIFTEENTH AFFIRMATIVE DEFENSE

72.    The Ranger Policy applies, if at all, only to "occurrences" that happened during the policy period.

## SIXTEENTH AFFIRMATIVE DEFENSE

73.    The pollution exclusion in the Ranger Policy bars coverage for any claims asserted against TIG in this matter.

## SEVENTEENTH AFFIRMATIVE DEFENSE

74. Any losses for which coverage is sought under the Ranger Policy were known losses and/or losses in progress, and there is no coverage for such losses under the Ranger Policy.

## EIGHTEENTH AFFIRMATIVE DEFENSE

75. To the extent any coverage is owed under the Ranger Policy (which TIG denies), then TIG indemnifies defense costs only for claims actually covered under the Ranger Policy, and any defense costs and attorneys' fees for which TIG is obligated to indemnify Covil are within policy limits.

## NINETEENTH AFFIRMATIVE DEFENSE

76. Any coverage owed by TIG under the Ranger Policy is subject to the number of "occurrences" that took place.

## TWENTIETH AFFIRMATIVE DEFENSE

77. Coverage under the Ranger Policy for any losses incurred by Covil should be barred, or the Ranger Policy should be rescinded or ruled to be void ab initio, because Covil made material misrepresentations of fact, or failed to disclose material information, regarding its alleged involvement with asbestos in support of its application procuring the Ranger Policy that were (1) fraudulent or with intent to deceive the insurer; or (2) so material to the underwriting process that no reasonable underwriter would agree to issue the Ranger Policy at all or for the premium paid by Covil if the information had been accurately disclosed to Ranger.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

78. Covil may have breached the assistance and cooperation condition in the Ranger Policy, and, therefore, TIG owes no coverage under the Ranger Policy.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

79. TIG asserts all applicable defenses asserted by any of the other defendants in this action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

80. TIG reserves the right to assert cross-claims and/or additional affirmative defenses upon further discovery of the claims and issues set forth in Zurich's Complaint, and upon the development of any other pertinent information.

## COUNTERCLAIM AGAINST PLAINTIFF ZURICH AMERICAN INSURANCE COMPANY

TIG hereby asserts the following Counterclaim against Zurich American Insurance Company ("Zurich"):

81. Upon information and belief, Zurich is a corporation organized under the State of New York with its principal place of business located in the State of Illinois.

82. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

83. This Court has jurisdiction over the instant Counterclaim pursuant to 28 U.S.C. § 1332, and pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

84.     Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims at issue took place in this District.

85.     TIG incorporates herein all responses, allegations and Affirmative Defenses set forth in TIG's Answer to Zurich's Complaint above, as if fully set forth at length.

86.     Upon information and belief, Zurich issued liability insurance coverage to Covil Corporation ("Covil") over the period from March 31, 1970, to March 31, 1976.

87.     Covil is seeking defense and indemnity from Zurich and TIG for civil actions that have been asserted (and which may be asserted in the future) against Covil in several jurisdictions seeking damages for bodily injury caused by exposure to asbestos ("Underlying Actions").

88.     To the extent this Court finds that TIG owes any coverage under the Ranger Policy for any Underlying Actions (which TIG denies), TIG seeks a declaration from this Court that (1) under the terms and conditions of the Ranger Policy and the applicable Zurich policies, the Ranger Policy is excess to any applicable insurance policies issued by Zurich to Covil; (2) Zurich owes TIG equitable contribution, indemnification and/or subrogation for any amounts paid by TIG under the Ranger Policy; and/or (3) TIG is obligated only to pay its pro rata share of the defense and indemnity of Covil in the Underlying Actions.

89.     WHEREFORE, TIG demands judgment in its favor and against all other parties, together with an award of such further relief as this Court deems just and proper.

## CROSSCLAIM AGAINST ALL OTHER DEFENDANTS

90.     TIG hereby asserts the following Crossclaim against all other Defendants in the instant action as follows:

91.     Upon information and belief, Covil Corporation ("Covil") was at all times material hereto a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in the State of South Carolina.

92.     Upon information and belief, Sentry Casualty Company ("Sentry") is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business in the State of Wisconsin.

93.     Upon information and belief, United States Fidelity and Guaranty Company ("USF&G") is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in the State of Connecticut.

94.     Upon information and belief, Hartford Accident and Indemnity Company ("Hartford") is a corporation organized and existing under the laws of the State of Connecticut with a principal place of business in the State of Connecticut.

95.     Upon information and belief, Ann Finch the Executrix of the Estate of Franklin Delenor Finch ("Finch"), is a citizen and resident of the State of North Carolina.

96.     Upon information and belief, Darrell A. Connor, the Executrix of the Estate of Charles Franklin Connor ("Connor"), is a citizen and resident of the State of North Carolina.

97.     Upon information and belief, Robert A. Mullinax, the Executor of the Estate of Jack Junior Waugh ("Mullinax"), is a citizen and resident of the State of North Carolina.

98.     Upon information and belief, Robert Joseph Ellis ("Ellis") is a citizen and resident of the State of North Carolina.

99.     Upon information and belief, Sharon Whitehead, the Executrix of the Estate of James T. Whitehead ("Whitehead"), is a citizen and resident of the State of North Carolina.

100.    Defendants Sentry, USF&G and Hartford shall be collectively referenced in the instant Crossclaim as "Insurer Defendants."

101.    Defendants Finch, Connor, Mullinax, Ellis and Whitehead shall be collectively referenced in the instant Crossclaim as "Individual Defendants."

102.    The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

103.    This Court has jurisdiction over the instant Crossclaim pursuant to 28 U.S.C. § 1332, and pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

104.    Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims at issue took place in this District.

105. TIG incorporates herein all responses, allegations and Affirmative Defenses set forth in TIG's Answer to Zurich's Complaint and in TIG's Counterclaim above, as if fully set forth at length.

106. Upon information and belief, Sentry issued liability insurance coverage to Covil over the period from March 31, 1964, to March 31, 1970.

107. Upon information and belief, USF&G issued liability insurance coverage to Covil over the period from March 31, 1976, to March 31, 1978.

108. Upon information and belief, Hartford issued liability insurance coverage to Covil effective from at least March 31, 1978.

109. Covil is seeking defense and indemnity from the Insurer Defendants, Zurich and TIG for civil actions that have been asserted (and which may be asserted in the future) against Covil in several jurisdictions seeking damages for bodily injury caused by exposure to asbestos ("Underlying Actions").

110. The Individual Defendants have asserted several of the Underlying Actions against Covil.

111. Because Covil does not have any assets, the insurance policies issued by the Insurer Defendants, Zurich and TIG to Covil appear to be the only source of funds that can respond to defend or indemnify Covil in the Underlying Actions asserted by the Individual Defendants.

112. To the extent this Court finds that TIG owes any coverage under the Ranger Policy for any Underlying Actions (which TIG denies), TIG seeks a declaration from this

Court that (1) under the terms and conditions of the Ranger Policy and the applicable insurance policies issued by the Insurer Defendants, the Ranger Policy is excess to any applicable insurance policies issued by the Insurer Defendants to Covil; (2) the Insurer Defendants owe TIG equitable contribution, indemnification and/or subrogation for any amounts paid by TIG under the Ranger Policy; and/or (3) TIG is obligated only to pay its pro rata share of the defense and indemnity of Covil in the Underlying Actions.

113.   WHEREFORE, TIG demands judgment in its favor and against all other parties, together with an award of such further relief as this Court deems just and proper.

## JURY DEMAND

114.   TIG demands a trial by jury as to all issued raised herein that are so triable.

## PRAYER FOR RELIEF

WHEREFORE, TIG respectfully requests that the Court enter an Order:

a)     Declaring that TIG has no obligation to defend or indemnify Covil until all insurance underlying the Ranger Policy has been exhausted;

b)     Declaring that TIG has no coverage obligations for bodily injury that occurred or is alleged to have occurred outside the policy period of the Ranger Policy;

c)     Declaring that the asbestos bodily injury claims for which Covil seeks coverage under the Ranger Policy were expected or intended, or otherwise were not fortuitous losses, and, accordingly, there is no coverage for any such claims under the Ranger Policy;

19

d)     Declaring that any claims for which Covil seeks coverage from TIG are subject to the products hazard aggregate limits set forth in the Ranger Policy;

e)     Declaring that TIG is not obligated to pay any indemnity for any punitive damages assessed or awarded against Covil;

f)     Declaring that TIG is not obligated to defend or indemnify Covil for any claims asserted by an employee of Covil;

g)     Declaring that any coverage provided by the Ranger Policy shall be only for ultimate net loss as defined in the Ranger Policy;

h)     Declaring that, if any coverage is owed by TIG under the Ranger Policy, then (1) under the terms and conditions of the applicable policies, the Ranger Policy is excess to any applicable insurance policies issued by Zurich and the Insurer Defendants to Covil; (2) Zurich and the Insurer Defendants owe TIG equitable contribution, indemnification and/or subrogation for any amounts paid by TIG under the Ranger Policy; and/or (3) TIG is obligated only to pay its pro rata share of the defense and indemnity of Covil in the Underlying Actions.

i)     Declaring that coverage under the Ranger Policy is barred, or that the Ranger Policy is rescinded, because of material misrepresentations of fact made by Covil during the Ranger Policy underwriting process;

j)     Declaring that TIG owes no coverage under the Ranger Policy because Covil has breached the cooperation and assistance condition in that Policy;

k)     Awarding TIG its costs and reasonable attorneys' fees; and

l)    Awarding TIG such other and further relief as the Court deems just and proper.

This the 21st day of January, 2019.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ Matthew A. Abee
    Matthew A. Abee
    North Carolina Bar No. 46949
    E-Mail: matt.abee@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC  29201
    (803) 799-2000

*Attorney for Defendant TIG Insurance Company, as successor in interest to Fairmont Specialty Insurance Company f/k/a Ranger Insurance Company*

## Certificate of Service

I certify that on the date set forth below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of the filing to the following:

William A. Bulfer
Teague Campbell Dennis & Gorham, LLP
22 S. Pack Square, Ste. 800
Asheville, NC 28801
828-254-4515
wbulfer@tcdg.com
*Counsel for Plaintiff*

D. J. O'brien , III
Brooks Pierce Mclendon Humphrey & Leonard
P.O. Box 26000
Greensboro, NC 27420-6000
336-271-3194
dobrien@brookspierce.com
*Counsel for Defendant Hartford Accident and Indemnity Company*

Brian M. Love
Teague Campbell Dennis & Gorham, LLP
4700 Falls Of Neuse Road
Raleigh, NC 27609
919-873-0166
blove@teaguecampbell.com
*Counsel for Plaintiff*

William K. Davis
Bell Davis & Pitt, P.A.
P.O. Box 21029
Winston-Salem, NC 27120-1029
336-714-4146
wdavis@belldavispitt.com
*Counsel for Defendant Covil Corporation*

This the 21st day of January, 2019.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ Matthew A. Abee
    Matthew A. Abee
    North Carolina Bar No. 46949
    E-Mail: matt.abee@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC  29201
    (803) 799-2000

*Attorney for Defendant TIG Insurance Company, as successor in interest to Fairmont Specialty Insurance Company f/k/a Ranger Insurance Company*