IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NUMBER: 1:18-cv-932

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>v.<br><br>COVIL CORPORATION; SENTRY CASUALTY COMPANY; UNITED STATES FIDELITY AND GUARANTY COMPANY; TIG INSURANCE COMPANY, as successor in interest to Fairmont Specialty Insurance Company, f/k/a Ranger Insurance Company; HARTFORD ACCIDENT AND INDEMNITY COMPANY; ANN FINCH, as Executrix of the Estate of Franklin Delenor Finch, DARRELL A. CONNOR, as Executrix of the Estate of Charles Franklin Connor; ROBERT A. MULLINAX, as Executor of the Estate of Jack Junior Waugh; ROBERT JOSEPH ELLIS; and SHARON WHITEHEAD, as Executrix of the Estate of James T. Whitehead;<br><br>          Defendants. | **SENTRY INSURANCE A MUTUAL COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF, AND CROSS-CLAIMS AGAINST COVIL CORPORATION** |

Defendant SENTRY INSURANCE A MUTUAL COMPANY, sued herein incorrectly as Sentry Casualty Company ("Sentry"), by its attorneys Murphy & Grantland, P.A. and Rivkin Radler LLP, answers the Complaint for Declaratory Judgment and Other Relief as follows:

**THE PARTIES**

1. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. Admits the allegations of Paragraph 3, except states that the name of the entity is Sentry Insurance a Mutual Company.

4. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

## **JURISDICTION AND VENUE**

12. Admits the allegations of Paragraph 12.

13. Admits the allegations of Paragraph 13.

## THE ALLEGED INSURANCE POLICIES

14. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Sentry admits that its corporate predecessor, Hardware Mutual Casualty Company, issued policies of primary general liability insurance to Covil Insulation Corp. that were cumulatively effective during the period April 21, 1964 – March 31, 1970. Denies all other allegations of Paragraph 23.

24. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

## THE UNDERLYING ACTIONS

27. Admits the allegations of Paragraph 27.

28. Admits the allegations of Paragraph 28.

29. Admits the allegations of Paragraph 29.

30. Admits the allegations of Paragraph 30.

31. Paragraph 31 does not contain allegations of fact for which an answer is necessary.

32. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

## COUNT I.

37. Admits the allegations of Paragraph 37.

38. Admits the allegations of Paragraph 38.

39. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

## COUNT II.

50. With respect to Paragraph 50, Sentry admits that it has participated in providing for the defense of Covil in certain Underlying Actions.

51. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

## COUNT III.

52. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and affirmatively states that Sentry has not issued any valid and collectible umbrella coverage.

57. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

## AFFIRMATIVE DEFENSES

58. There is no coverage under the Sentry policies for any damages that were caused by exposure to asbestos subsequent to March 31, 1970.

59. Sentry is not obligated to pay either defense or indemnity costs in excess of its allocable share of such costs.

60. Sentry has no obligations under any policy of which the existence and terms have not been proven by clear and convincing evidence.

61. Sentry has no obligation under any policy under which it has paid its aggregate limit in satisfaction of judgments or settlements.

62. Sentry has no obligation under any umbrella liability policy that it may have issued until the primary policy that underlies it has been exhausted by payments of judgments and settlements.

63. There is no coverage for any damages which were expected or intended from the standpoint of Covil.

64. There is no coverage for any damages which are not fortuitous.

65. Sentry is not obligated to indemnify Covil for any punitive damages that may be awarded against it.

66. Sentry is not obligated to defend or indemnify Covil in any lawsuit brought by a former employee of Covil.

67. Sentry's total liability for indemnification of any one suit cannot exceed a single "per occurrence" limit of coverage.

## CROSS-CLAIMS AGAINST DEFENDANT COVIL CORPORATION

Defendant SENTRY INSURANCE A MUTUAL COMPANY, sued herein incorrectly as Sentry Casualty Company ("Sentry"), by its attorneys Murphy & Grantland, P.A. and Rivkin Radler LLP, for its cross-claim against defendant COVIL CORPORATION ("Covil"), states as follows:

## PARTIES, JURISDICTION AND VENUE

68. Sentry is a corporation incorporated under the laws of the State of Wisconsin, with its principal place of business in Stevens Point, Wisconsin.

69. Covil was a corporation incorporated under the laws of the State of South Carolina, with a principal place of business in Spartanburg, South Carolina.

70. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

71. Jurisdiction in this Court is proper under 28 U.S.C §1332. This cross-claim also falls within this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367.

72. Venue is proper in this District pursuant to 28 U.S.C. §1391(a), since a substantial part of the events or omissions giving rise to this claim occurred in this District.

## FIRST CROSS-CLAIM

73. Sentry's corporate predecessor, Hardware Mutual Casualty Company (hereafter referred to as "Sentry") issued policies of primary general liability insurance to Covil Insulation Corp. during the periods April 21, 1964 – April 21, 1965 (with limits of $100,000 per occurrence and $300,000 aggregate), April 21, 1966 – March 31, 1967 (with limits of $250,000 per occurrence and $500,000 aggregate) and March 31, 1967 – March 31, 1968 (with limits of $100,000 per

occurrence and $300,000 aggregate). Sentry does not possess copies of these policies, and Covil has not provided Sentry with such copies.

74. It has been alleged that Sentry issued policies of primary general liability insurance to Covil Insulation Corp. during the periods April 21, 1965 – April 21, 1966, March 31, 1968 – March 31, 1969, and March 31, 1969 – March 31, 1970. Sentry does not possess copies of these policies, and Covil has not provided Sentry with such copies. Each of these policies carries limits of $100,000 per occurrence and $300,000 aggregate.

75. Sentry is entitled to a declaration that the policy in effect April 21, 1966 – March 31, 1967 had limits of $250,000 per occurrence and $500,000 aggregate, and that each of the other primary policies had limits of $100,000 per occurrence and $300,000 aggregate.

76. It has been alleged that Sentry issued a policy of umbrella liability insurance to Covil Insulation Corp. during the period March 31, 1967 – March 31, 1970. Sentry denies that it issued the umbrella policy.

77. Covil is unable to prove, by legally sufficient evidence, that Sentry issued an umbrella policy.

78. Sentry is entitled to a declaration that it did not issue the umbrella policy.

## **SECOND CROSS-CLAIM**

79. Covil has been sued in a number of lawsuits in the state and federal courts in the States of North Carolina, South Carolina and Louisiana. These lawsuits seek damages for personal injury and, in some cases, wrongful death, as a result of Covil's sale, distribution and installation of products that contain asbestos. Sentry has participated in the defense of Covil in some, but not all, of these lawsuits. Sentry has paid, on behalf of Covil, a part of the settlement of some, but not all, of these lawsuits. These lawsuits are referred to collectively as "the Underlying Lawsuits."

9

80. Under no circumstances can Sentry ever have any duty with respect to any Underlying Lawsuit in which the plaintiff does not allege exposure to asbestos prior to April 1, 1970. Sentry is entitled to a declaration to that effect.

81. In particular, Covil was named as a defendant in an Underlying Lawsuit entitled *Finch v. BASF Catalysts, LLC, et al.,* No. 1:16-cv-01077 (M.D.N.C.) ("the Finch case"). A verdict has been entered in the Finch case, although post-judgment motions remain pending in that case.

82. The plaintiff in the Finch case was not exposed to asbestos prior to April 1, 1970.

83. Further, Covil was named as a defendant in an Underlying Lawsuit entitled *Crawford v. Covil Corp. et al.,* No. 2017-CP-42-04429 (S.C. Ct. Com. Pls., Spartanburg Cty. ) ("the Crawford case"). A verdict in favor of Covil has been entered in the Crawford case, although the trial court entered an order granting a new trial, and that order is now on appeal.

84. The plaintiff in the Crawford case was not exposed to asbestos prior to April 1, 1970.

85. Sentry is entitled to a declaration that it has no obligation to pay any part of the final judgment in the Finch case or, if any, the Crawford case.

### THIRD CROSS-CLAIM

86. Sentry may be obligated to participate in the defense and indemnification of some of the Underlying Lawsuits.

87. With respect to those Underlying Lawsuits, if any, in which Sentry may be obligated to participate in the defense and indemnification, Sentry will be required to pay only its pro rata share of the defense and indemnity. Sentry is entitled to a declaration to that effect.

### FOURTH CROSS-CLAIM

88. All of the Sentry policies have aggregate limits.

89. The aggregate limit on the Sentry policies indicates the maximum amount of money that Sentry shall ever be obligated to pay, on that policy, in indemnification of Covil for judgements or settlements.

90. Once Sentry has paid the aggregate limit of a Sentry policy in indemnification for judgment(s) or settlement(s), Sentry will thereafter no longer have any obligations whatsoever under that Sentry policy. Sentry is entitled to a declaration to that effect.

### **FIFTH CROSS-CLAIM**

91. There is no coverage for punitive damages under the Sentry policies.

92. Sentry is entitled to a declaration that it has no obligation to indemnify Covil for any punitive damages that may be awarded against Covil.

### **SIXTH CROSS-CLAIM**

93. The Sentry policies exclude coverage for bodily injury to any employee of the insured.

94. Sentry is entitled to a declaration that it has no obligation of defense or indemnity in any Underlying Lawsuit to the extent the claimant was an employee of Covil.

### **SEVENTH CROSS-CLAIM**

95. The Sentry policies do not cover any damages arising from injuries that were expected or intended from the standpoint of the insured.

96. The Sentry policies do not cover any damages that were not fortuitous.

97. Sentry is entitled to a declaration that it has no obligation of defense or indemnity in any Underlying Lawsuit for any damages or injuries that were expected or intended from the standpoint of Covil, or that were not fortuitous.

## EIGHTH CROSS-CLAIM

98. Sentry's total liability for indemnification of any one Underlying Lawsuit cannot exceed a single "per occurrence" limit of coverage.

99. Sentry is entitled to a declaration that its total liability for indemnification of any one Underlying Lawsuit cannot exceed a single "per occurrence" limit of coverage.

**WHEREFORE,** Sentry respectfully requests that this Court enter a declaratory judgment that

A. There is no coverage for any damages that were caused by exposure to asbestos subsequent to March 31, 1970, including, but not limited to, any damages in the Finch case and the Crawford case;

B. Sentry is not obligated to pay either defense or indemnity costs in excess of its allocable share of such costs;

C. The policy that Sentry issued to Covil in effect April 21, 1966 – March 31, 1967 had limits of $250,000 per occurrence and $500,000 aggregate, and each of the other primary policies had limits of $100,000 per occurrence and $300,000 aggregate;

D. Sentry issued no umbrella liability policy to Covil;

E. Sentry has no obligation under any Sentry policy under which it has paid its aggregate limit in satisfaction of judgments or settlements;

F. Sentry has no obligation of defense or indemnity in any Underlying Lawsuit to the extent the claimant was an employee of Covil;

G. There is no coverage for any damages which were expected or intended from the standpoint of Covil;

H. There is no coverage for any damages which are not fortuitous;

I. Sentry has no obligation to indemnify Covil for any punitive damages that may be awarded against it;

J. Sentry has no obligation under any umbrella liability policy that it may have issued until the primary policy that underlies it has been exhausted by payments of judgments and settlements; and

K. Sentry's total liability for indemnification of any one Underlying Lawsuit cannot exceed a single "per occurrence" limit of coverage.

/s/Wesley B. Sawyer
Wesley B. Sawyer (Fed Bar # 049504)
Attorney for Defendant Sentry Insurance a Mutual Company
Murphy & Grantland, P.A.
P.O. Box 6648
Columbia, South Carolina 29260
(803) 454-1233
wsawyer@murphygrantland.com

OF COUNSEL:
RIVKIN RADLER LLP
M. Paul Gorfinkel
Stuart I. Gordon
926 RXR Plaza
Uniondale, New York 11556
(516) 357-3000
Paul.Gorfinkel@rivkin.com
(By Special Appearance)

13