IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NUMBER: 1:18-cv-932

ZURICH AMERICAN INSURANCE COMPANY,

                            Plaintiff,

v.

COVIL CORPORATION; SENTRY CASUALTY COMPANY; UNITED STATES FIDELITY AND GUARANTY COMPANY; TIG INSURANCE COMPANY, as successor in interest to Fairmont Specialty Insurance Company, f/k/a Ranger Insurance Company; HARTFORD ACCIDENT AND INDEMNITY COMPANY; ANN FINCH, as Executrix of the Estate of Franklin Delenor Finch, DARRELL A. CONNOR, as Executrix of the Estate of Charles Franklin Connor; ROBERT A. MULLINAX, as Executor of the Estate of Jack Junior Waugh; ROBERT JOSEPH ELLIS; and SHARON WHITEHEAD, as Executrix of the Estate of James T. Whitehead;

                            Defendants.

**SENTRY INSURANCE A MUTUAL COMPANY'S ANSWER TO CROSS-CLAIM BY DEFENDANT TIG INSURANCE COMPANY**

Defendant SENTRY INSURANCE A MUTUAL COMPANY, sued herein incorrectly as Sentry Casualty Company ("Sentry"), by its attorneys Murphy & Grantland, P.A. and Rivkin Radler LLP, answers the Cross-Claim by Defendant TIG Insurance Company as follows:

1. No answer is required to Paragraph 90.

2. Sentry admits the allegations of Paragraph 91.

3. Sentry admits the allegations of Paragraph 92.

4. Sentry denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraphs 93 through 99, inclusive.

5. No answer is required to Paragraphs 100 or 101.

6. Sentry admits the allegations of Paragraphs 102 through 104, inclusive.

7. No answer is required to Paragraph 105.

8. Sentry admits the allegations of Paragraph 106.

9. Sentry denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraphs 107 and 108.

10. Sentry denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 109, except Sentry states that the allegations made by Covil in this and other litigations speak for themselves.

11. Sentry admits the allegations of Paragraph 110.

12. Sentry admits the allegations of Paragraph 111.

13. To the extent Paragraph 112 alleges conclusions of law, no answer is necessary, and Sentry leaves all issues of law for the Court. Notwithstanding this, Sentry denies that it has any obligations of equitable contribution, indemnification, subrogation, or otherwise to TIG.

14. With respect to Paragraph 113, Sentry leaves all questions of law for the Court, but denies that TIG is entitled to judgment in its favor against Sentry.

**AFFIRMATIVE DEFENSES**

15. Sentry hereby incorporates all of the affirmative defenses that it has alleged in its Answer to Plaintiff's Complaint for Declaratory Judgment and Other Relief [ECF No. 12].

**WHEREFORE,** Sentry respectfully requests that this Court enter judgment that it has no obligations of equitable contribution, indemnification, subrogation, or otherwise to TIG, and that it award to Sentry such other and further relief as it deems just and proper.

Dated: January 30, 2019

2

Case 1:18-cv-00932-UA-JLW   Document 15   Filed 01/30/19   Page 2 of 3

/s/Wesley B. Sawyer
Wesley B. Sawyer (Fed Bar # 049504)
Attorney for Defendant Sentry Insurance a Mutual Company
Murphy & Grantland, P.A.
P.O. Box 6648
Columbia, South Carolina 29260
(803) 454-1233
wsawyer@murphygrantland.com

OF COUNSEL:
RIVKIN RADLER LLP
M. Paul Gorfinkel
Stuart I. Gordon
926 RXR Plaza
Uniondale, New York 11556
(516) 357-3000
Paul.Gorfinkel@rivkin.com
(By Special Appearance)