**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No.: 1:18-cv-932-UA-JLW**

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>COVIL CORPORATION, *et al.*,<br><br>        Defendants. | **UNITED STATES FIDELITY AND GUARANTY COMPANY'S ANSWER AND CROSSCLAIMS AGAINST COVIL CORPORATION AND ANN FINCH, THE EXECUTRIX OF THE ESTATE OF FRANKLIN DELANOR FINCH** |

Defendant United States Fidelity and Guaranty Company ("USF&G") answers the complaint filed by plaintiff Zurich American Insurance Company ("Zurich"), as follows:

## THE PARTIES

1. USF&G lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, which are directed at an entity other than USF&G, and therefore denies the same.

2. USF&G admits upon information and belief the allegations of paragraph 2.

3. USF&G lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, which are directed at an entity other than USF&G, and therefore denies the same.

4. USF&G admits the allegations of paragraph 4.

5-11. USF&G lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 5-11, which are directed at entities other than USF&G, and therefore denies the same.

## JURISDICTION AND VENUE

12-13.   USF&G admits the allegations of paragraphs 12-13.

## THE ALLEGED INSURANCE POLICIES

14-23.   USF&G lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 14-23, which are directed at an entity other than USF&G, and therefore denies the same except that USF&G admits that documents identified as insurance "policy materials" are attached to the complaint as Exhibits A and B, which documents speak for themselves.

24.   In response to the allegations of paragraph 24, USF&G admits that Fidelity and Guaranty Insurance Underwriters, Inc. issued policy number SMP 490049 to Covil Corporation ("Covil") for the period March 31, 1976 to March 31, 1978 (the "USF&G Policy"), which policy speaks for itself.

25-26.   USF&G lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 25-26, which are directed at entities other than USF&G, and therefore denies the same.

## THE UNDERLYING ACTIONS

27-30.   USF&G lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 27-30, which are directed at an entity other than USF&G, and therefore denies the same except that USF&G admits that a judgment was entered against Covil in the *Finch* suit (as that phrase is defined in paragraph 27 of the complaint) on October 19, 2018 in the amount of $32.7 million plus pre-judgment interest of $5,633,358.89, that the judgment in the *Finch* suit remains subject to post-judgment motions and was not final as of the date of commencement of this action, that Covil has been named as a defendant in other underlying

lawsuits pending in North Carolina and states other than North Carolina, and that copies of case captions for certain underlying lawsuits are attached to the complaint as Exhibit C, which documents speak for themselves.

31. Paragraph 31 does not contain any allegations to which a response is required.

32-36. The allegations of paragraphs 32-36 constitute characterizations of Zurich's claims and legal conclusions to which no response is required. To the extent a response is required, USF&G admits that Zurich seeks the relief alleged in paragraphs 32-36. USF&G lacks knowledge or information sufficient to form a belief about the remaining allegations set forth in paragraphs 32-36.

## COUNT I

37-39. USF&G lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 37-39, which are directed at entities other than USF&G, and therefore denies the same except that USF&G admits that judgment was entered against Covil in the *Finch* suit on October 19, 2018 in the amount of $32.7 million plus pre-judgment interest of $5,633,358.89, that the judgment in the *Finch* suit is not yet final, and that the *Finch* suit alleged wrongful death relating to plaintiff Franklin Delenor Finch's exposure to asbestos due to a Covil product first beginning in 1975.

40. The allegations of paragraph 40 constitute characterizations of Zurich's claims and legal conclusions to which no response is required. To the extent a response is required, USF&G admits that Zurich seeks the relief alleged in paragraph 40 and that Zurich is obligated only to pay its pro rata share of the judgment in the *Finch* suit based on Zurich's time on the risk up to the applicable limit of liability of the Zurich policy at issue. USF&G lacks knowledge or information sufficient to form a belief about the remaining allegations set forth in paragraph 40.

41-44. USF&G lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 41-44, which are directed at entities other than USF&G.

45. The allegations of paragraph 45 constitute legal conclusions to which no response is required. To the extent a response is required, USF&G lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45, which are directed at an entity other than USF&G.

46. The allegations of paragraph 46 constitute legal conclusions to which no response is required. To the extent a response is required, USF&G admits that the judgment in the *Finch* suit exceeds $250,000. USF&G lacks knowledge or information sufficient to form a belief about the remaining allegations set forth in paragraph 46.

47-48. The allegations of paragraphs 47-48 constitute legal conclusions to which no response is required. To the extent a response is required, USF&G lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47-48, which are directed at an entity other than USF&G.

49. The allegations of paragraph 49 constitute characterizations of Zurich's claims and legal conclusions to which no response is required. To the extent a response is required, USF&G admits that Zurich seeks the relief alleged in paragraph 49. USF&G lacks knowledge or information sufficient to form a belief about the remaining allegations set forth in paragraph 49.

## COUNT II

50. In response to the allegations of paragraph 50, USF&G denies those allegations except that USF&G admits that it participated in providing for the defense of Covil in certain Underlying Actions (as that phrase is defined in paragraph 31 of the complaint).

4

51. The allegations of paragraph 51 constitute characterizations of Zurich's claims and legal conclusions to which no response is required. To the extent a response is required, USF&G admits that Zurich seeks the relief alleged in paragraph 51 and that Zurich is obligated only to pay its pro rata share of the judgment in the *Finch* suit based on Zurich's time on the risk up to the applicable limit of liability of the Zurich policy at issue. USF&G lacks knowledge or information sufficient to form a belief about the remaining allegations set forth in paragraph 51.

## COUNT III

52-53. USF&G lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 52-53, which are directed at entities other than USF&G.

54-56. The allegations of paragraphs 54-56 constitute characterizations of Zurich's claims and legal conclusions to which no response is required. To the extent a response is required, USF&G admits that Zurich seeks the relief alleged in paragraphs 54-56. USF&G lacks knowledge or information sufficient to form a belief about the remaining allegations set forth in paragraphs 54-56.

57. Paragraph 57 does not contain any allegations to which a response is required. To the extent a response is required, USF&G lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57, which are directed at entities other than USF&G.

## RELIEF REQUESTED

The language in the " RELIEF REQUESTED" section that follows paragraph 57 consists of a description of the relief sought by Zurich, to which no response is required. To the extent that a response is required, USF&G denies that Zurich is entitled to any relief against USF&G.

## DEFENSES

USF&G asserts the following defenses without assuming the burden of proof where such burden would otherwise be on a party other than USF&G.

## FIRST DEFENSE

Any claims asserted against USF&G are subject to the terms of the USF&G Policy, including, without limitation, conditions, exclusions, declarations, endorsements, limits of liability, per occurrence and aggregate limits, definitions, deductibles, self-insured retentions, policy periods, requirements of exhaustion of other insurance, and notice requirements. USF&G expressly reserves, and does not waive, its rights under all of the terms of the USF&G Policy.

## SECOND DEFENSE

USF&G has no obligation under the USF&G Policy to pay defense or indemnity costs in excess of its allocable share of such costs.

## THIRD DEFENSE

USF&G is obligated to pay indemnity costs under the USF&G Policy only for damages owed because of bodily injury that is proven to have occurred during the policy period of the USF&G Policy and that is otherwise covered under the terms of the USF&G Policy. USF&G is not obligated to indemnify Covil with respect to bodily injury that occurred prior to the inception of, or after the expiration of, that policy.

## FOURTH DEFENSE

To the extent that bodily injury for which damages are sought from Covil occurred after Covil released to others asbestos-containing products or after the completion of the Covil operations that are alleged to have caused the injuries, such bodily injury is within the products hazard or the completed-operations hazard of any alleged commercial general liability insurance policy that may apply to such claims.

6

**FIFTH DEFENSE**

USF&G's obligations to Covil, if any, are subject to all applicable deductibles, retentions, retrospective premiums, and any per occurrence or aggregate limits of liability.

**SIXTH DEFENSE**

USF&G has no obligation to provide coverage to Covil to the extent that Covil failed to cooperate with USF&G as required by the USF&G Policy.

**SEVENTH DEFENSE**

USF&G has no obligation under the USF&G Policy to provide coverage for injury or damage arising out of non-contingent, known, or non-fortuitous events.

**EIGHTH DEFENSE**

USF&G has no obligation under the USF&G Policy to indemnify Covil for any punitive damages that may be awarded against Covil.

**NINTH DEFENSE**

Any claims asserted against USF&G may be barred by the applicable statute of limitations.

**TENTH DEFENSE**

Any claims asserted against USF&G are may be barred by the doctrine of estoppel or by the doctrine of waiver.

**ELEVENTH DEFENSE**

USF&G reserves the right to assert additional defenses based on information it may receive during the course of this litigation.

# UNITED STATES FIDELITY AND GUARANTY COMPANY'S CROSSCLAIMS AGAINST COVIL CORPORATION AND ANN FINCH, THE EXECUTRIX OF THE ESTATE OF FRANKLIN DELANOR FINCH

United States Fidelity and Guaranty Company ("USF&G") brings the following crossclaims against Covil Corporation ("Covil") and Ann Finch, the Executrix of the Estate of Franklin Delanor Finch ("Ms. Finch"), alleging as follows:

## INTRODUCTION

1. This action concerns USF&G's obligations under a liability insurance policy that USF&G issued to Covil. That policy, which is further defined in paragraph 12 below, is referred to as the "USF&G Policy."

2. Specifically, USF&G seeks a declaration that it owes no sum in excess of the USF&G Policy's aggregate limit in connection with a judgment that Ms. Finch obtained against Covil on October 19, 2018 in the amount of $32.7 million plus $5,633,358.89 in pre-judgment interest. That judgment remains subject to post-judgment motions and is not yet final.

3. In addition, USF&G seeks a declaration that bodily injury that occurred after Covil released to others the asbestos-containing product or after the completion of the Covil operation that caused the injury is within the products hazard or the completed-operations hazard of the USF&G Policy, and that damages because of such injury are subject to the aggregate limit of the USF&G Policy.

4. Also, USF&G seeks a declaration that Covil's distribution and installation of asbestos-containing insulation products was one "occurrence," as that term is used in the USF&G Policy.

5. A justiciable controversy exists between USF&G and Covil because Covil contends that USF&G owes extra-contractual damages in connection with the lawsuit brought by

Ms. Finch, while USF&G believes that it owes no such damages, including for the reason, without limitation, that it made its remaining aggregate limit available to settle that suit. In addition, USF&G and Covil disagree concerning how the Policy's aggregate limit applies to suits involving bodily injury that occurred after Covil released to others the asbestos-containing product or after the completion of the Covil operation that caused the injury. The purpose of this case is to resolve these disputes. Finally, USF&G and Covil disagree concerning the number of "occurrences" that caused the asbestos-related bodily injury claims against Covil.

6. Ms. Finch possesses a non-final judgment against Covil. As a result, Ms. Finch possesses an interest relating to the subject matter of this action and is so situated that resolution of this action in her absence may impair that interest.

**PARTIES**

7. USF&G is a corporation organized under the laws of Connecticut with its principal place of business in Connecticut.

8. Covil was a corporation incorporated under the laws of South Carolina with its principal place of business in South Carolina.

9. Upon information and belief, Ms. Finch is a citizen and resident of the State of North Carolina

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332 because complete diversity exists among the parties and the total amount in controversy exceeds $75,000, exclusive of interest and costs. This cross-claim also falls within this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

11. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims took place in this District.

## FACTUAL BACKGROUND

12. Fidelity and Guaranty Insurance Underwriters, Inc. issued policy number SMP 490049 to Covil for the period March 31, 1976 to March 31, 1978 (the "USF&G Policy").

13. Covil has been sued in a number of lawsuits in state and federal courts, including in the states of North Carolina and South Carolina. These lawsuits seek damages for bodily injury, including wrongful death, that allegedly resulted from Covil's sale, distribution, and installation of products that contain asbestos. USF&G has participated in the defense of Covil in those suits that potentially triggered coverage under the USF&G Policy. USF&G has paid, on behalf of Covil, a portion of the settlements of certain of these lawsuits. These lawsuits are referred to collectively as the "Underlying Actions."

14. Covil was a defendant in an Underlying Action captioned *Finch v. BASF Catalysts, LLC, et al.*, No. 16-cv-1077 (M.D.N.C.) (the "*Finch* suit").

15. Ms. Finch is the plaintiff in the *Finch* suit.

16. USF&G participated in the defense of Covil in the *Finch* suit.

17. Before the trial of the Finch suit began, USF&G made the remaining aggregate limit of the USF&G Policy available to settle the suit.

18. On information and belief, the jury in the *Finch* case found that Franklin Finch was injured by exposure beginning in 1975 to asbestos from an asbestos-containing product installed or distributed by Covil years before Mr. Finch was exposed to it.

19. Judgment was entered against Covil in the *Finch* suit on October 19, 2018 in the amount of $32.7 million plus $5,633,358.89 in pre-judgment interest. That judgment remains subject to post-judgment motions and is not yet final.

## **THE USF&G POLICY**

20. The USF&G Policy contains an endorsement titled "COMPREHENSIVE LIABILITY INSURANCE ENDORSEMENT" that contains the following insuring agreement:

> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury. . . to which this insurance applies, caused by an occurrence, and the Company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury. . . even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements.

21. The USF&G Policy defines "bodily injury" as follows:

> **"bodily injury"** means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom[.]

22. The USF&G Policy defines "occurrence" as follows:

> **"occurrence"** means an accident, including continuous or repeated exposure to conditions, which results in bodily injury. . . neither expected nor intended from the standpoint of the insured[.]

23. The "COMPREHENSIVE LIABILITY INSURANCE ENDORSEMENT" contains the following language regarding limits of liability:

> The limit of the Company's liability with respect to each occurrence under this endorsement is the amount stated in the Declarations as applicable to Coverage C of Section II of this policy and such limits apply to the insurance afforded by this endorsement in accordance with the terms of Provision IV, Limits of Liability, of Section II.

24. The applicable limits of the USF&G Policy, as set forth in an endorsement titled "AMENDMENT OF LIMITS OF LIABILITY COVERAGE C—BODILY INJURY AND PROPERTY DAMAGE LIABILITY," are $300,000 each occurrence and $300,000 in the aggregate.

25. The terms of Provision IV, Limits of Liability, of Section II of the USF&G Policy provide in relevant part:

> Regardless of the number of (1) insureds under this policy, (2) persons or organizations who sustain bodily injury. . .or (3) claims made or suits brought on account of bodily injury. . .the Company's liability is limited as follows: . . .
>
> (a) The total liability of the Company for Coverage C for all damages, including damages for care and loss of services, as a result of any one occurrence shall not exceed the limit of liability for Coverage C as stated in the Declarations . . . .
>
> (b) Subject to the above provision regarding "each occurrence", the total liability of the Company for all damages because of all bodily injury . . . which occurs during each annual period while this policy is in force commencing from its effective date and is described in any of the numbered subparagraphs below shall not exceed the limit of liability stated in the Declarations as "aggregate": . . .
>
> > (3) all bodily injury. . .included within the completed operations hazard and all bodily injury. . .included within the products hazard. . . .
>
> For the purpose of determining the limit of the Company's liability, all bodily injury. . . arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

26. The USF&G Policy defines "products hazard" as follows:

> **"products hazard"** includes bodily injury. . .arising out of the named insured's products or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury. . .occurs away from premises owed by or rented to

12

the named insured and after physical possession of such products has been relinquished to others[.]

27. The USF&G Policy defines "completed operations hazard" as follows:

>  **"completed operations hazard"** includes bodily injury. . .arising out of operations or reliance upon a representation of warranty made at any time with respect thereto, but only if the bodily injury. . .occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured. . . .

## THE DISPUTED COVERAGE ISSUES

28. Covil alleges that USF&G and Zurich American Insurance Company ("Zurich") breached their duty of good faith and fair dealing by not settling the *Finch* suit and therefore owe the entire amount of the Finch verdict.

29. Specifically, Covil alleges that the aggregate limits of the USF&G and Zurich policies do not apply to the *Finch* suit, and that USF&G and Zurich should have offered more than their remaining aggregate limits to settle that suit.

30. USF&G made the remaining aggregate limit of liability of the USF&G Policy available to resolve the *Finch* suit before that suit went to trial and believes it has no obligation to pay more than that sum in connection with the *Finch* suit.

31. Covil contends that bodily injury that occurred after Covil released to others the product or after the completion of the Covil operation that caused the injury is not within the products hazard or the completed-operations hazard of the USF&G Policy. Covil contends that USF&G must pay for such bodily injury without regard for the aggregate limit of the USF&G Policy.

32. USF&G believes that bodily injury that occurred after Covil released to others the product or after the completion of the Covil operation that caused the injury is within the products

13

hazard or the completed-operations hazard of the USF&G Policy and is subject to the Policy's aggregate limit.

33. The United States Court of Appeals for the Fourth Circuit has twice considered the precise "aggregate limit" issue in dispute between Covil and USF&G and on both occasions held that USF&G's view of the issue is correct. *See In re Wallace & Gale Co.*, 385 F.3d 820 (4th Cir. 2004), as amended (Nov. 15, 2004); *Gen. Ins. Co. of Am. v. United States Fire Ins. Co.*, 886 F.3d 346 (4th Cir. 2018), as amended (Mar. 28, 2018).

34. USF&G believes that all asbestos-related bodily injury claims against Covil because of its distribution or installation of asbestos-containing products arise out of one "occurrence," while Covil contends that those claims arise from multiple "occurrences."

## CROSSCLAIM AGAINST COVIL AND ANN FINCH, THE EXECUTRIX OF THE ESTATE OF FRANKLIN DELANOR FINCH

### COUNT I
(Declaratory Judgment—Extra-Contractual Liability)

35. USF&G repeats and incorporates by reference the foregoing allegations as if fully set forth herein.

36. USF&G seeks a declaration that it proceeded properly by making available the remaining aggregate limit of the USF&G Policy to settle the *Finch* suit, and that it has no liability for any judgment that may be entered in the *Finch* suit in addition to that amount.

## CROSSCLAIMS AGAINST COVIL

### COUNT II
(Declaratory Judgment—Duty to Indemnify—the *Finch* Judgment)

37. USF&G repeats and incorporates by reference the foregoing allegations as if fully set forth herein.

14

38. USF&G seeks a declaration that it is obligated only to pay its pro rata share of any judgment entered in the *Finch* suit based on its time on the risk up to the remaining amount of the aggregate limit of liability under the USF&G Policy.

39. In addition, USF&G seeks a declaration that upon payment of the amount described in paragraph 38 above, USF&G will have exhausted the aggregate limit of liability of the USF&G Policy.

## COUNT III
(Declaratory Judgment—Products and Completed-Operations Hazards—Aggregate Limit)

40. USF&G repeats and incorporates by reference the foregoing allegations as if fully set forth herein.

41. USF&G seeks a declaration that bodily injury that occurred after Covil released to others the product or after the completion of the Covil operation that caused such injury is within the products hazard or the completed-operations hazard of the USF&G Policy and that damages because of such injury are subject to the aggregate limit of the USF&G Policy.

## COUNT IV
(Declaratory Judgment—Number of "Occurrences")

42. USF&G repeats and incorporates by reference the foregoing allegations as if fully set forth herein.

43. USF&G seeks a declaration that all asbestos-related bodily injury claims against Covil because of its distribution or installation of asbestos-containing products arise out of one "occurrence."

## PRAYER FOR RELIEF

WHEREFORE, USF&G respectfully requests that the Court enter the following relief:

A.  A declaration that USF&G proceeded properly by making available the remaining limit of the USF&G Policy to settle the *Finch* suit;

B.  A declaration that USF&G is obligated only to pay its pro rata share of any judgment entered in the *Finch* suit based on its time on the risk up to the remaining amount of the aggregate limit of liability of the USF&G Policy;

C.  A declaration that, upon payment of the amount set forth in paragraph B above, USF&G will have exhausted the aggregate limit of liability of the USF&G Policy;

D.  A declaration that bodily injury that occurred after Covil released to others the product or after the completion of the Covil operation that caused the injury is within the products hazard or the completed-operations hazard of the USF&G Policy and that damages because of such injury are subject to the aggregate limit of the USF&G Policy;

E.  A declaration that all asbestos-relate bodily injury claims against Covil because of its distribution or installation of asbestos-containing products arise out of one "occurrence."; and

F.  Such other and further relief in favor of USF&G as the Court may deem just and proper.

Respectfully submitted, this the 1st day of February, 2019.

       /s/Jonathan R. Reich
Reid C. Adams, Jr. (Bar No. 9669)
Jonathan R. Reich (Bar No. 41546)
WOMBLE BOND DICKINSON (US) LLP
One West 4th Street
Winston-Salem, NC 27101
(336) 721-3674
cal.adams@wbd-us.com
jonathan.reich@wbd-us.com

AND

Lee H. Ogburn (Notice of Appearance forthcoming)
Ezra S. Gollogly (Notice of Appearance forthcoming)
KRAMON & GRAHAM PA
One South Street, Suite 2600
Baltimore, MD 21202
(410) 347-7423; logburn@kg-law.com
(410) 319-0481; egollogly@kg-law.com

*Attorneys for Defendant United States Fidelity and Guaranty Company*

# CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2019, I electronically filed the foregoing **UNITED STATES FIDELITY AND GUARANTY COMPANY'S ANSWER AND CROSSCLAIMS AGAINST COVIL CORPORATION AND ANN FINCH, THE EXECUTRIX OF THE ESTATE OF FRANKLIN DELANOR FINCH** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all known counsel of record.

*/s/ Jonathan R. Reich*
Jonathan R. Reich
N.C. State Bar No. 41546
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
Email: Jonathan.Reich@wbd-us.com
*Counsel for Defendant United States Fidelity and Guaranty Company*