IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NUMBER: 1:18-CV-932

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>COVIL CORPORATION; SENTRY CASUALTY COMPANY; UNITED STATES FIDELITY AND GUARANTY COMPANY; TIG INSURANCE COMPANY, as successor in interest to Fairmont Specialty Insurance Company, f/k/a Ranger Insurance Company; HARTFORD ACCIDENT AND INDEMNITY COMPANY; ANN FINCH, as Executrix of the Estate of Franklin Delenor Finch, DARRELL A. CONNOR, as Executrix of the Estate of Charles Franklin Connor; ROBERT A. MULLINAX, as Executor of the Estate of Jack Junior Waugh; ROBERT JOSEPH ELLIS; and SHARON WHITEHEAD, as Executrix of the Estate of James T. Whitehead,<br><br>*Defendants*. | THE RECEIVER OF COVIL CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR STAY SENTRY INSURANCE A MUTUAL COMPANY'S CROSS-CLAIMS |

Covil Corporation ("Covil"), a dissolved South Carolina corporation, acting solely by and through its duly appointed receiver, Peter D. Protopapas ("Receiver"), files this memorandum in support of its motion to dismiss or stay the cross-claims of Sentry Insurance A Mutual Company ("Sentry") and asks this Court to dismiss Sentry's cross-claims pursuant to Rules 12(b)(1),

12(b)(7), and 19 of the Federal Rules of Civil Procedure for failure to join indispensable parties and lack of subject matter jurisdiction, or to dismiss or stay Sentry's cross-claims pending adjudication of the more comprehensive action currently pending in South Carolina among the parties, which is styled *Covil Corporation v. Zurich American Insurance Company, et al.*, No. 7:18-cv-03291-BHH (D.S.C.).

Sentry's cross-claims against Covil should be dismissed or stayed for the same reasons briefed in the Memorandum of Law in Support of the Receiver of Covil Corporation's Motion to Dismiss or Stay the complaint filed against Covil by Zurich American Insurance Company ("Zurich"). [ECF 8]. Sentry, one of Covil's general liability insurers, seeks similar declaratory relief against its policyholder, Covil, as Zurich seeks in this case. The Receiver therefore requests that this Court dismiss or stay Sentry's declaratory relief cross-claims against Covil for the same reasons that the Court should dismiss or stay Zurich's declaratory relief claims. [ECF 8 at 7-20].

Sentry's cross-claims against Covil should be dismissed because this Court lacks subject matter jurisdiction over Sentry's cross-claims when all necessary and indispensable parties are joined (*e.g.*, the Receiver and the South Carolina asbestos claimants) and the parties are properly aligned. Complete diversity of citizenship does not exist when the Receiver is joined and aligned as the true plaintiff, and the South Carolina asbestos claimants are joined with the insurers and properly aligned against the Receiver as the true defendants. Because complete diversity of citizenship does not exist and cannot justify subject-matter jurisdiction when the parties are properly aligned, Sentry's cross-claims should be dismissed. [ECF 8 at 7-11].

In the alternative, the Court should stay Sentry's cross-claims under the Declaratory Judgment Act and the *Colorado River* Doctrine in favor of the more comprehensive South

Carolina proceeding. On November 21, 2018, the Receiver filed suit against Covil's insurers in South Carolina state court. The South Carolina action is far more comprehensive than this suit. In the South Carolina action, the Receiver seeks relief regarding the same insurance policies that Sentry addresses in its cross-claims. However, in South Carolina, the Receiver also seeks damages for breach of contract and bad faith. In addition, the Receiver's complaint in South Carolina seeks to fulfill the Receiver's statutory functions under South Carolina law by obtaining declaratory relief against the underlying South Carolina asbestos claimants. Because the various disputes between the Receiver and Covil's insurers involve South Carolina law and the order of a South Carolina state court, these disputes should be resolved in the South Carolina litigation. Additionally, the following facts and circumstances also justify a stay of Sentry's cross-claims under the Declaratory Judgment Act and the *Colorado River* Doctrine in favor of the more comprehensive South Carolina proceeding:

- Covil was headquartered in South Carolina while it was in operation;
- This matter involves operations conducted in South Carolina;
- The insurance policies were issued in South Carolina;
- Many underlying asbestos claimants were allegedly injured in South Carolina;
- The Receiver, Peter D. Protopapas, is a South Carolina resident;
- The Receiver was appointed by a South Carolina court;
- The Receiver is an officer of a South Carolina court under South Carolina law;
- South Carolina has a strong interest in determining the parties' rights;
- The parties' disputes are governed by South Carolina law;
- South Carolina courts are more capable of adjudicating disputes governed by South Carolina law; and

3

Case 1:18-cv-00932-UA-JLW   Document 35   Filed 02/12/19   Page 3 of 5

- There is a pending more comprehensive case in South Carolina.

Accordingly, in the alternative to dismissing Sentry's cross-claims for lack of subject matter jurisdiction, the Court should stay Sentry's cross-claims under the Declaratory Judgment Act or the *Colorado River* doctrine. Sentry's cross-claims may also be stayed *pendente lite* of the South Carolina litigation and, if there is any remaining issue not resolved in South Carolina, the parties' rights will be protected. [ECF 8 at 11-20].

For these reasons, as briefed fully in the Memorandum of Law in Support of the Receiver of Covil Corporation's Motion to Dismiss or Stay the complaint filed against Covil by Zurich, ECF 8, the Receiver requests that this Court dismiss or stay Sentry's cross-claims in favor of, or *pendente lite* of, the South Carolina litigation.

|  |  |
|---|---|
| Dated: February 12, 2019 | /s/ *William K. Davis*<br>William K. Davis<br>N.C. State Bar No. 1117<br>BELL, DAVIS & PITT, P.A.<br>P.O. Box 21029<br>Winston Salem, NC 27120-1029<br>(336) 714-4146<br>wdavis@belldavispitt.com<br><br>Paul Anton Zevnik (Pro Hac Forthcoming)<br>Nancy Patterson (Pro Hac Forthcoming)<br>W. Brad Nes (Pro Hac Forthcoming)<br>MORGAN, LEWIS & BOCKIUS LLP<br>1111 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>(202) 739-3000<br><br>*Attorneys for Covil Corporation, acting through Peter D. Protopapas, Receiver of Covil Corporation* |

## WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.3(d)(1), I hereby certify that the foregoing memorandum of law is less than 6,250 words (excluding caption and certificates of counsel) as reported by the word-processing software.

/s/ *William K. Davis*
William K. Davis
N.C. State Bar No. 1117
BELL, DAVIS & PITT, P.A.
P.O. Box 21029
Winston Salem, NC 27120-1029
(336) 714-4146
wdavis@belldavispitt.com

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing memorandum via the Court's electronic filing system, pursuant to the Electronic Filing Procedures, on all attorneys of record who have entered an appearance by ECF in this matter.

This the 12th day of February, 2019.

/s/ *William K. Davis*
William K. Davis
N.C. State Bar No. 1117
BELL, DAVIS & PITT, P.A.
P.O. Box 21029
Winston Salem, NC 27120-1029
(336) 714-4146
wdavis@belldavispitt.com