IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No.: 1:18-cv-932-UA-JLW

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| COVIL CORPORATION, *et al.*, | ) ) |
| Defendants. | ) ) |

**UNITED STATES FIDELITY AND GUARANTY COMPANY'S ANSWER TO CROSSCLAIM BY DEFENDANT TIG INSURANCE COMPANY**

Defendant United States Fidelity and Guaranty Company ("USF&G") answers the crossclaim filed by Defendant TIG Insurance Company, as successor in interest to Fairmont Specialty Insurance Company, f/k/a Ranger Insurance Company ("TIG") (ECF No. 10), as follows:

90. Paragraph 90 does not contain any allegations to which a response is required.

91. USF&G admits the allegations of paragraph 91.

92. USF&G lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92, which are directed at an entity other than USF&G, and therefore denies the same.

93. USF&G admits the allegations of paragraph 93.

94. USF&G lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94, which are directed at a party other than USF&G, and therefore denies the same.

95. USF&G admits upon information and belief the allegations of paragraph 95.

96-99. USF&G lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 96-99, which are directed at parties other than USF&G, and therefore denies the same.

100-101. Paragraphs 100-101 do not contain any allegations to which a response is required.

102-104. USF&G admits the allegations of paragraphs 102-104.

105. The allegations of paragraph 105 constitute characterizations of TIG's answer and counterclaim to which no response is required. To the extent a response is required, USF&G admits that TIG has made the responses, allegations, and defenses alleged in paragraph 105. USF&G lacks knowledge or information sufficient to form a belief about the remaining allegations set forth in paragraph 105.

106. USF&G lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 106, which are directed at a party other than USF&G, and therefore denies the same.

107. USF&G admits that Fidelity and Guaranty Insurance Underwriters, Inc. issued policy number SMP 490049 to Covil Corporation ("Covil") for the period March 31, 1976 to March 31, 1978, which policy speaks for itself.

108. USF&G lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 108, which are directed at a party other than USF&G, and therefore denies the same.

109. The allegations of paragraph 109 constitute characterizations of Covil's claims, characterizations of certain underlying claims against Covil, and legal conclusions to which no response is required. To the extent a response is required, USF&G admits that Covil is seeking defense and indemnity from the insurer-defendants in connection with certain Underlying Actions (as that term is defined in paragraph 109).

110. USF&G admits upon information and belief the allegations of paragraph 110.

111. USF&G lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 111, which are directed at a party other than USF&G, and therefore denies the same.

112. The allegations of paragraph 112 constitute characterizations of TIG's claims and legal conclusions to which no response is required. To the extent a response is required, USF&G admits that TIG seeks the relief alleged in paragraph 112. USF&G lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in subparts (1) and (3) of paragraph 112 and denies the remaining

allegations of paragraph 112, including that USF&G owes any equitable contribution, indemnification, subrogation, or otherwise to TIG.

113. The allegations of paragraph 113 constitute characterizations of TIG's claims and legal conclusions to which no response is required. To the extent a response is required, USF&G admits that TIG seeks the relief alleged in paragraph 113. USF&G lacks knowledge and information sufficient to form a belief about the remaining allegations set forth in paragraph 113.

## JURY DEMAND

114. Paragraph 114 does not contain any allegations to which a response is required.

## PRAYER FOR RELIEF

The language in the "PRAYER FOR RELIEF" section that follows paragraph 114 consists of a description of the relief sought by TIG, to which no response is required. To the extent that a response is required, USF&G denies that TIG is entitled to any relief against USF&G.

## DEFENSES

USF&G asserts the following defenses without assuming the burden of proof where such burden would otherwise be on a party other than USF&G.

## FIRST DEFENSE

Any claims asserted against USF&G are subject to the terms of the USF&G Policy, including, without limitation, conditions, exclusions, declarations, endorsements,

limits of liability, per occurrence and aggregate limits, definitions, deductibles, self-insured retentions, policy periods, requirements of exhaustion of other insurance, and notice requirements. USF&G expressly reserves, and does not waive, its rights under all of the terms of the USF&G Policy.

**SECOND DEFENSE**

USF&G has no obligation under the USF&G Policy to pay defense or indemnity costs in excess of its allocable share of such costs.

**THIRD DEFENSE**

USF&G is obligated to pay indemnity costs under the USF&G Policy only for damages owed because of bodily injury that is proven to have occurred during the policy period of the USF&G Policy and that is otherwise covered under the terms of the USF&G Policy. USF&G is not obligated to indemnify Covil with respect to bodily injury that occurred prior to the inception of, or after the expiration of, that policy.

**FOURTH DEFENSE**

To the extent that bodily injury for which damages are sought from Covil occurred after Covil released to others asbestos-containing products or after the completion of the Covil operations that are alleged to have caused the injuries, such bodily injury is within the products hazard or the completed-operations hazard of any alleged commercial general liability insurance policy that may apply to such claims.

**FIFTH DEFENSE**

USF&G's obligations to Covil, if any, are subject to all applicable deductibles,

retentions, retrospective premiums, and any per occurrence or aggregate limits of liability.

**SIXTH DEFENSE**

USF&G has no obligation to provide coverage to Covil to the extent that Covil failed to cooperate with USF&G as required by the USF&G Policy.

**SEVENTH DEFENSE**

USF&G has no obligation under the USF&G Policy to provide coverage for injury or damage arising out of non-contingent, known, or non-fortuitous events.

**EIGHTH DEFENSE**

USF&G has no obligation under the USF&G Policy to indemnify Covil for any punitive damages that may be awarded against Covil.

**NINTH DEFENSE**

Any claims asserted against USF&G may be barred by the applicable statute of limitations.

**TENTH DEFENSE**

Any claims asserted against USF&G may be barred by the doctrine of estoppel or by the doctrine of waiver.

**ELEVENTH DEFENSE**

USF&G reserves the right to assert additional defenses based on information it may receive during the course of this litigation.

WHEREFORE, USF&G respectfully requests that the Court enter an Order entering judgment in favor of USF&G and against TIG on TIG's crossclaim against USF&G, and awarding USF&G any other relief that the Court deems equitable, just, and proper.

Respectfully submitted this the 21st day of February, 2019.

/s/Jonathan R. Reich
Reid C. Adams, Jr. (Bar No. 9669)
Jonathan R. Reich (Bar No. 41546
WOMBLE BOND DICKINSON (US) LLP
One West 4th Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
Email: cal.adams@wbd-us.com
Email: jonathan.reich@wbd-us.com

AND

Lee H. Ogburn (pro hac vice application forthcoming)
Ezra S. Gollogly (pro hac vice application forthcoming)
KRAMON & GRAHAM PA
One South Street, Suite 2600
Baltimore, MD 21202
(410) 347-7423; logburn@kg-law.com
(410) 319-0481; egollogly@kg-law.com

*Attorneys for Defendant United States Fidelity and Guaranty Company*

# CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2019, I electronically filed the foregoing **UNITED STATES FIDELITY AND GUARANTY COMPANY'S ANSWER TO CROSSCLAIM BY DEFENDANT TIG INSURANCE COMPANY** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all known counsel of record.

*/s/ Jonathan R. Reich*
Jonathan R. Reich
N.C. State Bar No. 41546
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
Email: Jonathan.Reich@wbd-us.com
*Counsel for Defendant United States Fidelity and Guaranty Company*