IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ZURICH AMERICAN INSURANCE COMPANY, )
)
Plaintiff, )
)
v. ) 1:18-CV-932
)
COVIL CORPORATION, by and through its Receiver Peter Protopapas, et. al., )
)
Defendants. )

# **ORDER**

All pending motions to dismiss by Covil and the individual defendants are denied. The Receiver and the South Carolina claimants are not necessary parties, and no amount of realignment would deprive the Court of diversity jurisdiction. There is no parallel state action, so the *Colorado River* abstention doctrine does not apply, *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1122–24 (10th Cir. 2018) (collecting cases), and the weight of authority indicates that dismissal is rarely appropriate when there are parallel federal actions. *See, e.g.*, *Chavez v. Dole Food Co.*, 836 F.3d 205, 216–21 (3d Cir. 2016) (collecting and discussing authorities).

The caption is amended to reflect that Covil Corporation is appearing in this suit solely by and through its duly-appointed receiver, Peter D. Protopapas.

An opinion will follow as time permits.

At the moment, the Court sees no reason for Covil and the individual defendants to delay filing answers. Those answers shall be filed no later than July 30, 2019.

This leaves pending the alternative motions to stay in favor of a case pending in the United States District Court for the District of South Carolina. To minimize further delays in resolving the substantive disputes between the parties while issues over the appropriate forum are resolved, and in the Court's inherent authority to manage its docket, the Court enters this Order.

Now that it is clear the South Carolina case will remain in federal court, supplemental briefing on the motions to stay is appropriate. Specifically, the Court asks the parties to address whether the parties and issues at stake in this suit are sufficiently similar to those in the South Carolina case to warrant application of the first-to-file rule. *See, e.g.*, *Gibbs v. Haynes Invs., LLC*, 368 F. Supp. 3d 901, 914 (E.D. Va. 2019) (collecting authorities and summarizing application of this rule by district courts within the Fourth Circuit). As it would be helpful to know what kinds of counterclaims and cross-claims Covil and the individual defendants will raise, if any, and how these claims overlap or do not overlap with the claims in the South Carolina case, and if there will be non-declaratory claims, how their insertion into this litigation would affect or not affect the applicability of the abstention rules under the Declaratory Judgment Act, the supplemental briefs will be due shortly after those answers are filed. *See, e.g.*, *Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 211 (2006) ("Our jurisprudence suggests that, in a 'mixed' complaint scenario, the *Brillhart/Wilton* standard does not apply, at least to the nondeclaratory claims.").

In the supplemental briefing, the parties may also wish to address whether there are issues that should be decided in North Carolina and other issues that should be

2

decided in South Carolina, such that a partial stay may be appropriate.  The Court also asks the parties to cite and discuss cases, if any, addressing the interplay between the first-to-file rule and the "abstention" rules under the Declaratory Judgment Act, and specifically, which standard applies when there are parallel federal cases.  There may be other facts or issues pertinent to the stay issue that the parties would like to bring to the Court's attention, and the parties may raise those as well.

To address these issues, which are common across all pending motions to stay, Covil and the individual defendants may file one joint supplemental brief no longer than 4000 words no later than August 2, 2019.[1]  Zurich and the insurer defendants may file one joint supplemental brief no longer than 4000 words no later than seven calendar days thereafter.  *See supra* note 1.  Covil and the individual defendants may file one joint supplemental reply brief no longer than 1500 words no later than three business days thereafter.  *See id.*

Even if the case is not appropriate for a stay, it may be appropriate for transfer.  "It is well established that a federal district court has the power to make a *sua sponte* transfer of venue under 28 U.S.C. § 1404(a) to another district where the case could have been brought."  *ING Bank N.V. v. M/V Temara, IMO*, No. JKB-15-1488, 2016 WL 67254, at *2 (D. Md. Jan. 5, 2016) (citing *Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986)); *accord Kotler v. Pac. Asian Enters.*, No. 4:02-CV-110-H(3), 2002 WL 31387299, at *3 (E.D.N.C. Sept. 3, 2002); 15 Charles A. Wright & Arthur R. Miller et al., Federal

---

[1] If a joint brief is unworkable, the parties may advise the Court informally through the case manager and propose a different division which does not result in longer total briefing.

3

Practice and Procedure § 3844 & n.2 (4th ed. Apr. 2019 update) (citing cases).  The insurance coverage issues in this case appear to turn on South Carolina law, Covil is a defunct South Carolina corporation appearing in this case through a Receiver appointed by a South Carolina court, and Zurich is not a North Carolina resident.  *See Howard Univ. v. Watkins*, No. DKC 2006–2076, 2007 WL 763182, at *4 (D. Md. Mar. 12, 2007) (noting the plaintiff's chosen forum is entitled to less deference when the plaintiff is not a resident of its chosen forum).  In their briefing so far, the North Carolina individual defendants seem amenable to resolution of the issues in South Carolina, whereas the Court is not aware of any indication that the SC claimants consent to litigate here; thus, transfer to South Carolina would appear to most reduce the risk of duplicative litigation.

The Court will therefore require the parties to show cause why this case should not be transferred to the United States District Court for the District of South Carolina.  Briefs limited to 4500 words and supporting materials may be filed on or before July 26, and should any party raise a legal or factual point not addressed in an original brief, parties who disagree may file a supplemental brief limited to 2000 words on or before August 2.  Zurich and the insurance defendants shall submit joint briefs and Covil and the individual defendants shall submit joint briefs.  *See supra* note 1.  If all parties agree that transfer is unavailable or inappropriate, they may file one joint brief explaining why.

The Court is amenable to a different schedule for resolution of the forum issues, if all counsel agree and the agreed-upon schedule would be more efficient or save resources.

4

Case 1:18-cv-00932-CCE-LPA   Document 66   Filed 07/08/19   Page 4 of 6

Finally, the Court suggests that it would be less expensive for the parties, more efficient, and lead to a quicker result on the underlying coverage issues if the parties to this case and the South Carolina case agreed on where their disputes should be resolved. *See* 28 U.S.C. § 1404(a) (authorizing change of venue with consent of all parties). To that end, and now that it is clear the South Carolina case will proceed in federal court, the Court suggests that the insurer parties, the Receiver, the individual defendants, and all counsel in both cases meet and confer about a sensible solution to the dispute over where these issues will be substantively resolved so that those substantive issues can be reached more expeditiously.

It is **ORDERED** that:

1. Covil Corporation's motion to dismiss or stay, Doc. 7, is **DENIED in part** as to the motion to dismiss and the alternative motion to stay remains under advisement.

2. The individual defendants' motion to dismiss or stay, Doc. 14, is **DENIED in part** as to the motion to dismiss and the alternative motion to stay remains under advisement;

3. Covil Corporation's motion to dismiss or stay TIG Insurance Company's cross-claims, Doc. 28, is **DENIED in part** as to the motion to dismiss and the alternative motion to stay remains under advisement;

4. Covil Corporation's motion to dismiss or stay Sentry Casualty Company's cross-claims, Doc. 34, is **DENIED in part** as to the motion to dismiss and the alternative motion to stay remains under advisement;

5. Covil Corporation's motion to dismiss or stay United States Fidelity and Guaranty Company's cross-claims, Doc. 36, is **DENIED in part** as to the motion to dismiss and the alternative motion to stay remains under advisement.

6. Covil and the individual defendants shall file their answers no later than July 30, 2019.

7. The motions to stay remain under advisement. Supplemental briefing is authorized in connection with the motions to stay as stated herein.

8. The parties shall show cause why this case should not be transferred to the United States District Court for the District of South Carolina on the schedule established in this Order.

9. This Order has no effect on Zurich's motion to deposit funds, Doc. 45, which remains under advisement.

This the 8th day of July, 2019.

_____
UNITED STATES DISTRICT JUDGE