IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ZURICH AMERICAN INSURANCE )
COMPANY, )
 )
        Plaintiff, )
 )
v. ) 1:18-CV-932
 )
COVIL CORPORATION, et al., )
 )
        Defendants. )

# ORDER

The defendant Sentry Casualty Company moves to dismiss the declaratory judgment claims against it. Because Sentry is not an interested party, the motion will be granted.

The plaintiff, Zurich American Insurance Company, filed a complaint seeking declaratory judgments related to an insurance policy it issued many years ago to Covil Corporation. Named as defendants were its insured, Covil; other insurance companies, including Sentry, who also had issued policies to Covil; and individual claimants with lawsuits pending against Covil, including Ann Finch, who has a judgment against Covil. Doc. 1; *see generally Finch v. Covil Corp.*, 388 F. Supp. 3d 593, 600 (M.D.N.C. 2019) (denying motion to set aside verdict or for new trial).[1]

Sentry filed cross-claims against Covil, Doc. 12, and Covil filed a cross-claim against Sentry and other insurers. Docs. 72, 155. Sentry and Covil have since settled.

---

[1]This judgment is currently on appeal. *Finch v. Covil Corp.*, No. 19-1594 (4th Cir. June 2019).

They entered into an insurance policy buyback, whereby the original contract between the parties is void, Doc. 306-3 at 27, and all claims between Covil and Sentry have been dismissed with prejudice. Doc. 327. All other cross-claims against Sentry have been dismissed, *see* Doc. 304 at 1, and only Zurich has objected to Sentry's motion to dismiss. *See* Doc. 314. By separate order entered concomitantly herewith, the Court has declined to exercise subject matter jurisdiction over any declaratory judgment claims that do not affect coverage of the judgment obtained by Ann Finch against Covil.

The Declaratory Judgment Act permits courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). An interested party is one "who is benefited or injured by the judgment in the case [and] who by substantive law has the legal right to enforce the claim in question." *Carolina First Nat. Bank v. Douglas Gallery of Homes, Ltd.*, 68 N.C. App. 246, 249, 314 S.E.2d 801, 803 (1984) (internal quotation marks omitted).

According to Zurich's complaint, Sentry insured Covil from 1964 to 1970. Doc. 1 at ¶ 23. It is undisputed that Mr. Finch's first exposure to Covil asbestos was in 1975, *Finch*, 388 F. Supp. 3d at 600, long after Sentry is alleged to have provided coverage to Covil. Doc. 1 at ¶ 23. In its complaint, Zurich does not contend that Sentry is on the risk for the *Finch* judgment, asking only for a declaratory judgment as to Sentry's obligations for other pending litigation. *See id.* at 11 ¶ 5 (Zurich does not ask the Court to declare the amount owed by Sentry in the *Finch* suit, just other pending asbestos cases in which Covil is a defendant); Doc. 306 (Memorandum Opinion and Order, No. 1:16-CV-1077-

2

CCE-JEP, Doc. 348 at 4) (granting partial summary judgment to Covil for any claims based on asbestos exposure during the time period before 1975, the period for which Sentry insured Covil).

Sentry is not an interested party in any claims for declaratory judgment related to the *Finch* case because Sentry's policy did not cover the time period at issue in *Finch* and because it is undisputed that Sentry is not responsible for any part of the *Finch* judgment. Doc. 1 at ¶¶ 23, 38. Because the Court has declined to exercise subject matter jurisdiction over any non-*Finch* declaratory judgment claims, Zurich's other declaratory judgment claims against Sentry are moot. Thus, Sentry's motion to dismiss will be granted.

It is also highly likely that Sentry is not an interested party because of its insurance buyback with Covil.² However, the Court need not resolve this alternative basis for dismissal.

It is **ORDERED** that Sentry's motion to dismiss, Doc. 301, is **GRANTED**.

_____
UNITED STATES DISTRICT JUDGE

---

² One commentator has described an insurance buyback contract as "an agreement in which a policy holder agrees to terminate all existing claims and make no more claims of any kind . . . under a certain policy . . . in exchange for money from the insurer." Michael Sean King, *The "Insurance Buyback,"* 28 INS. LITIG. REP. 661 (Oct. 6, 2006). The effect of an "insurance buyback" is that the contract between the insured and insurer ceases to exist. *Id.* The former policy owner no longer holds the policy, and "[t]he policyholder is no longer an insured under that policy." *Id.*

3

Case 1:18-cv-00932-CCE-LPA   Document 335   Filed 08/04/20   Page 3 of 3