IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| COVIL CORPORATION, by and through its duly appointed receiver, Peter D. Protopapas,<br><br>*Plaintiff*,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY and USF&G COMPANY,<br><br>*Defendants*. | 1:18-CV-932 |

# ORDER

Covil Corporation, by and through its Receiver Peter D. Protopapas, seeks to realign the parties for the remaining issues. All declaratory judgment issues have been resolved. Doc. 334. With those issues no longer pending, Covil's counterclaims against Zurich American Insurance Company and cross-claims against United States Fidelity and Guaranty Company for unfair and deceptive practices, bad faith, punitive damages, and breach of contract are all that remain for the Court to adjudicate. Realignment of parties around a defendant's counterclaims or cross-claims is proper when the original plaintiff's claims are no longer pending.

The now- primary issue is the Insurers' conduct in handling the *Finch* negotiations and trial. As to those issues, Covil sits in the position of a typical plaintiff. Covil's interests are directly adverse to Zurich and USF&G. Zurich and USF&G are not adverse to each other, and both are fully aligned as defendants in opposing or resisting Covil's

claims. This realignment will also reduce juror confusion, which could easily arise from a case caption that refers to Zurich as the plaintiff.

Realignment also means that the order of proof, opening statement, and closing argument, is simplified and will be in line with the Court's usual practices as set forth in the Local Rules. LR 43.1(a); LR 51.1(a). Covil bears the initial burden of proof on all remaining claims in this case and is therefore entitled to open and close at trial.

In opposition to the motion, Zurich cites only one case, which is not on point. Its arguments about juror confusion are themselves confusing. Its arguments do not outweigh other considerations, which strongly support realignment. Realignment of Covil as plaintiff and Zurich and USF&G as co-defendants is appropriate.

In the Court's discretion and upon consideration of the entire record, including the briefing on the pending motion, it is **ORDERED** that:

1. Covil's Motion to Realign the Parties and Set the Order of Proof at Trial, Doc. 350, is **GRANTED**.

2. Covil is **REALIGNED** as plaintiff and Zurich and USF&G are **REALIGNED** as co-defendants, and going forward, the parties shall use the caption format used in this order.

3. Covil bears the initial burden of proof on all remaining claims and is entitled to open and close at trial, should pending summary judgment motions be denied.

This the 6th day of October, 2020.

UNITED STATES DISTRICT JUDGE